72102

VOLUME ONE
OF
TWO

IN THE COURT OF

CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| STATE OF TEXAS | () | IN THE DISTRICT COURT |
| VS | () | 76-276th JUDICIAL DISTR: |
| BILLY JOE WARDLOW | () | NO. 12,764 |

++++ ++++

This cause appealed from the 276th Judicial District Court Titus County, Texas.  The Honorable Gary R. Stephens presiding;  Lloyd Billups, Court Reporter.

OFFENSE   :  CAPITAL MURDER
SENTENCE  :  DEATH
PLEA      :  NOT GUILTY
DATE      :  OCTOBER,1994

++++ ++++

Appelant's Attorney

Douglas H. Parks
Attorney at Law
5016 McKinney Avenue
Dallas, Texas 75205

**FILED IN**
COURT OF CRIMINAL APPEALS
JUL 3 1 1995
Thomas Lowe, Clerk
++++ ++++

State's Attorney

Richard Townsend
District Attorney
500 Braodnax
Daingerfield,Texas 75638


RECEIVED
JUL 24 1995
COURT OF
CRIMINAL APPEALS

VOLUME ONE

STATE    OF TEXAS                    §          IN THE DISTROCT COURT

VS                                   §          76th-276th JUDICIAL

BILLY JOE WARDLOW                    §          TITUS COUNTY, TEXAS


**** ****


INDEX  FOR

VOLUME ONE

NO.  12,764

| STATE OF TEXAS | & | IN THE DISTRICT COURT |
|---|---|---|
| VS | & | 76-276th JUDICIAL |
| BILLY JOE WARDLOW | & | TITUS COUNTY,TEXAS |

| CAPTION | PAGE |
|---|---|
| INDICTMENT--CAUSE NO. 6986 | 1 |
| CORRESPONDENCE FROM DEFENDANT TO PRESIDING JUDGE | 2 |
| DEFENDANTS MOTION IN LIMINE #1 WITH ORDER | 3-5 |
| DEFENDANTS MOTION FOR APPOINTMENT OF INVESTIGATOR & EXPERT WITNESS WITH ORDER | 6-9 |
| DEFENDANTS MOTION FOR DISCOVERY,PRODUCTION & INSPECTION OF EVIDENCE NO. 1 | 10-18 |
| DEFENDANTS MOTION FOR MENTAL EXPERT WITH ORDER | 19-21 |
| DEFENDANTS MOTION FOR HEARING TO DETERMINE QUALIFICATION OF REPUTATION/CHARACTER WITNESS TO TESTIFY AS TO OPINION OF DEFENDANTS REPUTATION/CHARACTER: TEX.R.CRIM.EVID.405, WITH ORDER | 22-24 |
| DEFENDANTS MOTION FOR COURT REPORTER TO TRANSCRIBE PROCEEDINGS | 25-27 |
| DEFENDANTS PRE-TRIAL MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE | 28-33 |
| DEFENDANTS MOTION FOR LIST OF STATES' WITNESSES, WITH ORDER | 34-38 |
| MOTION IN LIMINE #2 WITH ORDER | 39-40 |
| CORRESPONDENCE FROM JUDGE B. D. MOYE | 41-43 |
| DEFENDANTS MOTION FOR HANDWRITING EXEMPLARS WITH ORDER | 44-45 |
| STATE'S MOTION IN LIMINE, WITH UNSIGNED ORDER | 46-48 |
| STATES MOTION FOR JUVENILE RECORDS | 49-50 |
| CORRESPONDENCE FROM DISTRICT ATTORNEY TOWNSEND | 51-52 |
| INDICTMENT NO.7127 FILED JUNE 10,1994 | -53 |
| ORDER OF COURT TO TRANSFER ALL PAPERS FROM #6986 TO #7127 | -54 |
| ORDER OF COURT TO TRANSFER & CONSOLIDATE ALL PAPERS INTO #7127 | -55 |
| MOTION TO WITHDRAW FILED BY DEFENDANTS' ATTORNEY,WITH ORDER | 56-57 |
| DEFENDANTS MOTION TO ALLOW ATTORNEY TO WITHDRAW & APPOINTMENT OF NEW ATTORNEY | 58-59 |

END OF VOLUME ONE(1)
TIME FRAME-JULY,1993 to JUNE,1994

C A P T I O N

STATE   OF   TEXAS ⟩
COUNTY OF   TITUS ⟩

At a regular term of the 27th Judicial District Court of Titus County
Texas which began in said County on the 1st day of October, 1994 and which
did terminate by law on the 11th day of February,1995:  The Honorable Gary
Stephens, Judge sitting as Judge of said Court, the following proceddings
were had,to-wit:

STATE   OF   TEXAS                        ⟩          IN THE DISTRICT COURT

VS                                        ⟩          76-276th JUDICIAL

BILLY JOE WARDLOW                         ⟩          TITUS COUNTY, TEXAS

++++ ++++

/s/ Bobby LaPrade

District Clerk,Titus County Texas

INDICTMENT IN #6989

16-1984—INDICTMENT—GENERAL—Class 3 (2-62)

Hart Graphics—Austin Texas

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of ___Morris___, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the _____July_____ Term, A. D. 19_93_, of the __76th Judicial__ District Court of said County, upon their oaths present in and to said Court, that BILLY JOE WARDLOW _____, on or about the __14th__ day of __June__, A. D. 19_93_ and before the presentment of this indictment, in said County and State, did then and there  intentionally and knowingly cause the death of an individual, namely, Carl Cole, by shooting the said Carl Cole in the head with a firearm,  and the defendant was then and there in the course of committing and attempting to commit the offense of robbery of Carl Cole,

And it is further presented that the defendant used and exhibited a deadly weapon, to-wit: a firearm, that in the manner of its use and intended use was capable of causing death and serious bodily injury, during the commission of and immediate flight from said offense,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Cindy Hull
Foreman of the Grand Jury.

ORIGINAL

DEFENDANTS REQUEST FOR
NEW ATTORNEY

Cause 6986

93 DEC 20 PM 3:03

Judge Bill Moye;

I was advised by the sheriff to contact you about assigning me a new attorney. I am not very satisfied with my current council that has been appointed to me. I request a new attorney as soon as possible. A letter similar to this has already been sent to the sheriff's office.

Sincerely
Billy Whatlow

Cause Solomon

2

DEFENDANTS MOTION IN
LIMINE #1 WITH SIGNED
ORDER (3 pages)

NO.6986

STATE OF TEXAS                               IN THE DISTRICT COURT

VS.                                          MORRIS COUNTY, TEXAS

BILLY JOE WARDLOW                            276TH JUDICIAL DISTRICT

<u>MOTION IN LIMINE</u>   #1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered
cause and would show the Court that the Defendant believes the
prosecuting attorney will during the course of this trial seek to
allude to certain matters, either during voir dire examination of
the prospective jurors, or by opening statement, questioning of a
witness, testimony, or jury argument.  Said matters are set forth
as follows:

1.  That the Defendant in this case has the right to appeal
the judgment of conviction.

2.  A hearing outside the presence of the jury is necessary
because of a motion or request filed <u>by the Defendant</u> in this case,
thereby placing "blame" upon the Defendant for actions taken by
counsel for the Defendant in accordance with the Defendant's
constitutional and statutory rights.

3.  That the Defendant subsequent to his arrest in this case,
exercised his constitutional right to remain silent and not answer
any questions asked of him by law enforcement officials.

4.  That the Defendant may have made a statement immediately
after he was detained and/or arrested in this cause, to any law
enforcement official.

3

5.   That any witness for the prosecution or the defense, including the accused, has taken or refused to take the polygraph examination and the results of any such polygraph examination.

6.   That the prosecutor represents the family of the victim. <u>Rougeau v. State</u>, 738 S.W.2d 651 (Tex.Cr.App. 1987).

7.   That the Defendant may have been previously convicted of any criminal offense or may have been charged or arrested for any criminal offense or may have any criminal case presently pending against him.

8.   That certain prosecution witnesses may be called to testify that the Defendant has a "bad reputation" in the community or has an unfavorable character trait.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court instruct the prosecuting attorney not to mention, refer to or otherwise bring before the jury either directly or indirectly the matters set forth above without first obtaining a specific ruling from the Court outside the presence of the jury that such reference and testimony is proper and admissible.

Respectfully submitted,

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276 JUDICIAL DISTRICT

O R D E R

The foregoing Motion In Limine having been presented to the Court on this the _18_ day of _May_, 1994, the Court finds that same should be (GRANTED and the prosecuting attorney is hereby instructed not to mention, refer to, or otherwise bring before the jury either directly or indirectly the matters set forth in this Motion In Limine without first obtaining a ruling from the Court outside the presence of the jury that such reference is proper and admissible) (DENIED, to which action of the Court the Defendant duly excepts).

_____
JUDGE

5

DEFENDANTS MOTION FOR APPOINTMENT
OF INVESTIGATOR & EXPERT WITNESS
(4 pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276ST JUDICIAL DISTRICT

MOTION FOR THE APPOINTMENT OF AN INVESTIGATOR AND EXPERT WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Billy Joe Wardlow in the above styled and numbered cause and respectfully moves the court to provide for expenses of investigation and expert testimony pursuant to Article 26.05, Section 1()d) and in support thereof would show the Court as follows:

I.

That the defendant is charged with the felony offense of Capital Murder.

II.

That the Defendant is indigent and without funds to make his own arrangements for retaining of a private investigator or any expert witness.

III.

This Court has appointed Counsel to represent the Defendant in this cause because the Defendant is indigent and without funds to hire counsel.

IV.

That in order to properly prepare this case, Defense Counsel will be required to hire a private investigator to interview numerous witnesses in the Defendant's behalf and to thoroughly investigate the entire case in behalf of the Defendant.

V.

That in addition, the Defendant will need  expert witnesses to examine the evidence in this cause of action.  That heretofore the State has already conducted various tests on said item but because of the indigence of the Defendant herein he is unable to conduct similar test in order to verify the results of same and to assist in his own defense.

VI.

That due to the serious nature of the offense, it is imperative that defense counsel have available a reasonable amount of money to secure the services of a private investigator and an expert witness or in the alternative to have the assurance of this Court that any such reasonable expenses incurred by defense counsel for such a private investigator and expert testimony will be reimbursed by the County.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will authorize reasonable sums of money in order to permit the Defendant to hire a private investigator to assist him in the investigation and preparation of his defense and to hire an expert witness in order to conduct the necessary scientific examinations of evidence in this case and that the Court will authorize and order the County Auditor of Harrison County , Texas, to pay said costs of such services.

Respectfully submitted,

*Vernard Solomon*

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

## CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276st Judicial District Court on February 5, 1994.

*Vernard Solomon*

Vernard Solomon

## ORDER

The foregoing Motion for the Appointment of an investigator and expert witness having been properly presented to the Court and the Court being of the opinion that said Motion should be granted;

It is therefore ORDERED, ADJUDGED and DECREED by the court that the Attorney for the Defendant is allowed to employ an investigator of his choice and the same is hereby appointed as investigator for the Defendant to investigate those areas that are appropriate in assisting Counsel for Defendant in the preparation of the defense, and it is hereby ORDERED that Counsel for Defendant is allowed to employ an expert witness of his choice and the same is hereby appointed as an expert witness to make appropriate tests of the evidence in this cause.

It is further ORDERED that said investigator and expert witness, at the conclusion of their investigation, testing and services, in tendering their statements, be paid for services rendered, or the Counsel be reimbursed, according to law of the State of Texas.

SIGNED on this the ___18___ day of _May_____, 1991.

_Limited to 1,500.00 at this time. addidds motion can be filed_

_____
JUDGE PRESIDING

DEFENDANTS MOTION FOR DISCOVERY &
PRODUCTION & INSPECTION OF EVIDENCE
#1 (10 pages.)

No. 6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURTS

OF MORRIS COUNTY

276TH JUDICIAL DISTRICT

## MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause, under the authority of Article 39.14 C.C.P., and makes this his Motion for Discovery, Production and Inspection of Evidence No. 1, and in support thereof would show the Court as follows:

1. All confessions, admissions and statements, in writing, signed by the Defendant, in connection with this offense with which the Defendant is hereby indicted.

2. All confessions, admissions and statements oral in nature and set down and preserved under Article 38.22 of the Texas Code of Criminal Procedure, made by the Defendant in connection with the offense with which the Defendant is hereby indicted.

3. All oral, written and recorded statements of the Defendant, and memoranda of said statements made to any investigating officer or any member of any law enforcement agency, or to any third party, which is in the possession of within the knowledge of the District Attorney's Office or any agent thereof, including any law enforcement agency.

4. All handwritten and typed notes made by all law enforcement officers prior to, during and after the Defendant was interrogated; or in the alternative, that all said handwritten and typed notes be accurately preserved and maintained by said law enforcement officers until the trial of this cause in order that same may be available to the Court and the jury on the issue of the voluntariness of the Defendant's statements.

5. All handwritten and typed notes of the police officers who investigated and participated in any manner in this case.

6. The names of all suspects who were interrogated and/or arrested in conjunction with this offense, including their respective names, addresses, telephone numbers, occupation, physical descriptions and photographs (or mug shots).

7. Any statements, whether written or oral, by the Defendant, all Co-Defendant(s), and Co-conspirator(s), either indicted or unindicted, which the State of Texas intends to introduce to show the existence of a conspiracy or evidence of acting in concert, the date of such statements or evidence, the time of such statements or evidence, and the place where such statements or evidence took place.

8. All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner be material to the innocence of the Defendant or to the punishment, if any, to be set in this case.

9. A written transcription of the testimony of all of the witnesses who appeared and testified before the Grand Jury regarding the facts of this case; or, in the alternative, that the Court order the prosecutor to immediately order said transcription of all of said testimony in order that it will be available and in the possession of the prosecutor at the time of trial. In further support of this request, the Defendant submits the following particularized needs:

a. To cross examine and impeach said witness;
b. To discover prior inconsistent statements;
c. To test the credibility of said witness;
d. To test recollection of said witness.

10. All objects and tangible property alleged by the State to have been taken or used by the Defendant or any Co-Conspirator during the course of the commission of the offense with which the Defendant is herein indicted.

11. All weapons alleged by the State to have been used by the Defendant, each Co-Defendant and each Co-Conspirator in the commission of the offense with which Defendant is herein indicted.

12. All articles of clothing, including shirts, pants, undergarments and shoes allegedly belonging to the Defendant and to the Decedent.

13. All contraband drugs, controlled substances and paraphernalia which were seized as a result of the investigation of this case in order to permit the Defendant to have an opportunity to examine the same and to obtain an expert to examine, test, weigh and inspect said evidence. C. Detmering v. State, 481 S.W. 2d 618.

14. All documents, papers, books, accounts, letters, objects and tangible things which are the property of the Defendant and which are in the possession, custody and control of the prosecutor.

15. All documents, papers, books, accounts, letters, objects and tangible things which are in the possession, custody and control of the prosecutor as a result of the investigation in this case and which are material evidence in this case as to the Defendant's innocence, or as to the punishment, if any.

16. The written waiver alleged by the State to have been signed by the Defendant concerning the Defendant's right to counsel prior to the making of any written and oral statements by the Defendant.

17. The written consent to search the Defendant's (person, residence, automobile) alleged by the State to have been signed by the Defendant prior to the search and seizure of said (person, residence, automobile).

18. The search warrant and arrest warrant and affidavits in support thereof, used by law enforcement authorities to enter the Defendant's (person, residence, automobile).

19. All photographs, drawings and charts made by the agent of the District Attorney's Office or any law enforcement agency, which were made with reference to this case, including but not limited to all photographs, drawings, and charts of the scene of the crime and the scene of the Defendant's arrest.

20. All photographs of the Decedent, whether taken at the scene of the alleged offense, at the scene where the Decedent was discovered or at the time the autopsy was performed.

21. All photographs of the Defendant which were used in conjunction with the investigation of this case, including any photograph which may have been shown by any law enforcement officer to any potential witness in this case.

22. All fingerprints, palm prints, footprints, and reports conducted with respect to said prints, alleged by the State to have been made by the Defendant, each Co-Defendant and each Co-Conspirator, in the commission of the offense with which the Defendant is herein indicated.

23. All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment or comparison, including but not limited to reports pertaining to drugs and controlled substances.

24. All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment or comparison, including but not limited to reports pertaining to weapons, bullets, shots, waddings, cartridge cases, tool marks, blood, breath, hair, threads, drugs and controlled substances.

25. All autopsy reports based on an examination of the Decedent.

26. All medical reports which show or tend to show the physical condition of the Decedent (complainant) at or about the time of the commission of the alleged offense.

27. The blood type of the Decedent (complainant).

28. All medical and psychiatric reports submitted by any doctor, psychiatrist or psychologist at the request of the State of the Court in conjunction with all examination of the Defendant, the Decedent, and all State's witnesses.

29. All evidence as to the incompetency of the Defendant to stand trial which is in the possession of or within the knowledge of the District Attorney's Office or any of its agents.

30. All evidence as to the insanity of the Defendant at the time of the alleged commission of the offense charged herein, which is in the possession of or within the knowledge of the District Attorney's Office or any of its agents.

31. All photographs made of all line-ups conducted in this case, including the line-up wherein the Defendant was one of the participants.

32. The police form used by law enforcement authorities to identify all participants in the line-up wherein the Defendant was a participant, which includes information as to each participant in the line-up and as to each witness who was present at said line-up.

33. A copy of the witness' line-up identification form given to each witness who attended the line-up wherein the Defendant was a participant in this case.

34. The prior criminal record of the following persons:

    a.   The Defendant;
    b.   Each Co-Defendant;
    c.   Each Co-Conspirator
    d.   The Decedent;
    e.   Each informant;
    f.   All State's witnesses;

including all arrests and convictions, whether as a juvenile or as an adult, including but not limited to:

    i.    All felony convictions and all misdemeanor convictions involving moral turpitude which have occurred in the last ten years;

    ii.    All felony convictions and all misdemeanor convictions involving moral turpitude which have resulted in a suspended sentence which has not been set aside;

    iii. All felony and misdemeanor cases which have resulted in the person being placed on probation, wherein the period of probation has not expired; and

    iv.   All pending felony and misdemeanor offenses.

That the State should be ordered to request the proper law enforcement authorities to obtain a full and complete criminal record of all such witnesses and reveal same to the Defendant and the State should not be permitted to respond to this motion by advising the Court that the prosecutor does not have any indication in his file of any prior criminal record of such witnesses.

35.   A written specification of all prior misconduct and evidence of extraneous offense(s) which the State intends to use against the Defendant, which specification should include the date, time, place an nature of such misconduct and/or extraneous offense(s), in order to fully apprise and notify the Defendant of all such evidence and thus permit the Defendant adequate time to challenge its relevancy, materiality, and probative value prior to trial and to prepare a defense as to such State's evidence.

36.   The prosecutor should be required to identify the location of recovery of all of the items provided to the Defendant pursuant to this motion for discovery. Such information is necessary to determine whether or not such evidence is objectionable at the time of trial on the grounds that the evidence has not been properly identified or that the chain of custody has not been properly proved or that the evidence was taken in violation of the Defendant's rights under the laws and Constitution of the State of Texas and the Constitution of the United States.

37.   That the State forthwith make inquiry and disclose all of the following within the possession, custody or control of the State, or the existence of which is known or by the Exercise of due diligence could become known to the State;

    a.   All records and information showing a prior criminal record in state or federal courts of all state's

witnesses.   Prior criminal records shall mean (1) all convictions for felonies and misdemeanors, including but not limited to those misdemeanors involving crimes of moral turpitude;  (2) all pleas of guilty or nolo contendere which resulted in dispositions of "deferred adjudication"; (3) all felony, misdemeanor, and juvenile arrests: (4) all juvenile adjudications.

b.   All records and information revealing prior misconduct or bad acts attributed to all State's witnesses.

c.   All "consideration" or promises of "consideration" given to or on behalf of all State's witnesses or expected or hoped for by said State witnesses.  By "consideration", the Defendant refers to <u>absolutely anything</u>, whether bargained for or not, <u>which arguably could be of value</u> or use to a witness or to persons of concern to the witness, <u>including</u> but not limited to formal or informal, direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal action, parole, probation, communication of sentence, pardon, clemency, civil or administrative dispute, criminal, civil, or tax immunity, grants or money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, or housing arrangements, transportation, legal services, employment or other benefits; placement in a "witness protection program' informer status of the witness; and anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the State or against the defense or act as an inducement to testify or to color testimony.

d.   All documents, records, memoranda and notes reflecting "consideration" as set forth in Paragraph c above.

e.   Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with plaintiff or over which plaintiff has real, apparent or perceived influence.

f.   The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

g.   The existence and identification of each occasion on which each witness who was or is an informer, accomplice,

co-conspirator, or expert has testified before any Court, Grand Jury, or other tribunal or body.

h.   Any and all personnel files of the witness, the existence and identity of all federal, state and local government files of the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

i.   Any and all other records and/or information which arguably could be helpful or use full to the defense in impeaching or otherwise detracting from the probative force of the State's evidence or which arguably could lead to such records or information.

j.   The same records and information requested in items a through i above with respect to each non-witness declarant whose statements are offered in evidence.

38.   The true name and location of the informer upon whose information was predicated any part of the evidence of the Defendant's guilt or innocence, or the probably cause for the Defendant's arrest, search and/or seizure of evidence in this case, and/or the extent of the Defendant's participation in the alleged offense, if any, such as would mitigate the extent of punishment imposed in this cause, and as grounds therefor the Defendant states upon information and belief the following:

a.   The informer in this cause:  (1) participated in the commission of the alleged offense; and/or (2) is criminally responsible as a party to the offense with which the Defendant is charged; and/or (3) took a material part in bringing about the offense with which the Defendant is charged; and/or (4) was present at the time of the occurrence of the offense with which the Defendant is charged.

b.   The informer is a material and probative witness as to (1) the transactions; and/or (2) whether or not the Defendant knowingly committed the offense; and/or (3) the issue of the existence of this Defendant's defense herein of entrapment as a matter of law, and/or fact; and/or (4) the main issue of the guilt or innocence herein of the Defendant; and/or (5) if the Defendant is found guilty, to the proper assessment of punishment, because of the informer's knowledge of the entire transaction and the extent of the Defendant's participation therein as compared to the involvement of the other Co-Defendants and Co-Conspirators.

c.   The informer's identity is necessary to the Defendant's presentation of proof that the offices: (1) did not rely upon credible information supplied by a reliable informer in this search and arrest; (2) were mistaken in identifying this Defendant as the accused.

d.   A serious discrepancy in the testimony of a crucial State witness during the trial herein will necessitate the informer's testimony to corroborate or to impeach or to disprove the State's allegations herein of probably cause and of the Defendant's guilt.

e.   The identity, address and present location of said informer is not privileged information. That the Defendant's request is reasonable and that the District Attorney has always been in possession of said information and can readily furnish same through the Defendant, but has always failed and refused to do so notwithstanding previous requests for said information.

f.   That the Defendant does not actually know the true identity or the address or present location of said informant nor through the exercise of reasonable diligence could the Defendant learn the identity, address and present location of said informer.

g.   To deprive the Defendant of the identity of the informer, whose true identity and location the Defendant does not know, will deny Defendant the rights to (1) present witnesses in his favor; (2) present this defense at both the trial and the preliminary probable cause hearing herein; (3) prove this innocence herein at the trial herein; (4) cross-examine and confront his accusers; (5) effective assistance of counsel; (6) a fair trial and (7) if the Defendant is found guilty, a roper sentence, all in violation of the Defendant's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Article I, Section 19 of the Constitution of the State of Texas and Article 1.04 C.C.P.

h.   The testimony of the said informant provides the "main bulk" of the evidence to be used to establish probably cause of action. Disclosure of the informer's identity and testimony is significant to the Defendant's ability to prepare and present his defense to the charges alleged herein.

i.   This is a continuing motion requesting said disclosure of the Defendant's identity prior to trial and, if denied there, at the earliest time possible, once the State or any of its agencies or employees is made aware that this Motion is meritorious and should have been granted.

II.

In further support hereof, the Defendant would show this Court that the production of all of the above evidence is the only fair and proper method of showing the good faith of the District Attorney in this case, the truth of all such matters which the District Attorney intends to introduce into evidence against the Defendant, and to insure that the Defendant has adequate time to inspect, examine, and test all of such evidence for its respective validity, authenticity and identity.

III.

In support of this motion, the Defendant would show the Court as follows:

1.   The items requested are in the exclusive possession, custody and control of the State of Texas or the United States Government by and through its agents, the police or the prosecuting attorney's office, and the Defendant has no other means of ascertaining the disclosures requested.

2.   The items requested are not privileged.

3.   The items and information are material to this cause and the issues of guilt or innocence and punishment to be determined in this case.

4.   The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5.   That absent such discovery, the Defendant's rights under Article 39.14, C.C.P., Article I, Section 10 of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America will be violated, to his irreparable injury and thus deprive the Defendant of a fair trail herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant this the Defendant's Motion for Discovery and Inspection of Evidence in all things, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this Motion will be in all things granted.

Respectfully submitted,

*Vernard Solomon*

Vernard G. Solomon
306 West Houston
Marshall, Texas 75670
214 938-4555
Bar #18835000

## CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276st Judicial District Court on February 5, 1994.

*Vernard Solomon*

Vernard Solomon

*[handwritten note:]* Granted by agreed & obj. to df state such & obj. to any probable item — must bring it to attention of court w/in 2 weeks of this order, df state's response to request & that no said evidence exists or is not in their possession such notation should be made —

*[signature]*

5/18/94

18

DEFENDANTS MOTION FOR MENTAL
EXPERT TO BE RETAINED & ORDER
( 3 pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276TH JUDICIAL DISTRICT

DEFENDANT'S MOTION FOR MENTAL EXAMINATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his counsel of record and shows the following:

I.

The defendant is currently incarcerated in the County Jail of Morris County charged with the offense of Capital Murder and the below signed attorney has been appointed to represent the Defendant because the court has found him to be an indigent under the law.

II.

It is the intention of the attorney for the defendant to present evidence, if necessary, during the trial that would relate to the issues contained in the <u>Penry</u> decision by the United States Supreme Court.

III.

Evidence of this nature can only be supported by testimony of qualified experts obtained through mental examinations, both physical and mental.

19

IV.

That it is necessary for the Court to appoint a qualified expert at county expense to conduct a mental examination of the Defendant and in this regard the counsel for the Defendant hereby requests that the Court ~~appoint~~ Dr. _Linda M. Ingraham_ of _Dallas_ County to perform said examination. _See_ Article 46.02, Section 3(h) C.C.P; Article 26.05, Section 1(d) C.C.P.

WHEREFORE, PREMISES CONSIDERED, the Defendant by and through his counsel of record respectfully prays that this Honorable Court will grant all relief sought herein.

Respectfully submitted,

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276st Judicial District Court on February 5, 1994.

Vernard Solomon

20

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276 JUDICIAL DISTRICT

ORDER

On this the 1 8 day of Mu, 1994, came to be heard

the defendant's Motion ~~for the appointment of~~ expert witness for to return and

the purpose of mental examination/ and the court heard both the as a member of the Defense team

defendant and the State concerning the same;

IT IS THEREFORE ORDERED that the Motion is granted and that ____

Dr. _LINDA M. INGRAHAM_ of _DALLAS_ County ~~is hereby~~ may be returned

~~by Defense~~ ~~appointed~~ to do a examination of the defendant at the direction of

the attorney for the defendant and report the same only to the

attorney for the defendant, and that the expense of said

examination will be paid by the county responsible by order of the

court. Court limit expenses to

$ 2,500.⁰⁰ at this time.

_____

Judge Presiding

5/18/54

MOTION FOR HEARING ON
QUALIFICATIONS WITH ORDER
(3 pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276TH JUDICIAL DISTRICT

MOTION FOR HEARING TO DETERMINE QUALIFICATION
OF REPUTATION/CHARACTER WITNESS TO
TESTIFY AS TO OPINION OF DEFENDANT'S
REPUTATION/CHARACTER; TEX.R.CRIM.EVID. 405

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant, by and through hIS attorney of record, who pursuant to the provision of Tex.R.Crim.Evid. 405, files this Motion to require the State to establish whether any proposed reputation/character witness is in fact qualified to testify as to any opinion concerning the reputation/character of the defendant.

Further, since the said evidence is only admissible when the reputation and/or character of the defendant has been put in issue, the defendant requests that the State advise the defendant and the Court of the purpose of the introduction of said evidence outside the presence of the jury prior to its offer, in order that the defendant may insure that the evidence is in fact admissible under Tex.R.Crim.Evid. 405, and if found admissible, to insure that the evidence is restricted to its proper scope and that the jury be so instructed pursuant to the express requirements of Tex.R.Crim.Evid. 105 (a).

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the Court require the State to disclose any evidence of opinion as to the reputation and/or character of the

defendant it intends to offer in this case. Further, the defendant respectfully requests that, after said disclosure, the Court exclude the proffered evidence of opinion as to the reputation and/or character of the defendant and rule same inadmissible in the trial of this cause, or in the alternative, that the Court hold a hearing, prior to the trial of this cause, to determine the admissibility of the testimony concerning the said matter and that after said hearing, that the Court exclude the proffered evidence of said matters, or in the alternative, if the Court permits the introduction of the said testimony, that the Court inquire of the State the purpose of its admission and, thereafter, that the Court instruct the jury that this evidence is admitted for the said limited purpose and that said evidence may only be considered for the purpose for which it was admitted.

Respectfully submitted,

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276st Judicial District Court on February 6, 1994.

Vernard Solomon

23

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276 JUDICIAL DISTRICT

ORDER

On this the 18 day of _____, 1994, came on to be heard the above and foregoing Defendant's Motion for Hearing to Determine Qualification of Reputation/Character Witness to Testify as to Opinion of the Defendant's Reputation/Character; Tex.R.Crim.Evid. 405, and the same is hereby:

(1) GRANTED in all things._____

(2) DENIED in all things, to which action of the Court the defendant durly excepts._____

(3) GRANTED in the following respects:_____

_____

_____

_____

SIGNED this the 18 day of _____, 1994.

_____
JUDGE PRESIDING

34

DEFENDANTS MOTION TO
TRANSCRIBE PROCEEDINGS
(3 pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

!276ST JUDICIAL DISTRICT

**DEFENDANT'S MOTION FOR COURT REPORTER**

**TO TRANSCRIBE PROCEEDINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause and submits the following:

I.

The Defendant respectfully requests this Court to instruct the Court Reporter of this Court to take down in shorthand or by any other method to record all proceedings held in this cause including but not limited to the following:

a. All testimony and evidence adduced at all pretrial hearings in this cause.

b. The entire voir dire examination of the jury panel during the trial of this cause on the merits.

c. All opening statements by counsel for the prosecution and counsel for the Defendant during the hearing on guilt/innocence, all objections made thereto and the rulings of the Court hereof.

d. All testimony of any and all witnesses during the guilt/innocence hearing and the punishment hearing, if any.

e. The contents of all recordings which are played during the trial o this cause before the jury and/or the Judge.

f. The contents of all exhibits which are read by any witness or by counsel, to the jury and/or to the Court.

25

g.  All testimony adduced at hearings held outside the presence of the jury during the guilt/innocence hearing and the punishment hearing, if any.

h.  All communications between the Court and the Jury during the guilt/innocence hearing and the punishment hearing, if any.

i.  All arguments made to the jury by counsel for the prosecution and counsel for the Defendant during the guilt/innocence hearing and the punishment hearing, if any.

j.  All objections made by Defense Counsel and the District Attorney, and all rulings of the Court thereon, during the pretrial hearings, the hearing to determine the guilt/innocence, and the punishment hearing, if any.

k.  All objections to the charge of the Court made by Defense Counsel and the District Attorney, during the guilt/innocence hearing and the punishment hearing, if any, an all rulings of the Court with respect thereto.

l.  All bills of exception, evidence and testimony introduced thereon and the ruling of the Court.

m.  All conferances that take place at the bench.

II.

In support of the Defendant's motion, the Defendant submits that Article 40.09(4) C.C.P. is a mandatory statute and it requires that whenever a request for a Court Reporter is made, the refusal to furnish the Court reporter and require a transcription of the foregoing proceedings is per se prejudicial; harm need not be shown. <u>Soto v. State,</u> 761 S.W. 2d 43 (Tex. Cr. App. 1984).

26

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will order the Court Reporter to record all proceedings requested herein.

Respectfully submitted,

*Vernard Solomon*

Vernard G. Solomon
306 West Houston
Marshall, Texas 75670
214 938-4555
Bar #18835000

CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276st Judicial District Court on February 5, 1994.

Vernard Solomon

GRANTED _____
DENIED _____, to which action of the Court the Defendant excepts.

27

PRETRIAL MOTION FOR DISCLOSURE
OF EXULPATORY EVIDENCE WITH
ORDER (6 pages)

NO.6986

STATE OF TEXAS                                    IN THE DISTRICT COURT

VS.

BILLY JOE WARDLOW                                 MORRIS COUNTY, TEXAS

                                                  276TH JUDICIAL DISTRICT

DEFENDANT'S PRE-TRIAL MOTION FOR

DISCLOSURE OF EXCULPATORY EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW the defendant in the above styled and numbered
cause and, in the interest of brevity, moves this Court for an
order compelling the prosecution to disclose prior to trial so as
to allow defense counsel an opportunity to effectively utilize such
information, any and all information or evidence, tagible or
intagible, relating directly or indirectly to the exculpation,
mitigation, or impeachment of potentially related thereto, or
possibly leading to information or evidence relating to
exculpation, mitigation, or impeachment, whether tangible or
intangible, including but not limited to the following speifically
enumerated items whether such items are currently or at any future
date within the prosecution's possession or control:

        1.   With respect to any witnesses the prosecution may call
at trial, the following information:

                (a)   names and addresses of all such persons;

                (b)   any federal or state convictions and pending or
                      dismissed indictments, informations and complaints
                      and, if any are dismissed, then the reasons for
                      such dismissals;

28

(c)   any federal or state arrests, and the records thereof;

(d)   any federal or state prison records;

(e)   whether any such person has been hospitalized for psychiatric or emotional disorders, and, if so, the names of any institutions involved and the dates of any hospitalizations;

(f)   whether any such person has been hospitalized for alcoholism or drug abuse, and if so, the names of any institutions involved and the dates of any hospitalization;

(g)   whether any such person has been otherwise treated for psychiatric or emotional disorders, alcoholism, or drug abuse, and, if so, any and all reports relating to such condition;

(h)   whether the veracity of any such person has been submitted to polygraph or other veracity-probing examination, and, if so, the full results of such examinations;

(i)   any informaion of criminal conduct although such person has not been arrested, indicted or otherwise charged for such conduct;

(j)   any evidence of physical infirmity of any such person, along with the results and reports of same, which infirmity might affect said person's ability to perceive or recall, or otherwise affect his credibility;

(k)  any evidence tending to show that the reputation of any such person for truthtelling is bad;

(l)  whether any such persons have been witnesses at any other trial and a transcript of such testimony;

(m)  any inconsistent statements of any such person, statements of bias or prejudice against the defendant by such persons, and admissions of prior memory or lack of knowledge by any such persons;

(n)  any evidence inculpating other in the offenses charged.

2.  With respect to any witness or evidence presented before the grand jury, the following:

(a)  any statements of bias or prejudice against the defendant;

(b)  any testimony by a grand jury witness inconsistent with any previous trial testimony such person may have given;

(c)  any testimony by a grand jury witness inconsistent with the testimony of other grand jury witnesses;

(d)  any testimony by a grand jury witness inconsistent with any previous grand jury testimony given by such witness;

(e)  any testimony of a grand jury witness inconsistent with any statement, written or oral, known to the State;

(f)  any evidence, other than testimony, presented before the grand jury inconsistent with the testimony of any grand jury witness;

(g)  any grand jury evidence, other than testimony, inconsistent with that presented at other trials;

(h)  any grand jury evidence, other than testimony, inconsistent with any other grand jury evidence;

(i)  admissions of poor memory or lack of knowledge by a grand jury witness;

(j)  any testimony of a grand jury witness tending to show defendant was not involved in the offenses charged;

(k)  failure of any grand jury witness to inculpate defendant, where such witness was in a position to have known of defendant's involvement, if any, in the offenses charged;

(l)  any testimony or evidence before the grand jury inculpating others in the offenses charged;

(m)  names and addresses of any grand jury witnesses invoking the right against self-incrimination before the grand jury; the number of times each witness invoked such privilege; and the circumstances surrounding each such invocation.

3.  The results reports and opinions from examinations, tests, and experiments on physical items and evidence.

4.   Any information which the prosecution has or later obtains that in any way indicates that any statement or testimony of a witness or other person is false or misleading.

5.   Any memoranda, documents, or statements used by the prosecution during the investigation of this case.

This request is expressly intended to encompass any and all such evidence or information of the above-described character that may come within the possession, or to the attention of the State subsequent to this request.

The disclosure of such evidence to the defendant is vital and material to the preparation of an adequate defense, and in the event that the defendant is deprived of the evidence as set out above, the defendant will be denied due process of law and the fundamental right to a fair trial.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully prays that this Honorable Court enter an order compelling the prosecution to disclose and, in the case of a tangible item, to produce for inspection and copying by the defendants, all evidence in the possession of or subject to the control of the government or others, when the evidence may be favorable, exculpatory, or mitigating to the defendant and material to the issue of guilt or punishment, or could reasonably weaken, affect, or impeach any evidence proposed to be introduced against the defendant, or is relevant to the subject matter of the indictment, and for any other and further relief as this Court may deem appropriate.

Respectfully submitted,

*Vernard H. Solomon*

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276th Judicial District Court on February 2, 1994.

*Vernard Solomon*
------------------------
Vernard Solomon

DEFENDANTS MOTION FOR LIST OF
STATES WITNESSESS WITH ORDER
(5 pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276TH JUDICIAL DISTRICT

## DEFENDANT'S MOTION FOR LIST OF STATE'S WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now the Defendant by and through his attorney of record and respectfully submits the following:

I.

The Defendant respectfully requests this Honorable Court to instruct the prosecution to submit to counsel for the Defendant a written list of the name, addresses, and phone numbers of all witnesses and potential witnesses whom the prosecution expects to call to testify in this case as to:

a. Any fact connecting or tending to connect the Defendant to the commission of the alleged offense herein;

b. Any fact connecting or tending to connect the Defendant to the commission of any and all other offenses which the prosecution intends to prove up during this trial;

c. Any expert opinion, including but not limited to opinions as to ballistics tests, autopsy reports, laboratory analysis as to narcotics and/or dangerous drugs, intoxication of the accused and/or any other witness, mental capacity of the Defendant as to competency and/or sanity, physical condition of any witness including the Complainant based upon a medical examination and/or medical report, handwriting comparisons, fingerprint examinations, fabric tests, blood type analysis, polygraph examinations, value, or the character and/or reputation of the Defendant as to truth and veracity or as to the peaceful and law abiding reputation;

d. As to any fact, as a rebuttal witness, to refute the Defendant's defense of self defense and\or accident;

34

e.  The character and/or reputation of any witness, including the accused whom the State intends to call or could possibly call to testify in this trial against the Defendant during any phase of this trial, to-wit:

1.  during the State's case in chief on the issue of whether the Defendant is guilty as charged in the indictment;

.2.  During any rebuttal testimony of the State;

3.  During the punishment hearing, if any.

II.

Under Article 20.20 C.C.P. the prosecution is obligated to endorse upon the indictment the names of the witnesses upon whose testimony said indictment was found.

III.

Articles 35.14 and 35.16 C.C.P. authorize preemptory challenges and challenges for cause.

Article 35.14 C.C.P. provides in part that:

"(b)  In non-capital felony cases, the state and defendant shall each be entitled to ten preemptory challenges.  If two or more defendants are tried together each defendant shall be entitled to six preemptory challenges and the State to six for each defendant."

Article 35.16 C.C.P. provides in part as follows:

"(a)  A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury.  A challenge for cause may be made by either the State or the defense for any one of the following reasons: . . .

6.  That he is a witness in the case; . . .
9.  That he has a bias or prejudice in favor of or against the defendant;
10.  That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his actions in finding a verdict.

To ascertain whether this cause of challenge exists, the juror shall first be asked whether in his opinion, the conclusion so established will influence his verdict.  If he answers in

the affirmative, he shall be discharged without further interrogation by either party or the court.  If he answers in the negative, he shall be further examined as to how his conclusion was formed, and the extent to which it will affect his actions; and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and if the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case.  If the court, in its discretion, is not satisfied that he is impartial, the juror shall be discharged . . . ."

(c)  A challenge for cause may be made by the defense for any of the following reasons:

(1)  that he is related within the third degree of consanguinity or affinity to the person injured by the commission of the offense, or to any prosecutor in the case; and

(2)  that he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor."

In order to permit the Defendant herein to exercise in an intelligent manner his preemptory challenges and his challenges for cause, it is necessary for the prosecution to submit a complete written list of the witnesses requested above in order that counsel for the defendant may inquire of the prospective jurors as to whether or not, among other things, said prospective jurors know, are related to or have heard of any of said witnesses by name or reputation, and if so, whether this knowledge would affect his or her respective judgment and/or verdict in this cause.  If the Defendant is not given a complete list of the names of said witnesses as requested, the Defendant will be precluded from determining whether or not any prospective juror has a bias or

prejudice against the Defendant and/or in favor of the prosecution, and thus will be deprived of intelligently exercising the preemptory challenges to which the Defendant is entitled, and further, the Defendant will be precluded from intelligently exercising his challenges for cause.

IV.

That in the event the prosecution during the trial of this cause attempts to elicit the testimony from a witness whose name has not been previously disclosed to the Defendant prior to the voir dire examination of the jury panel, the Defendant requests this Court to prohibit the prosecution from using the testimony of any such witness if the Court finds that the prosecution knew or through the exercise of reasonable diligence should have known of the existence of such a witness and thus should have included the name of such witness on the list of witnesses submitted to the Defendant prior to the voir dire examination.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will require a complete written list of all witnesses as requested above.

Respectfully submitted,

Vernard G. Solomon
306 West Houston
Marshall, Texas 75670
903 938-4555
Bar #18835000

37

CERTIFICATE OF SERVICE

The undersigned certifies that a correct copy of the foregoing document has been mailed, postage prepaid, to the office of the District Attorney for the 276th Judicial District Court on February 2, 1994.

*Vernard Solomon*

-------------------------
Vernard Solomon

ORDER

On this day came on to be considered the Defendant's Motion For List of State's Witnesses.  The Court having examined the pleadings makes the following order:

IT IS ORDERED that the Defendant's Motion for List of State's Witnesses is (Granted) (Denied, to which action of the Court the Defendant excepts.)  By agreed

Signed this 5 day of May , 19 94 .

*[signature]*
-------------------------
PRESIDING JUDGE

38

DEFENDANTS MOTION IN
LIMINE # 2(2pages)

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276ST JUDICIAL DISTRICT

MOTION IN LIMINE #2

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant and moves the Court as follows:

Defendant requests the Court to instruct the District Attorney
and his Assistants not to engage in any name calling of the
Defendant, but rather to refer to him only by his Christian and
surname, the "Defendant", or the "Accused".

Movant would show that the use of any other name could only
be for the purpose of attaching derogatory and satirically
flattering labels to the Defendant and same would be prejudicial
and likely to create bias against the Defendant before the jury
which would prevent him from obtaining a fair trial.

Respectfully Submitted,

Vernard G. Solomon
306 West Houston
Marshall, Texas 75670
214 938-4555
Bar #18835000

39

ORDER

The Court having considered the foregoing Motion, same is hreby (GRANTED) in all things) (DENIED, to which action of the Court the Defendant excepts).

_____
PRESIDING JUDGE

40

CORRESPONDENCE FROM
JUDGE MOYE (3 pages)
TO ATTORNEYS

B. D. MOYE
Judge, 76th Judicial District
P.O. Box 1122
Mt. Pleasant, Texas 75456-1122
903-577-6736

February 8, 1994

Welton Walker
District Clerk
Morris County Courthouse
500 Broadnax
Daingerfield, TX  75638

Re:   Cause No. 6986
      J. Billy Joe Wardlow

Dear Mr. Walker:

Please file the  original of  this letter in  the papers  of
this cause and send copies to all the attorneys of record.

Very truly yours,

B. D. MOYE
Judge, 76th Judicial District

BDM/js

*Copies distributed
2-9-94
WW*

41

B. D. MOYE

Judge, 76th Judicial District

P.O. Box 1122

Mt. Pleasant, Texas 75456-1122

903-577-6736

February 8, 1994

Vernard Solomon
Attorney at Law
306 W. Houston
Marshall, TX  75670

Richard Townsend
District Attorney
Morris County Courthouse
500 Broadnax
Daingerfield, TX  75638

Re:  Cause No. 6986
     J. Billy Joe Wardlow

Gentlemen:

I have set no deadline for filing pre-trial motions in this case since it was my understanding from talking to Mr. Solomon the other day that they would be filed shortly. It is my understanding from talking to Judge Porter yesterday that they have not yet been filed. The parties are therefore ordered to file the same on or before March 15, 1994.

As I have heretofore advised you, I will hear all pre-trial matters whether or not I obtain a visiting Judge to try the case-in-chief.

My only reason for not wanting to hear the case is because listening to jury selection for 4 or 5 weeks in a capital case drives me up the wall, which is not exactly a legal basis for recusal. I will therefore not recuse unless I can be an asset to the other counties in my district during the trial. My decision will rest on where the case will be tried and whether I can obtain a Judge during an acceptable time period. What I am striving for is a time and place which will not conflict with any of our courts regularly scheduled dockets so that I can be available to try those cases.

Very truly yours,

B. D. Moye

B. D. MOYE
Judge, 76th Judicial District

42

BDM/js

cc:   William R. Porter
      276th District Court
      P. O. Box 480
      Daingerfield, TX   75638

MOTION FOR HANDWRITING
EXEMPLARS WITH ORDER
(2 pages)

CAUSE NO. 6986

THE STATE OF TEXAS                    §    .   IN THE ____TH JUDICIAL DISTRICT

VS.                                   §        COURT OF

BILLY JOE WARDLOW                     §        MORRIS COUNTY, TEXAS

**FILED FOR RECORD**
AT _____ O'CLOCK __M

MOTION FOR HANDWRITING EXEMPLARS

TO THE HONORABLE JUDGE OF SAID COURT:

MAY 1 0 1994

COMES NOW, THE STATE OF TEXAS, represented by Richard Townsend,
District Attorney, this the 20th day of April **WELTON WALKER, DISTRICT CLERK**
moves that the defendant, ____BILLY JOE WARDLOW____ BY:____S. Price____ the DEPUTY
ordered to submit to the State, in his own normal and usual hand-
writing, the following:

1.   "Our London business is good, but Vienna and Berlin
     are quiet.  Mr. D. Lloyd has gone to Switzerland, and
     I hope for good news.  He will be there for a week at
     1396 Zermott St. and then goes to Turlin and Rome and
     will join Col. Parry and arrive at Athens, Greece, Nov.
     17th or Dec. 2nd.  Letters there should be addressed King
     James Blvd. 3580.  We expect Chas. E. Fuller Tuesday.
     Dr. L. McQuaid and Robert Unger, Esq., left on the "Y.X."
     Express tonight and paid $12.34 for tickets."

2.   Four samples of the English alphabet, two samples to be
     in upper case letters and two samples to be in lower case
     letters.

3.   Two samples of arabic numerals 1 through 10.

4.   Twenty (20) samples of his signature as Billy Wardlow and
     Billy Joe Wardlow                    (Signature as signed).

Respectfully submitted,

_Richard Townsend_
Richard Townsend
District Attorney
Morris County, Texas

Hearing on this Motion order to be heard on the __18__ day of
____May____, 1954, at __1:30__.

_Judge Presiding_

44

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion for Handwriting Exemplars has been mailed to Vernard Solomon, Attorney at Law, 306 W. Houston, Marshall, Texas  75670 on this the _10th_ day of May, 1994.

Richard Townsend
District Attorney
Morris County, Texas

ORDER

On this day the Court considered the State's Motion for Handwriting Exemplars and finds that it should be   GRANTED  /  ~~DENIED~~

Signed this _18_ day of _May_, 1994.

Judge Presiding

FILED FOR RECORD
AT _4:00_ O'CLOCK _P_ M

MAY 1 8 1994

WELTON WALKER DISTRICT CLERK
BY:_____DEPUTY

45

DEFENDANTS MOTION IN
LIMINE WITH UNSIGNED ORDER
(3 pages)

FILED FOR RECORD
AT __:__ O'CLOCK __.M

NO. 6986

MAY 1 0 1994

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 76/276TH JUDICIAL |
| VS. | * | DISTRICT COURT WELDON WALKER DISTRICT CLERK |
| | | BY: _____ DEPUTY |
| BILLY JOE WARDLOW | * | MORRIS COUNTY, TEXAS |

STATE'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the State of Texas, by and through its District Attorney, Richard B. Townsend, in the above styled and numbered cause and requests the Court to instruct the defendant, his counselor, Vernard Solomon, and any other of the defendant's witnesses in this cause, not to allude to, refer to or in any way bring before the jury, any of the following and will show the court that to allow such testimony would be prejudice to the State of Texas in this cause.

Before the defendant introduces the parole law or procedure, at any stage of the trial, including the jury selection, the defendant must inform the Court out of the hearing of the jury prior to the introduction of such issues.

WHEREFORE PREMISES considered, the State prays that prior to introducing any of the foregoing, the defendant, his counselor, Vernard Solomon, and any witnesses in behalf of the defendant, be instructed not to introduce such issues until first approaching the bench and making it known to the Court that it is the intention to go into such matters outside the presence of hearing of the jury, if the defendant intends to offer such issues, thus permitting the jury to be retired and evidence and objections heard and the Court being given opportunity to rule on the admissibility of the issues before it

46

is placed before the jury, thus preventing issues not probative to this cause from being admitted.

Respectfully submitted,

Richard Townsend
District Attorney
Morris County, Texas

ORDER

It is therefore ORDERED, ADJUDGED, and DECREED that the defendant, his attorney and any witnesses are not to allude to or refer to the matters numerated in this motion without first approaching the bench and informing the Court that it is the intention of the defendant to go into such matters and will be taken up outside the presence of the jury and a determination made as to its admissibility.

Signed and entered this the _____ day of _____, 1994.

_____
Judge Presiding

47

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion in Limine has been mailed to Vernard Solomon, Attorney at Law, 306 W. Houston, Marshall, Texas  75670 on this the __10ᵗʰ__ day of May, 1994.

Richard Townsend
District Attorney
Morris County, Texas

48

MOTION FOR JUVENILE
RECORDS WITH ORDER
(2 pages)

FILED FOR RECORD
AT 4:00 O'CLOCK ___M

MAY 1 8 1994

WELTON WALKER, DISTRICT CLERK
BY: _____ DEPUTY

CAUSE NO.  6986

THE STATE OF TEXAS                    *     IN THE 76/276TH JUDICIAL DISTRICT

VS.                                   *     COURT OF

BILLY JOE WARDLOW                     *     MORRIS COUNTY, TEXAS

MOTION FOR JUVENILE RECORDS

Now Comes the State of Texas, by and through its District Attorney, Richard Townsend, and makes the request that the State be provided a certified copy of the adjudication in cause number 247 entitled "In the Matter of Billy Joe Wardlow", which is now on file in the District Clerk's Office in Morris County, Texas, for the following reason:

The State of Texas has a capital murder case now pending against Billy Joe Wardlow in Morris County, Texas, cause number 6986.  The adjudication in cause number 247 would be admissible evidence under article 37.07, Section 3(a), Code of Criminal Procedure.  The State of Texas makes the request for a certified copy of said adjudication, pursuant to the Texas Family Code, 51.14(e).  The State plans to offer the adjudication as evidence during the punishment phase of the trial entitled "The State of Texas vs. Billy Joe Wardlow", Morris County cause no. 6986.

Wherefore, the State moves that the Court grant this request and provide the State with a certified copy of the adjudication in Morris County cause number 247, entitled "In the Matter of Billy Joe Wardlow".

_Richard Townsend_
Richard B. Townsend
District Attorney
Morris County, Texas

49

FILED FOR RECORD
AT 4:00 O'CLOCK P M

MAY 1 8 1994

WELTON WALKER, DISTRICT CLERK
BY: _____ DEPUTY

ORDER

On this day the Court considered the State's Motion for Juvenile records and finds that it should be   GRANTED   /   ~~DENIED~~.

Signed this 18 day of May , 1994.  no obj. State to

furnsel . Def. atty with

copy of The

adjudication          _____
                          Presiding Judge

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was mailed to Mr. Vernard Solomon, Attorney at Law, 306 W. Houston, Marshall, Texas 75670 on this the _____ day of  May, 1994.

Richard Townsend
_____
Richard Townsend
District Attorney
Morris County, Texas

CORRESPONDENCE FROM D.A. TO
DEFENDANTS COUNSEL
(2 pages)



## MORRIS COUNTY

RICHARD B. TOWNSEND
COUNTY AND DISTRICT ATTORNEY
76TH & 276TH JUDICIAL DISTRICTS

FILED FOR RECORD
94 JUN -3 PM 1: 19
WELTON WALKER DIST. CLERK
MORRIS COUNTY, TEXAS
BY Welton Walker

June 3, 1994

Mr. Vernard G. Solomon
Attorney at Law
306 West Houston
Marshall, Texas   75670

RE:   The State of Texas vs. BILLY JOE WARDLOW
      Cause No. 6986
      MOTION FOR DISCOVERY, PRODUCTION
      AND INSPECTION OF EVIDENCE NO. 1

Dear Vernard:

My responses to the above referenced motion are as follows:

I have provided or am in the process of providing the requested
information on numbers 1, 2, 3, 4, 5, 7, 8, 15, 17, 18, 23, 24,
25, 34a, 34f, 35, 36, 37a and 37b.

I do not have knowledge of the existence of the requested
information in numbers 6, 9, 13, 16, 22, 26, 27, 28, 29, 30, 31,
32, 33, 34b, 34c, 34d, 34e, 37c, 37d, 37e, 37i, 37j or 38.

The materials requested in numbers 10, 11, 12 and 14 are
available for your viewing at the Morris County Sheriff's
Office.

The materials requested in numbers 19 and 20 are available for
your viewing at the Morris County District Attorney's Office.

The materials requested in number 21 are available for your
viewing at the Morris County Sheriff's Office and/or the Morris
County Prosecutor's Office.

I do not have the requested information in numbers 37f and 37g
in my possession. However, I am sending a list of State's
witnesses which will include the names and addresses of each
witness and you should be able to contact these persons to
obtain that information.

MORRIS COUNTY COURTHOUSE  •  500 BROADNAX STREET  •  DAINGERFIELD, TEXAS 75638  •  TELEPHONE (903) 645-2021

51

As for number 37h, I am not aware of public integrity investigations on any of the witnesses or officers, nor am I aware of any other type of internal investigations of these officers.  As to the personnel files of witness or law enforcement officers, you will need to contact the department in which the officers or witnesses are employed.  My belief is that those can be made available through the employers.

If I have failed to satisfy you in any way regarding this motion, please feel free to contact me.

Sincerely,

Richard Townsend

RBT/pv

52

INDICTMENT # 7127

16-1964—INDICTMENT—GENERAL—Class 3-3 (2-82)®

Hart Graphics—Austin, Texas

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of _____Morris_____, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the __February - March__ Term, A. D. 19 94 , of the __276th Judicial__ District Court of said County, upon their oaths present in and to said Court, that ____BILLY JOE WARDLOW____, on or about the __14th__ day of __June__, A. D. 19 93 , and before the presentment of this indictment, in said County and State, did then and there  intentionally and knowingly cause the death of an individual, namely Carl Cole, by intentionally shooting the said Carl Cole in the head with a firearm, and the defendant was then and there in the course of committing and attempting to commit the offense of robbery of Carl Cole,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreman of the Grand Jury.

ORIGINAL

ORDER OF TRANSFER OT
#6986 to # 7127

VOL. 054 PAGE 410

FILED FOR RECORD
AT_____O'CLOCK____M

JUN 2 3 1994

CAUSE NO. _____7127_____

WELTON WALKER, DISTRICT CLERK
BY: _Welton Wal__ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE _76th_ JUDICIAL |
| vs. | X | DISTRICT COURT OF |
| BILLY JOE WARDLOW | X | MORRIS COUNTY, TEXAS |

ORDER

IT IS ORDERED that the Clerk of this Court transfer all instruments, motions, and orders filed in Cause No. 6986 to Cause No. 7127 and amend them to bear this new number as if filed under Cause No. 7127 originally.

Signed this the **23** day of **June**, 1994.

_Thomas B Thope_
JUDGE PRESIDING

54

ORDER OF TRANSFER & CONSOLIDATION
INTO # 7127

**FILED FOR RECORD**

AT_____ O'CLOCK____M

CAUSE NO. ___7127___                          JUN 2 3 1994

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE WELTON WALKER, DISTRICT CLERK |
| | | BY: _____ DEPUTY |
| vs. | X | DISTRICT COURT OF |
| BILLY JOE WARDLOW | X | MORRIS COUNTY, TEXAS |

ORDER

IT IS ORDERED that the Clerk of this Court transfer all instruments,

motions, and orders filed in Cause No. 6986 to Cause No. 7127 and ~~amend~~ Consolidate

filer under Cause No. 7127.

~~them to bear this new number as if filed under Cause No. 7127 originally.~~

Signed this the 23 day of June , 1994.

Thomas B. Thorpe
JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy
of the original in my custody

Welton Walker
WELTON WALKER, Clerk of Dist.
Court

By_____ Deputy

55

DEFENDANTS ATTORNEYS'
MOTION TO WITHDRAW

NO. 6986

FILED FOR RECORD

94 JUN 23  AM 10: 22

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT,
WELTON WALKER, Dis. Clerk
MORRIS COUNTY, TEXAS
MORRIS COUNTY, TEXAS

276TH JUDICIAL DISTRICT

## MOTION TO WITHDRAW

Comes now the defendant and does hereby move the court to allow
Vernard Solomon to withdraw as attorney of record. The Motion is filed
on or before the date set for the purpose of filing all pre-trial
motions and is not made for the purpose of delay. In support of said
Motion attorney for defendant would show as follows:

I.

Defendant has informed the attorney of record that he no longer
desires the undersigned to represent him in the matter before the court
and has refused to cooperate with him for the purpose of preparing a
defense. These irreconcilable differences prevent the attorney from
going forward with the presentation of any and all motions previously
filed herein.

Respectfully submitted,

Vernard Solomon
306 W. Houston
Marshall, Texas 75670
903 938-4555
SBT #18835000

56

ORDER ALLOWING DEFENDANTS
ATTORNEY TO WITHDRAW

VOL. ___ PAGE 407

NO. 6986

FILED FOR RECORD
JUN 24 PH 1: 06

STATE OF TEXAS                                    IN THE DISTRICT COURT

VS.                                              MORRIS COUNTY, TEXAS

BILLY JOE WARDLOW                                 276TH JUDICIAL DISTRICT

ORDER

On this the 24 day of June , 1994 came to be heard the Motion to Withdraw and the same is Granted whereby Vernard Solomon is withdrawn as counsel.

_____
JUDGE PRESIDING

Court appoints Bird Old III to represent Dfendt for the Points forward. So Ordered.

Thomas B Thorpe
Judge

51

DEFENDANTS MOTION TO
ALLOW ATTORNEY TO WITHDRAW
& APPOINTMENT OF NEW ATTORNEY

NO.6986

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

IN THE DISTRICT COURT

MORRIS COUNTY, TEXAS

276TH JUDICIAL DISTRICT

MOTION TO ALLOW ATTORNEY TO WITHDRAW

AND FOR APPOINTMENT OF NEW ATTORNEY

Comes now, Billy Wardlow, and moves this court to allow Vernard Solomon to withdraw as my attorney of record and for the appointment of new attorney and in support of said motion would show the court as follows:

II.

Attorney of record and I have a mutual conflict in regard to the direction to proceed with the presentation of the evidence in my behalf to the degree that we can no longer communicate.  I no longer desire Vernard Solomon to represent me in this matter.

III.

I fully understand that the withdrawal and appointment of new attorney will cause further delay in my case being presented to a jury due to the new attorney's need to become familiar with my case.  I hereby waive all rights to a speedy trial under the Texas Constitution and the Constitution of the United States.

IV.

I further understand that pretrial motion have been filed in this cause by my attorney of record, including a Motion for Change of Venue and that the same is set for hearing on this date.  I hereby request that all hearings on said motions be continued until further notice by new attorney.

58

V.

This motion is prepared by my attorney of record at my request with full understanding of the effect if the court grants the Motion.

Wherefore, defendant prays that Vernard Solomon be allowed to withdraw and that a new attorney be appointed to represent me in this cause of action.

*Billy Wardlow*
Billy Wardlow


Sworn to and subscribed before me this the 23rd, day of June 1994, to certify which I witness my hand and seal of office.

*Welton Walker*
Welton Walker
District Clerk, Morris County, Texas

59