72/02

VOLUME TWO

OF

TWO

IN THE COURT OF

CRIMINAL APPEALS

AUSTIN, TEXAS


STATE   OF   TEXAS            ()        IN THE DISTRICT COURT

VS                           ()        76t-276th JUDICIAL DISTRICT

BILLY JOE WARDLOW            ()        NO.  12,764

++++   ++++

This cause appealed from the 276th Judicial District Court Titus County Texas.  The Honorable Gary R. Stephens presiding;  Lloyd Billups, Court Reporter.

OFFENSE   :  CAPITAL MURDER
SENTENCE  :  DEATH
PLEA      :  NOT GUILTY
DATE      :  OCTOBER,1994

++++   ++++

Appellant's Attorney                        State's Attorney

Douglas H. Parks                            Richard Townsend
Attorney at Law                             District Attorney
5016 McKinney Avenue                        500 Broadnax
Dallas, Texas 75205                         Daingerfield, Texas 75638

++++   ++++

VOLUME TWO

FILED IN
COURT OF CRIMINAL APPEALS

JUL 3 1 1995

Thomas Lowe, Clerk



RECEIVED
JUL 24 1995
COURT OF
CRIMINAL APPEALS

| | | |
|---|---|---|
| STATE OF TEXAS | ◊ | IN THE DISTRICT COURT |
| VS | ◊ | 76t-276th JUDICIAL |
| BILLY JOE WARDLOW | ◊ | TITUS COUNTY, TEXAS |

++++ ++++

INDEX

FOR

VOLUME TWO

VOLUME TWO(2)  TIME FRAME--June,1994 thru June,1995

COURT DOCKET SHEET WITH NOTATION OF APPOINTMENT OF BIRD OLD,111      -60

STATES MOTION  & ORDER TO DISMISS CAUSE NO. 6986      -61

INDICTMENT--Cause No. 7130 filed JUNE 29, 1994      -62

DEFENDANT'S MOTION FOR INSTRUCTED VERDICT ON MOTION OF CHANGE OF
     VENUE      63-67

DEFENDANT'S  MOTION FOR ABATEMENT ON MOTION OF CHANGE OF VENUE      68-69

COURT DOCKET SHEET SHOWING  DISMISSAL OF CAUSE NO.7127      -70

DEFENDANTS MOTION & ORDER TO DIMISS ON CAUSE NO.7127      -71

ORDER GRANTING CHANGE OF VENUE WITH CLERK'S CERTIFICATE IN
     CAUSE NO. 7130      72-73

COURT DOCKET SHEET SHOWING CHANG OF VENUE IN CAUSE NO.7130      -74

CORRESPONDENCE FROM TITUS COUNTY CLERK TO COUNSELS ON RECEIVING
     CAUSE NO. 7130 FROM MORRIS COUNTY INTO CAUSE NO. 12,764      -75

SHERIFFS WRIT WITH RETURN SHOWING SERVICE OF JURY LIST,SPECIAL VENIRE
     TO DEFENDANT,BILLY JOE WARDLOW      76-77

DEFENDANTS MOTION TO SUPPRESS EVIDENCE  SEIZED AFTER ILLEGAL
     ARREST      78-79

DEFENDANTS MOTION IN LIMINE NUMBER THREE(3)      80-82

DEFENDANTS MOTION TO QUASH OR SUPPRESS INDICTMENT      83-84

DEFENDANTS MOTION IN LIMINE NO. FOUR(4)      85-86

DEFENDANTS MOTION TO REQUIRE THE PROSECUTOR TO FOLLOW THE DICTATES OF
     THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES,
     ARTICLE 1, SECTION 19 OF THE TEXAS CONSTITUTION & TEX.CODE CRIM.PROC.
     ANN. art.2.01 (1981)      87-90

DEFENDANTS APPLICATION FOR PROBATION      91-92

DEFENDANTS WRITTEN ELECTION FOR JURY TO SET PUNISHMENT      -93

DEFENDANTS MOTION TO SUPPRESS CONFESSION(S) WITH ATTACHMENTS      94-110

DEFENDANTS MOTION TO SUPPRESS &/OR EXCLUDE TONYA FULLER AS WITNESS111-112

DEFENDANTS MOTION TO SUPPRESS EVIDENCE      113-114

DEFENDANTS MOTION TO RESTRICT STATE'S CROSS-EXAMINATION ON
     DEFENDANT  WITH ORDER      115-117

DEFENDANTS BRIEF ON MOTION TO SUPPRESS CONFESSION(S)      118-132

COURTS' ORDER TRANSFERRING ALL PAPERS/INSTRUMENTS/DOCUMENTS OF
     CAUSE NO. 6986,No.7126,No.7130 or any Cause No. of Morris County
     OR TITUS COUNTY INTO CAUSE NO. 12,764      -133

DEFENDANTS MOTION IN LIMINE WITH UNSIGNED ORDER      134-136

STATES     MOTION TO SUPPLEMENT WITNESS LIST WITH ORDER      -137

DEFENDANTS REQUESTS  & OBJECTIONS TO CHARGE OF THE COURT      138-141

NOTES FROM JURY ROOM      142-146

CHARGE TO THE JURY      147-155

NOTE FROM JURY ON SPECIAL ISSUES      -156

SPECIAL ISSUES PRESENTED TO JURY      157-164

INDEX FOR VOLUME TWO (2) CONTINUED

JUDGMENT ON JURY VERDICT OF GUILTY                                165-166

SENTENCE                                                          167-168

DEFENDANTS MOTION FOR NEW TRIAL WITH ORDER SETTING HEARING DATE   169-171

AMENDED MOTION FOR NEW TRIAL OF DEFENDANT                         172-174

CORRESPONDENCE FROM ATTORNEY FOR DEFENDANT WITH DESIGNATION OF
    RECORD                                                        175-177


DOCKETS SHEETS FOR CAUSE NO.12,764                                178-181

APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE TRANSCRIPT       182-184

CERTIFICATE OF COURT CLERK                                          -185

Form 970 — FOR SALE BY STAFFORD-LOWDON CO., FORT WORTH, TEXAS

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| | THE STATE OF TEXAS | RICHARD TOWNSEND | CAPITAL MURDER | JULY | 22 | 1993 |
| | VS. | | | | | |
| 6986 | BILLY JOE WARDLOW | | | | | |
| | | VERNARD SOLOMON | | FEE BOOK | | |
| | | | | VOL. | | PAGE |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL. | PAGE | |
| 05 | 18 | '94 | Conducted pre-trial this date...Christina M. Wallace Court Reporter. Defendant and counsel addressed Court on their differences with each other.  No motion on file to release defendant's Court appointed attorney. Court continues Mr. Solomon as appointed attorney.  Defendant is arraigned and defendant stands mute as to his plea.  Court enters plea of not guilty on defense behalf. | | | |
| | | | Court sets case for June 23, 1994 at 10:00 A.M. for hearing on change of venue, if filed, and on hearing on admissibility of written statement of defendant made while under arrest.  If change of venue to be filed, must be filed on or before Friday, June 10, 1994. | | | |
| | | | If change of venue denied, or not requested, jury selection to start on July 11, 1994.  If granted, jury selection to commence on July 18, 1994. | | | |
| | | | Court rules on all motions on file.  Ruling made of record in case. Court recesses. | | | |
| 06 | 23 | '94 | Heard Motion to Withdraw as atty of record for defendant (Vernard Solomon).  Motion taken under advisement. | | | |
| 06 | 23 | '94 | Order dismissing Cause #6986...Defendant indicted under Cause Number 7127. | | | |
| 06 | 23 | '94 | Order transferring all filings in Cause #6986 to Cause #7127. | | | |
| 06 | 24 | '94 | Order granting withdrawal of Vernard Solomon as counsel for defendant. | | | |
| 06 | 24 | '94 | Order appointing Bird Old, III as counsel from this point forward for defendant. | | | |

COURT DOCKET SHEET FOR # 6986

VOL  03 PAGE 400
16-4250 Motion to Dismiss (3/82)

FILED
_____ O'CLOCK ___ M
HART GRAPHICS—AUSTIN, TE

JUN 2 3 1994

WELTON WALKER, DISTRICT CLERK
BY: _Welton Wa___ DEPUT

Cause No. __6986__

THE STATE OF TEXAS                    IN THE ___ DISTRICT

VS.                                   ___ COURT

BILLY  JOE  WARDLOW                   ___ MORRIS ___ COUNTY, TEXAS
DEFENDANT

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through its ___ District ___ Attorney, and respectfully re-
quests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with

the offense of ___ Capital Murder ___, for the reason:

☐ No bill of indictment;
☐ Insufficient evidence;
☐ The defendant was convicted in another case; Cause No. ___
☐ The complaining witness has requested dismissal;
☐ The case has been refiled as a Felony;
☐ The defendant has fulfilled the terms of a deferred adjudication/probation.
☐ The defendant is mentally ill or mentally retarded;
☐ The defendant has completed defensive driving course;
☐ Restitution has been made;
☐ The defendant has been granted immunity in exchange for testimony as a State's witness;
☐ The State cannot meet its burden of a speedy trial;
☐ Other;

and for cause would show the court the following:

The defendant was indicted under cause number 7127

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_Richard Townsend_
Richard Townsend
___ District ___ Attorney

___ Morris ___ County, Texas

ORDER

The foregoing motion having been presented to me on this the ___23__ day of ___June__,

19_94_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said

above entitled and numbered cause be and the same is hereby dismissed.

_Thomas B Thorpe_
Judge Presiding

_76th Judicial District_
Court

_Morris_ ___ County, Texas

INDICTMENT #7130

16-1984—INDICTMENT—GENERAL—Class 3-3 (:-A2)®

Hart Graphics—Austin, Texas

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of _____ Morris _____, State of Texas, duly selected, im-

paneled, sworn, charged and organized as such at the __February-March__ _____ Term, A. D. 19 94 , of the

__276th Judicial__ _____ District Court of said County, upon their oaths present in and to said Court,

that _____ BILLY JOE WARDLOW _____, on or about the __14th__ day of

__June__ _____, A. D. 19 93 , and before the presentment of this indictment, in said

County and State, did then and there  intentionally cause the death of an individual,
namely Carl Cole, by intentionally shooting the said Carl Cole with
a firearm, and the defendant was then and there in the course of
committing and attempting to commit the offense of robbery of Carl Cole,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

DEFENDANTS MOTION FOR INSTRUCTED VERDICT
ON MOTION OF CHANGE OF VENUE
(5 pages)

CAUSE NO. 7130

FILED FOR RECORD
94 AUG 12 PH 2: 43
FELTON WALKER DIST. CLERK
MORRIS COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | OF |
| BILLY JOE WARDLOW | § | MORRIS COUNTY, TEXAS |

### DEFENDANT'S MOTION FOR INSTRUCTED VERDICT
### ON MOTION OF CHANGE OF VENUE

COMES NOW the Defendant by and through his attorney of record
and would show the court as follows:

I.

By motion filed June 9, 1994, Defendant requested a Change of
Venue by filing this motion and three affidavits in support of said
motion. On June 15, 1994, the state filed two instruments entitled
Affidavits Controverting Defendant's Motion for Change of Venue;
one by Morris G. Craig and one by Bob Scaff.

II.

Defendant's motion raises per Article 31.03 two grounds for a
change of venue. Ground 1: That there exists in the county where
the prosecution is commenced so great of prejudice against
Defendant that he cannot obtain a fair and impartial trial; and
Ground 2: that there is a dangerous combination against him
instigated by influential persons, by reason of which he cannot
expect a fair trial.

III.

The affidavits by Scaff and Morris are identical except for
their names and set forth the following facts and allegations:

1)    That they have read the affidavits in support of Defendant's motion;

2)    That the affiants are not creditable;

3)    That Defendant's affiants are prejudice to said Defendant;

4)    That their (referring to Defendant's affiants) means of knowledge are not sufficient to support and justify the statements contained therein;

5)    That the Defendant can receive a fair and impartial trial in Morris County, Texas.

IV.

Turner vs. State 641 S.W. 2nd 2d 383 is the most modern analysis of the sufficiency of the state's controverting affidavit. The affidavits filed by the state do not challenge Defendant's contention that a dangerous combination against him instigated by influential persons by reason of which he cannot expect a fair trial exists.

1)    An examination of Defendant's supporting affidavits show that the affidavits incorporate Defendant's Motion for Change of Venue and it is clear on the face of the controverting affidavit that the offers of the controverting affidavit had read only the affidavit's support of the motion and not the motion.

2)    The controverting affidavits alledge that Defendant's affiants are not creditable; however, it does not set forth facts to support said conclusion.

2

3) The controverting statement that the Defendant's affiants are prejudice to said Defendant can only mean that the controverts believe that Defendant's supporting affiants are against him.

4) The controverting affiants by conclusion alleged that the Defendant's affiants means and knowledge are insufficient but state no facts to show the insufficiency.

5) The state's controverting affiants form a conclusion based on absolutely no fact alleged in the affidavit that the Defendant can receive a fair trial in this county.

Turner is clear that "unless opposed in the statutorily prescribed manner of Article 31.04, the challenge is to be resolved in his favor without hearing evidence". In resolving the issue in Turner, the Court cites Davis vs. State 19 TX.CR.R.201(1885) and Carr vs. State 19 TX.CR.R.638(1885) points out that the old code of criminal procedure Article 583 is identical to the modern article and comments that reliance is seldom placed on 100 year old cases but cites them as the only authority for the issue.

In analyzing the Davis facts, it points out that the controverting affidavit denies the truth of Defendant's affidavit and then the state's affiants went on to indicate that the first affiant was a relative of the Defendant and that the second affiant was a tenant of the first and that the remaining affiants were residents of the southern portion of the county, therefore unacquainted with the sentiment of the mass of the people in the county. The Appellate Court held the affidavit insufficient.

In Carr, the Defendant's motion and supporting affidavits alleged both community sentiment and a dangerous influential combination.    The state's controverting affidavit challenged affiant's means of knowledge with regard to a dangerous combination.  It did not address the credibility of the affiants at all.    With regard to community prejudice offered a response virtually identical to that presented in Davis.    The Carr controverting affidavits were found insufficient.

The affidavits in the Turner case did not attack in any manner the credibility of affiants or their means of knowledge with regard to community sentiment.  The state's affidavits merely expressed disagreement with the opinions expressed in support of the Motion for Change of Venue and go on to express the view that there was no dangerous combination working against a fair trial and that community sentiment was such that the Appellate could receive a fair trial.  The Turner affidavits were found insufficient.

In reviewing Turner, Davis and Carr it is obvious that the affidavits must set forth factual challenges to the credibility of the affiant, their means of knowledge, and to the factual issues raised by their affidavits prejudice against the Defendant and the combination against Defendant by influential persons.

A common sense analysis of the state's affidavits says that Defendant's affiants lack credibility as they are prejudice (against) Billy Wardlow and their means of knowledge is not sufficient.  The affidavits are an attack on the credibility of Defendant's affiants in that the statement as a lack of credibility

4

does not attack their credibility in that it simply states they lack credibility because they are prejudice or against Billy Wardlow which is a nonsense, meaningless statement.

Wherefore, Defendant prays for an instructed verdict as to it's Motion for Change of Venue instructing transfer to an adjoining county.

Respectfully submitted,

Bird Old, III

doc\lcl\wardlow.mot

5

DEFENDANTS MOTION FOR ABATEMENT
ON MOTION OF CHANGE OF VENUE
(2 pages)

CAUSE NO. 7130

THE STATE OF TEXAS

VS.

BILLY JOE WARDLOW

§
§
§
§
§

FILED FOR RECORD

IN THE DISTRICT COURT 12: 18

OF

MORRIS COUNTY, TEXAS

ELTON WALKER DIST. CLERK
MORRIS COURT, TEXAS

## DEFENDANT'S MOTION FOR ABATEMENT
## ON MOTION OF CHANGE OF VENUE

COMES NOW the Defendant by and through his attorney of record and would show the court as follows:

### VENUE OBJECTION I.

The Honorable Paul Banner has been assigned by the administrative judge of the First Administrative District of Texas to hear the pre-trial matter of Change of Venue in the above styled cause of action.  It has been represented to Defendant by the District Clerk of Morris County, Texas that the Honorable Paul Banner will not try the above styled case.  It has been represented to the Defendant by the Honorable Paul Banner that he will not try the case nor select a jury.

The motion before the court is for Change of Venue.  A judge has several alternatives as to his ruling on said motion.  He can grant, deny or take the motion under advisement until the process of voir dire is commenced and consider voir dire as evidence for Motion for Change of Venue and then grant or deny said motion.

Plaintiff is prejudice if a judge who is not going to conduct voir dire examination denies his motion.  The judge conducting voir dire would not have had the benefit of having heard said evidence and weighed its credibility produced in the Change of Venue hearing scheduled for August 12, 1994.

Even if His Honor denies said motion, Defendant may always renew his motion at any time during voir dire examination.  If the present hearing is commenced and said motion is denied or carried to voir dire examination the Plaintiff has deprived of due process of law and denied his rights under the Constitution of the United States and the Texas Constitution and the laws of the state of Texas.

Wherefore, Defendant considered, Defendant prays that His Honor abate said hearing until the judge has been appointed for the selection of voir dire.

_____
Bird Old, III

doc\lcl\wardlow.bat

2

CASE NO. _____

Form 870    FOR SALE BY STAFFORD-LOWDON CO., FORT WORTH    82060

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 7127 | THE STATE OF TEXAS vs. | RICHARD TOWNSEND | CAPITAL MURDER | JUNE | 10 | 1994 |
| | BILLY JOE WARDLOW | VERNARD SOLOMON | | | | |
| | | | | FEE BOOK | | |
| | | | | VOL. | | PAGE |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL. | PAGE | |
| 06 | 23 | 94 | Order transferring all filings in Cause #6986 to #7127. | | | |
| 06 | 24 | 94 | Order granting withdrawal of Vernard Solomon as counsel for defendant and appointing Bird Old, III | | | |
| | | | as his counsel from this point forward. | | | |

*This Entry to 7130*

8 12 94 Hoyd Billings c/r Rel att'y, CA Townsend, M/consolidate record from prior indictments granted, Def M/ Transfer w/o hearing denied, Evidence

8 12 94 Order of Dismissal – Defendant Was Reindicted Under Cause #712...

(vertical text left margin) DOCKET SHEET OF #7127 SHOWING DISMISSAL

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy of the original in my custody.

*Welton Walker*
WELTON WALKER, Clerk of Dist. Court
By _____ Deputy

18-425U Motion to Dismiss (3/82)

(IMAC GRAPHICS—AUSTIN, T

FILED FOR

94 AUG 15 PH 12: 12

Welton Walker DIST. CLERK
MORRIS COUNTY, TEXAS

By _Welton Walker_

COPY

Cause No. ___7127___

THE STATE OF TEXAS

VS.

BILLY JOE WARDLOW
_____DEFENDANT_____

IN THE

OF

MORRIS

DISTRICT

COURT

COUNTY, TEXAS

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through its ___District___ Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action in which the defendant is charged with the offense of _____Capital Murder_____, for the reason:

- ▢ No bill of indictment;
- ▢ Insufficient evidence;
- ▢ The defendant was convicted in another case; Cause No. _____
- ▢ The complaining witness has requested dismissal;
- ▢ The case has been refiled as a Felony;
- ▢ The defendant has fulfilled the terms of a deferred adjudication/probation.
- ▢ The defendant is mentally ill or mentally retarded;
- ▢ The defendant has completed defensive driving course;
- ▢ Restitution has been made;
- ▢ The defendant has been granted immunity in exchange for testimony as a State's witness;
- ▢ The State cannot meet its burden of a speedy trial;
- ▣ Other;

and for cause would show the court the following:

The defendant was reindicted under cause number 7130

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy
of the original in my custody.

_Welton Walker_
WELTON WALKER, Clerk of Dist.
Court

By _____ Deputy

WHEREFORE, it is prayed that the above entitled and numbered cause be dismissed.

Respectfully submitted,

_Richard Townsend_
Richard Townsend

___District___ Attorney

___Morris___ County, Texas

ORDER

The foregoing motion having been presented to me on this the _12_ day of _August_, 19_94_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_Paul Banner_
Judge Presiding

_76th Judicial District_
Court

_Morris_ County, Texas

Original: Not Yet Microfilmed,
8/19/94      WW

ORDER GRANTING CHANGE
OF VENUE ( 1page)

FILED FOR RECO
AT ____ O'CLOCK __

AUG 1 9 1994

CAUSE NO. 7130

WELTON WALKER, DISTRICT CI
BY: _____ DE

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | OF |
| BILLY JOE WARDLOW | § | MORRIS COUNTY, TEXAS |

## ORDER GRANTING CHANGE OF VENUE

ON THIS DAY, August 12, 1994, came to be heard Defendant's Motion for Change of Venue to which the State and Defendant announced ready and hearing conducted. After hearing, this court granted Defendant Change of Venue and venue is hereby transferred to Titus County, Texas.  The clerk of this court is ordered to prepare a transcript certifying to the same and deliver the same to the District Clerk of Titus County, Texas.

The Honorable Paul Banner

doc\lcl\wardlow.ord

STATE OF TEXAS
COUNTY OF MORRIS
   Certified to be a true and correct copy
of the original in my custody.

WELTON WALKER, Clerk of Dist.
Court

By_____ Deputy

CLERKS CERTIFICATE
#7130
(1page)

<u>CLERK'S CERTIFICATE</u>

THE STATE OF TEXAS                    X

vs.                                   X                    I, Welton Walker

BILLY JOE WARDLOW                     X

<u>CAUSE NO. 7130</u>

Clerk of the 76th Judicial District Court in and for Morris County, State of Texas, do hereby certify that attached hereto is a certified copy of the Court's order changing venue of the above styled and numbered cause to Titus County, Texas; together with all the original papers in said cause (along with all the original papers filed in connection with earlier indictments and assigned Causes numbered 6986 and 7127). All of the papers on file in said court in said causes were consolidated per Court order dated August 12, 1994, and all are included in this transmittal as well as certified copies of the respective criminal docket sheets.

Given under my hand and seal of said Court at office in the City of Daingerfield on the *19th* day of August, 1994.

*Welton Walker*
WELTON WALKER
District Clerk
Morris County, Texas

FILED
AT *11:28* O'CLOCK *P* M

AUG 1 9 1994

BOBBY LA PRADE - CLERK, DISTRICT COURT
TITUS COUNTY, TX
*Dk Cusimann* DEPUTY

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 7130 | THE STATE OF TEXAS vs. | RICHARD TOWNSEND | CAPITAL MURDER | JUNE | 10 | 1994 |
| | BILLY JOE WARDLOW | VERNARD SOLOMON (DISMISSED) | | | | |
| | | BIRD OLD, III | | FEE BOOK | | |
| | | | | VOL. | PAGE | |

| | DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | WITNESSES INFORMATION OR INDICTMENT |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | | VOL. | PAGE | |
| See 7/27 | 8 | 12 | 94 | Change of venue granted to Titus Co, Tx Paul B all present jenchr | | | |
| | 8 | 12 | 94 | Order Entered to Amend All Filings in Cause #6986 and Cause #7127 to Carry #7130 and Consolidate. | | | |
| | 8 | 19 | 94 | Order Granting Change of Venue Entered. | | | |

DOCKET SHEET #7130

STATE OF TEXAS
COUNTY OF MORRIS
Certified to be a true and correct copy
of the original in my custody.

Welton Walker
WELTON WALKER, Clerk of Dist.
Court

By_____Deputy

CORRESPONDENCE FROM
DISTRICT CLERK,TITUS COUNTY
TO COUNSEL RE: TRANSFERRING
OF CASE TO THIS COUNTY

*Telephone 572-8744*

OFFICE OF

# Bobby LaPrade - District Clerk

## Titus County

Titus County Courthouse

MOUNT PLEASANT, TEXAS 75455

August 19, 1994

Mr. Bird Old,lll
Attorney at Law
P.O. Box 448
Mt. Pleasant, Texas 75455

Re: Cause No. 130 (Morris County)
    State of Texas vs BILLY JOE WARDLOW

Dear Mr. Old:

The above referenced case has been transferred to our Court from
Morris County.  Our case number will be the 12,764.

Thank you for your attention to this matter.

Yours truly,

*Bob LaPrade*
Bob LaPrade

BL:ifc

cc: Honorable Paul Banner                 Richard Townsend
    District Judge                        District Attorney
    P.O. Box 1097                         Morris County Courthouse
    Greenville, Texas 75403-1097          Daingerfield, Texas 75638

WRIT TO SHERIFF TO SERVE
DEFENDANT WITH JURY LIST

**FILED**

AT____/____O'CLOCK____P____M

SEP 2 2 1994

BOBBY LA PRADE
CLERK, DISTRICT COURT
TITUS COUNTY, TX

BY_____DEPUTY

CAUSE NO. __12,764__

THE STATE OF TEXAS                     IN THE 76TH JUDICIAL

VS.                                     DISTRICT COURT OF

BILLY JOE WARDLOW                       TITUS COUNTY, TEXAS

COPY!

WRIT TO SERVE DEFENDANT JURY LIST - SPECIAL VENIRE

(Pursuant to Article 34.04 - Texas Code of Criminal Procedure)

TO THE SHERIFF OF MORRIS COUNTY-----GREETING:

YOU ARE HEREBY COMMANDED TO SERVE     Billy Joe Wardlow the

defendant in the Cause No. 12,764, wherein The State of Texas

plaintiff, and Billy Joe Wardlow is defendant, in person, with the

accompanying copy of the names of the persons summoned as veniremen

in and for Titus County, Texas, known as a "Special Venire", for

report date of October 6, 1994, for which his case is set for trial.

HEREIN FAIL NOT, but of this Writ make due return as the law

directs.

Given under my hand and official seal, this __20th__ day of

September, 1994.

_Welton Walker_
Welton Walker, Clerk of the 76th
Judicial District Court of Morris
County, Texas

RETURN SHOWING SERVICE
OF WRIT OF JURY LIST TO
DEFENDANT

WRIT TO SERVE DEFENDANT JURY LIST — SPECIAL VENIRE            PAGE 2

SHERIFF'S RETURN

Came to hand _Sept 20th_, 1994, at _4:40_ o'clock _P_ M.,
and executed by delivering the accompanying copy of the names of the
persons summoned as veniremen, known as a "Special Venire", for report
date of October 6, 1994, for which his case is set for trial to
_Billy Wordlow_, the defendant
herein, in person, at _4:45 P_ o'clock on the _20th_ day
of _Sept_, 1994.

_Ricky Blackburn_
Sheriff of _Morris_ County, Texas
By _Patsy Martin_ Deputy

FILED FOR RECORD
AT___O'CLOCK___M

SEP 2 1 1994

WELTON WALKER DISTRICT CLERK
BY:_____DEPUTY

DEFENDANTS MOTION TO
SUPPRESS EVIDENCE CEASED

NO. 12,764

FILED FOR RECORD

94 OCT -5 PM 1: 55

BOBBY LAPRADE

THE STATE OF TEXAS                §          IN THE DISTRICT COURTS CO. TX
                                  §
VS.                               §          OF      *M. Mc*  DEPUTY
                                  §
BILLY JOE WARDLOW                 §          TITUS COUNTY, TEXAS

### MOTION TO SUPPRESS EVIDENCE CEASED AFTER ILLEGAL ARREST

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, pursuant to the fourth and fourteenth
amendments to the United States Constitution and similar provisions
of the Texas Constitution and laws of the State of Texas, moves
this Court to suppress as fruits of an illegal arrest any evidence
obtained from him by law enforcement officials subsequent to his
arrest June 16, 1993. As grounds for this motion Defendant states:

I.

Defendant was arrested on a warrant issued the 15th day of
June, 1993 by Claudine Stanley, Justice of Peace, Precinct 1,
Morris County, Texas, which alleges that one Billy Joe Wardlow on
the 14th day of June, 1993 in Morris County, Texas intentionally
caused the death of Carl Cole in the course of committing robbery
of Carl Cole to wit; theft of Mr. Carl Cole's truck. Defendant was
arrested June 16, 1993 in Madison, South Dakota on the referenced
warrant. The affidavit and complaint, on which the warrant was
issued, are not sufficient to support said warrant and are void as
a matter of law; therefore, the arrest was illegal. A written

statement or admission obtained from the Defendant was the fruit of the illegal arrest and must therefore be suppressed. Additionally, Defendant's arrest having been accomplished illegally, all fruits of that illegal arrest must be suppressed.

WHEREFORE, further foregoing and such other reasons as may appear upon full hearing of this matter, Defendant prays that this motion be granted.

Respectfully submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100

### Certificate of Service

I hereby certify a true and correct copy of the above and foregoing has been forwarded to Mr. Richard Townsend, County District Attorney, Morris County, Texas on this the _5_ day of October, 1994.

_____
Bird Old, III

DEFENDANTS MOTION IN
LIMINE #3

NO. 12,764

THE STATE OF TEXAS      §     IN THE DISTRICT COURTS

       VS.               §     OF

BILLY JOE WARDLOW    §     TITUS COUNTY, TEXAS

FILED FOR RECORD
94 OCT -5 PM 4 55
BOBBY LAPRADE
DIST. CLERK, TITUS CO. TX
BY_____DEPUTY

## MOTION IN LIMINE NUMBER THREE
## (MOTION TO COMPEL DISCLOSURE OF JURY SELECTION DATA)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant, BILLY JOE WARDLOW, by and through his undersigned counsel, and moves this Court to compel the prosecution to disclose to the defendant the information and data compiled on perspective jurors in this cause, and further moves this Court to permit equal access to computer terminals available to Court personnel in order to secure similar information and data compiled on perspective jurors in this cause, and for good cause therefore shows the Court the following:

### I.

That the Morris County District Attorney's Office has vast and wide reaching resources in compiling data on perspective jurors, based upon regular input of such data by prosecutors and investigators employed by the Morris County District Attorney's Office in the hundreds of cases prosecuted on a yearly basis.

### II.

That the Morris County District Attorney's Office compiles lists of perspective jurors who have served on juries previously in

criminal cases indicating the verdict, if any, which said jury rendered.

### III.

That the Morris County District Attorney's Office has access to and utilizes "rap sheet" retrieval methods available to the prosecution to determine prior arrests or convictions of perspective jurors.

### IV.

That often times the prosecution utilizes computer terminals provided ostensibly for the official use of Court personnel only in order to obtain the foregoing information as to perspective jurors. However, the defense is not permitted to utilize the same equipment to obtain similar information.

### V.

These vast investigative resources of the Morris County District Attorney's Office in gathering information regarding perspective jurors provides a nonreciprocal benefit to the prosecution which interferes with and denies to the defendant the ability to secure a fair trial and violates the due process and fundamental fairness requirements of the Fifth and Fourteenth Amendments to the United States Constitution and similar constitutional rights under Article I, Sections 10, 15, and 19.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully prays that this Honorable Court will order and compel the Morris County District Attorney's Office to permit the defendant to view and copy the data and information compiled by the prosecution on

perspective jurors in this cause and that this Honorable Court will permit the defense equal access to the computer terminals available to Court personnel in order to permit the defense to seek and obtain similar information on the perspective jurors in this cause, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____

Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion was mailed, postage pre-paid, to the District Attorney of Morris County, Texas on this the _5_ day of _Oct_, 1994.

_____
Bird Old, III

DEFENDANTS MOTION TO SUPPRESS
OR QUASH INDICTMENT

NO.   12,764

FILED FOR RECORD
94 OCT -5 PM 1:55

THE STATE OF TEXAS                )     IN THE DISTRICT COURT
                                  )            DONNA LANTHORN
VS.                               )     DIST. CLERK, TITUS CO. TX
                                  )     OF
BILLY JOE WARDLOW                 )     BY _____ DEPUTY
                                  )     TITUS COUNTY, TEXAS

**MOTION TO QUASH OR SUPPRESS INDICTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLY JOE WARDLOW, by and through his attorney of
record, Bird Old, III, and files this his Motion to Quash and
Suppress an Indictment returned by the Morris County, Texas Grand
Jury and filed June 29, 1994 under Cause No. 7130, Morris County,
Texas, said indictment having been changed by Motion to Change
Venue and is now filed under Cause No. 12,764, Titus County, Texas,
and in support of this Motion Defendant would show as follows:

I.

Defendant would object to the portion of the indictment which
reads "and the Defendant was then and there in the course of
committing and attempting to commit the offense of robbery of Carl
Cole,".   Defendant would show that the indictment is fatally
defective in that Section 1903 of the Texas Penal Code, Capital
Murder in Section (a)(2) defines as follows:

"In   the   course   of   committing   or   attempting   to
commit...robbery...".

II.

The allegation as alleged makes it impossible for the
Defendant to defend himself in that it is impossible to both be in

c:\wp51\doc\cris\motquash.bjw

the course of committing and attempting to commit an offense at the same time and makes it impossible for Defendant, Billy Joe Wardlow, and his attorney to prepare his case and defend against said charge.

### III.

Additionally Defendant would object to the indictment and show the Court that there are no facts alleged that give rise the manner and means in which the alleged robbery was committed and specifically it does not allege and more specifically that it does not allege an attempted theft and injury or the threat of injury to a person.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this motion be granted and the indictment quashed and suppressed and further for general relief.

Respectfully submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100

ATTORNEY FOR DEFENDANT

c:\wp51\doc\crim\motquash.bjw

DEFENDANTS MOTION IN
LIMINE # 4

NO. 12,764

FILED FOR RECORD

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| vs. | § | 94 OCT -5 PM 1: 53 |
|  | § | OF |
| BILLY JOE WARDLOW | § | BOBBY LAPRADE |
|  | § | TITUS COUNTY, TEXAS |

BY_____DEPUTY

### MOTION IN LIMINE NO. FOUR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause and would show the Court that the Defendant believes the prosecuting attorney will during the course of this trial seek to allude to certain matters, either during voir dire examination of the prospective jurors, or by opening statement, questioning of a witness, testimony, or jury argument.  Said matters are set forth as follows:

1.  A purported confession or admission of the Defendant, the voluntariness and admissibility of which is contested by the Defendant and which must first be proved to the Court before any allusion thereto is made before the trier of fact.

2.  The existence of any items of tangible evidence secured as a result of the search of the Defendant or his property unless and until the admissibility thereof is first tested out of the presence and hearing of the trier of fact.

3.  The existence of any items of relevant evidence unless and until the chain of custody is adequately established.

4.  The statement by the prosecutor before the jury that the defense should introduce into evidence those documents,

instruments, reports or other memoranda which the defense seeks discover and examine because such items were used before the jury by the prosecution in such a manner as to make their contents an issue or which were statements of a prosecution witness who has testified on direct examination for the prosecution, as well as a statement by the prosecutor that the State wishes to introduce such documents, instruments, reports or other memoranda which the defense validly requests to examine during trial, until the Court has determined outside the presence of the jury the admissibility of such items.

5.  To refrain from mentioning, alluding or referring or in any manner suggesting to the jury that the defendant committed any extraneous offense.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court instruct the prosecuting attorney not to mention, refer to or otherwise bring before the jury either directly or indirectly the matters set forth above without first obtaining a specific ruling from the Court outside the presence of the jury that such reference and testimony is proper and admissible.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100
ATTORNEY FOR DEFENDANT

MOTION TO REQUIRE THE PROSECUTOR
TO FOLLOW DICTATES OF 14th
AMENDMENT

NO. 12,764

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS |

MOTION TO REQUIRE THE PROSECUTOR TO FOLLOW THE DICTATES
OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION
OF THE UNITED STATES, ARTICLE 1, SECTION 19 OF
THE TEXAS CONSTITUTION AND TEX. CODE CRIM. PROC. ANN.
art. 2.01 (1981)
IN THE EXERCISE OF PEREMPTORY CHALLENGES
PROVIDED TO THE STATE BY TEX. CODE CRIM. ANN. art. 35.15(1983)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant BILLY JOE WARDLOW, by and through his
attorney of record and respectfully moves that this Honorable Court
require the prosecutor to follow the requirements of the Fourteenth
Amendment to the Constitution of the United States, Art. 1, Sec. 19
of the Texas Constitution, and TEX.CODE CRIM. PROC. ANN. art. 2.01
(1981) in exercising its peremptory challenges as guaranteed the
State by TEX. CODE CRIM. PROC. ANN. art. 3515 (1983).  In support
of this motion the Defendant would show the Court as follows:

I.

The Defendant currently stands charged by indictment with the
offense of murder. The Defendant is a member of the black race.

II.

The statutory provision concerning the exercise of the
peremptory challenges is clear, this does not authorize the State
of Texas through its duly authorized representatives to exercise

their peremptory challenges in a racially discriminatory fashion. Such would be in clear violation of other provisions of the Texas Code of Criminal Procedure, the Texas Constitution, and the United States Constitution.  See <u>Batson v. Kentucky</u>, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986).

<div align="center">III.</div>

The Fourteenth Amendment to the Constitution of the United States guarantees that the accused citizen shall not be deprived of his liberty without due process of law. Art. 1, sec. 19 of the Texas Constitution provides that the citizen shall not be deprived of his liberty without due course of law of the land.  TEX. CODE CRIM. PROC. ANN. art. 2.01 (1981) provides that it shall be the primary duty of all prosecuting attorneys not to convict but to see that justice is done.

<div align="center">IV.</div>

When the foregoing provisions are read in context of our society, it is clear that the State is precluded from using racial bias as grounds for selecting or excusing any prospective juror. Such would be a clear violation of the Constitution of the United States and the Texas Constitution and in contravention of the requirements placed upon the prosecuting authority by the Texas Code of Criminal Procedure.  The prosecuting attorney has a duty to assure that a fair trial is had and that no prospective juror is removed from service because of some bias or prejudice for or against the accused because of race.

c:\wp51\doc\cris\motconst.bjw

WHEREFORE, for the foregoing reasons, the Defendant respectfully moves that this Honorable Court (1) enter its order requiring the prosecution to use its peremptory challenges in a racially non-discriminatory fashion in order to assure to the Defendant that he receives a fair trial as guaranteed him by the Fourteenth Amendment to the United States Constitution, Article 1, Section 19 of the Texas Constitution, and TEX.CODE CRIM. PROC. ANN. art. 2.01 (1981); (2) conduct a hearing before a jurior is seated or sworn, to determine if the Court's order has been complied with; and (3) if the Court determines that its order has been violated, that it quash the selected panel and require the calling of a new prospective panel and start the process over again.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was hand-delivered to _____, Assistant District Attorney, Morris County, _____, Texas on this the ___5___ day of ___Oct___, 1994.

_____
Bird Old, III

<u>ORDER</u>

On this the _____ day of _____, 1994, came on to be heard the foregoing Defendant's Motion to Require the Prosecutor to Follow the Dictates of the Fourteenth Amendment to the Constitution of the United States, Article 1, Section 19 of the Texas Constitution and the TEX. CODE CRIM. PROC. ANN. art. 2.01 (1981) in the Exercise of Peremptory Challenges Provided to the State by TEX. CODE CRIM. ANN. art. 35.15 (1983) and the same is hereby granted.

_____
PRESIDING JUDGE

DEFENDANTS APPLICATION
FOR PROBATION

FILED
AT _____ O'CLOCK ___ M

OCT 6 1994

_____ LA PRADE - CLERK, DISTRICT COURT
_____ US COUNTY, TX
_____ DEPUTY

NO. 12,764

THE STATE OF TEXAS       §       IN THE DISTRICT COURT
                         §
VS.                      §              OF
                         §
BILLY JOE WARDLOW        §       TITUS COUNTY, TEXAS

## APPLICATION FOR PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the defendant in the above styled and numbered cause and shows the following:

### I.

The defendant herein, before the trial of this cause has begun, files this his sworn statement, and hereby states that the defendant has never before been convicted of a felony in this State or any other State.

### II.

The defendant hereby files this his sworn Application for Probation, prior to the commencement of the penalty stage of the trial, and hereby moves that the jury grant the defendant herein probation, particularly in view of the mitigating circumstances to be introduced during this trial, including the defendant's background, age, and other circumstances to be presented to the jury, and the fact that the defendant has never before been convicted of a felony in Texas or any other State.

c:\wp51\doc\crim\applprob.bjw

Page -1-

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully moves that the Defendant's Application for Probation be granted by the jury in this cause.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100

_____
BILLY JOE WARDLOW

THE STATE OF TEXAS      §
                        §
COUNTY OF TITUS         §

BEFORE ME, the undersigned authority, on this date personally appeared BILLY JOE WARDLOW, the defendant, who, being by me duly sworn, did depose and state upon his oath that the facts and matters in the foregoing Application for Probation are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME, on this the _6th_ day of _October_, 1994.

_____
Notary Public, in and for the
State of Texas
Name Printed: _____
My Commission Expires: _____

LINDA HAMM
Notary Public
STATE OF TEXAS
My Comm. Exp. 11-15-97

c:\wp51\doc\crim\applprob.bjw                                  Page -2-

MOTION TO SUPPRESS
CONFESSION (S) WITH
ATTACHMENTS

NO. 12,764

FILED FOR RECORD
94 OCT 13 PM 1:36
BOBBY LaFRADE
DIST. CLERK, TITUS CO. TX
_Delma Bowen_ DEPUTY

THE STATE OF TEXAS           §       IN THE DISTRICT COURT

VS.                         §       OF

BILLY JOE WARDLOW            §       TITUS COUNTY, TEXAS

<u>MOTION TO SUPPRESS CONFESSION(S)</u>

TO THE HONORABLE JUDGE OF THIS COURT:

BILLY JOE WARDLOW, defendant, moves the court to suppress the confession(s) obtained from him on various dates between February, 1994 and present.  Copies of all statements which the State has tendered through discovery as confession(s) are attached hereto. In support of such motion Defendant shows:

I.

The defendant was arrested in Madison, South Dakota on June 16, 1994.

II.

After the defendant was arrested, and as a result of custodial interrogation, the defendant made a confession(s) to law enforcement officers.

III.

The defendant's confession(s) was not voluntary and was the result of coercion.

IV.

This confession(s) was obtained before the defendant was admonished of the right to remain silent, the right to an attorney,

c:\wp51\doc\crim\supconf.bjw

Page -1-

the right to have an attorney appointed before questioning, that anything the defendant said could be used against the defendant in a court of law, and that the defendant could terminate the interview at any time. Therefore, the statement obtained from the defendant is presumed to be coerced, and was obtained in violation of the Fifth and Sixth Amendments of the United States Constitution, Article I, Section 10, of the Texas Constitution, and Article 38.22 S 2(a) of the Texas Code of Criminal Procedure.

v.

This written confession(s) is inadmissible as evidence against the defendant because the face of the statement does not show that before making the statement the defendant either received proper warnings from a magistrate pursuant to Article 15.17 of the Code of Criminal Procedure or received the following admonitions from the person to whom the statement was made:

1. That the defendant had the right to remain silent and not make any statement at all.

2. That any statement made could be used against the defendant at trial.

3. That the defendant had the right to have a lawyer present to advise the defendant prior to and during any questioning.

4. That if the defendant was unable to employ a lawyer, the defendant had the right to have a lawyer appointed to provide advice prior to and during any questioning.

5. That the defendant had the right to terminate the interview at any time.

c:\wp51\doc\crim\supconf.bjw

## VI.

The confession(s) obtained from the defendant is inadmissible because there is a direct causal connection between the extraction of the confession(s) from the defendant and illegal police conduct.

## VII.

The defendant's confession(s) cannot be considered truly voluntary because it was the result of improper inducements on the part of the Morris County sheriff.

WHEREFORE, the defendant prays the court grant this motion and suppress the confession(s) made by the defendant.  The defendant further respectfully requests that if the confession(s) is found admissible the court make specific findings of fact and conclusions of law.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____

Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100
ATTORNEY FOR DEFENDANT

BY: _____

Lance W. Hinson
P. O. Box 399
Mt. Pleasant, Texas 75456-0399
Phone (903) 572-6675
FAX (903) 572-7348
State Bar Card No. 09709400
ATTORNEY FOR DEFENDANT

c:\wp51\doc\crim\supconf.bjw

Page -3-

Ricky;

The following statements are true to the best of my memory, and I solemnly swear with God as my witness (and may he strike me dead if I am lieing or conceal anything) that these are the actual events that occurred between June 13th and June 23rd of 1993.

Billy Wardlow

Date: 09/11/94   Time: 9:30 p.m.   name: Billy Wardlaw

SS#: 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   D.L#: 02768160   D.O.B. 11-25-74

First, before I begin, let me explain the previous litter containing a statement. That statement was true in most areas, but left out some facts or (bent the truth to make Tonya appear uninvolved). The statement was written to protect the second party involved in this endevor, and that I swear to you is the truth. I love her, but now God has shown me that the truth shall set me free. He has also given me another chance at life so that I may serve Him fully and spread a testimony that is one of a kind. Please speak with me concerning these matters as soon as it is convenient for you to do so. I am ready to accept whatever fate comes to me, because they can kill me, but can't touch my soul which Jesus has gotten and cleansed making it ready for his glory and presence. Everything I am about to write is all true and I will stake my soul on it and will be glad to testify to it in court.

(3) Well, it started right after we got out of jail in Mount Vernon. The charges of unauthorized use had been dropped and we were set free, but I went home with mom instead of Black to Ft. (Worth). The original plan had been to go to another state and start a new life, but we were stopped by D.P.S. and the truck was found to be stolen. We got home and I immediately resumed my plan to move to another state and start all over in a place where no one would know us. Late on June 13th I told Tonya of my plan to leave the next day and the plan to rob Mr. Cole. She concealed her thoughts of agreement and the night slowly slipped in on us. Around 11 p.m. she and I went over to ~~my house~~ (Bill Emery's) and sat around watching a movie on his VCR. I then showed him the gun to ask him what he thought about it and if he liked it. He commented me on it and we discussed it a little while. We both are black sheep and left out of the big picture on everything, so we got along well. The plan I had discussed with Tonya involved going to Mr. Cole's house and robbing him, tieing him up, taking him with us in his truck, and leaving him somewhere away from the main road or a phone. At around 12:30 a 1:00 A.M. she and I left on one of the check in visits to see whether anyone was up or not. We got there on foot and after arriving I disconnected the phone lines, went to the door under the carport, and knocked on the door. There

was no answer, and after several minutes we
left and went back to Bill's and I explained
I had to wash and then we went on to my
house. A while later we left again to try the
same thing, but again we had no success.
Before leaving I looked at the truck and decided
it might be best if we just steal the truck
and then later on we could ditch it and be
safe from being suspected, but Tanya reminded
me of the last recent trip to jail, and said "We
can't leave a witness this time," so we went back
home. I set the alarm for 5:30 or so, and we
awoke before the alarm sounded and left out
for the house again. There was still no answer
at the door, and the house was dark and silent.
We then went to wait at the fire station. I was
still having second thoughts, and wouldn't heed
to them. An hour or so later we went to the
old burnt place by the church right near the
voting booths. We sat and waited for a while
and then at daybreak we proceeded toward the
house again. We got to the house and now the
lights were on. We proceeded to the door under
the carport and I knocked on the door. In a
moment I heard footsteps and then the door
opened. I asked if I could borrow the phone,
because my car had broke down. He obliged
me and handed me a cordless phone that
didn't work, because the lines was all disconnected.
I handed it back to him and said it must have

dead batteries in it. He argued and said it didn't have batteries in it. I then asked if he had another phone, and he began to shut the door. I caught it with my foot, brought out the 45 from the front of my pants, cocked it, thumped it off safety, and told him to back into the house. He lunged at me and grabbed my arm and the gun with both hands. For an old man he was extraordinarily strong, and almost knocked the gun free. I then found the trigger with my trigger finger and fired. The shot was simply in hopes he would let go and back up seeing I wasn't playing. The gun's shot catapulted him off the steps and threw him against the wall under the windows. During which Tonya ran out of the garage screaming. I stood there stunned and couldn't believe what had happened. I looked at the big hole between his eyes and the blood and gray matter leaking out, and felt a little dizzy and had to catch myself. I called Tonya into the house behind me and found his pants first. I got his wallet and some keys that I thought might be the keys to the truck, later finding the keys in the truck. Tonya said, "we can't leave him there, we've got to move him." I then surveyed the rooms and grabbed a blanket off the bed he slept in and headed out the door. I asked Tonya to help me get him in. We both lifted him and half carried half dragged into the bedroom, where

I put him in the closet and closed the door. Before we left I picked up the phone and set it on the table, I believe, but I'm not sure. We left locking the door behind us. After getting in the truck we headed went out to highway 1448 and then down to highway 11. Once on 11 we proceeded west and turned right onto SE35A. At the corner we went left off into the woods and removed anything that didn't pertain to the truck. We then headed east up SE35A and onto SE35 which continues east. At 1440 we turned left and went several feet only to turn right and go by the old school and then the fire station. I then turned towards my house on the blacktop next to my house and by my neighbors. I parked in my neighbors driveway and walked over to my house. I had previously loaded all my clothes into trash bags and one brief case. I got all my belongings which I had set into the back of my own truck so that the stuff wouldn't be seen and headed back to the truck.

The rest of the story is as the first statement portray it.

I swear and attest that the previous statements and occurances are all true and filled in complete as I can remember.

Billy Wardlaw

Dear Ricky,

I know you probably don't understand why I'm acting up. I can't really explain it either, but if it's all possible I need to get someone to talk to about the problem. It is imperative that it is soon, because I am beginning to loose what control I have in my opinion, and for the safety of the other inmates, I believe I should be moved to the back into a single cell. Certain persons, whom I will not state, have pushed me to the limit and could be hurt or maybe worse. As you and I both know I'm guilty of one, and another isn't going to hurt anebit. As far as I'm concerned, I've been convicted and sentenced to death already. I also request that I not be moved into the violent tank, because I feel like a freak and it seems like people are making fun of me. I've had enough of that growing up. Please, it is urgent that you respond before something happens you and I will both regret. Thank you for understanding my problem and situation.

Thank You
Billy Wardlow

Ricky,

I need for you to set up a hearing to assign me another attorney. My present one isn't satisfactory, therefore I request a new one A.S.A.P.

Thank You,
Billy Waddon

Received on 12-13-93 RT Per Blackbu

Ricky,

I want you to talk to judge Porter or Mye and get him to assign me a new attorney and I want attorney Coin file for a speedy trial. I'm tired of this jerking around. Everyone acts and acts like you are some kind of an animal they never seen. If I am treated as a punch I will act accordingly to the way I'm treated. I've been to court and the complaint has gotten to me. Also I believe it is discriminating of them. Some or whoever certain in 145 and want others anyone else and. If this process and nothing is done then I will vent my anger on the jailer. What are you going to do whip my ass, shoot me, or file charges on me. I'm going to die anyway and between planned one, I am ready. Be what you will, you are just like everyone else, I just don't give a fuck. "I will pull your out of ... and let ... you." so what I will are and for been a half while I ... the jailer is scared to talk to you. Now ... I in the fucking cell. Anything I can fuck up or anyone I will, I've been pushed to far and had to to much.

Sincerely,
Billy Winslow

Rickey,

Well, now I know what happened that day back in June. I wrote down all events from when I lost my job up until now. It took all night and eight pages back and front. It worked a little like you said, but it went in reverse of the effects ~~that~~ it should have had. Instead of calming me down, it only made me angrier at myself. I have always hated someone who picks on the helpless, and said I would kill anyone who hurt one of them. I even tried to kill myself last night, but the electrical plug wasn't hot or wasn't even enough to feel. I wished I had never wrote that shit down, because now it haunts me like a ghost. Don't let Tonya say she was there, because she wasn't with me. He was waiting at my neighbors house until I came back. I will give you a full statement so that it will be off my chest. I just can't take it anymore.

Thanks

Billy Wardlow

Ricky,

I greatly appreciate your cooperation on letting me move to a single cell. I have found the answer to my questions and can truly seek God in whatever I do. I know what the D.A. is pulling for and I know he can get it and I'm not afraid of the truth anymore. Not even afraid to face myself, because Jesus said, "The truth shall set you free." I ask one favor and that is to help mom, because she has already lost one in the past and she is going to need a good friend close for her. I wish to remain here in this single cell until whenever I go to trial or get bonded out or whatever happens. Thank you.

Sincerely,
Billy Wardlow

P.S. I wish to apologize for ever thinking you were involved in a drug smuggling operation and now know the information was a lie.

2-25-94

02/23/44   2:15 p.m.

Ricky,

I told you I would give you a statement, so here is what happened on June 14, 1993. The night before I was at the neighbor house me and my girlfriend, and we were watching a movie. I already had in my possession the LLAMC .45 Automatic that was used for the shooting. I showed the gun to my neighbor William Emery, who examined it and complemented me on it. At about 11:30 p.m. on 06/13/93 I left with my girlfriend to go and check out the place and see if anyone was up. There were no lights on and not a sound to be heard. I reached the porch and undid the phone line, so that no one could call the police. I knocked on the door and there was no answer. I then decided to go back home after two other tries later that day and early the next morning. The intention was to get him to let me use the phone and once inside, I would rob him. I had stolen trucks before, but this time I had no money. When we got home I set the alarm for 5:00 a.m, so I could go and get the job done. My girlfriend followed me to my neighbor house and there she stayed until I came back with

→

the truck, it was actually about 6:05 a.m. when I left the house. I got there and will never wake up. I knocked on the door and there was no answer. I went up the road and waited at the house that I had recently pushed down and when his light came on I [?] car knocked on the door, and he answered. I told him my car was broke down, and wanted to know if I could use the phone so I could call my friend. He reached inside the door and picked up a cordless phone and handed it to me. It didn't work because the line was disconnected. He set the phone down on the table and started to close the door. I then caught the door and ask if he had another phone and that that phones batteries might be dead. He said no and persisted to close the door and then is when I drew out the .45 from my pants. As I brought it out, I cocked a shell into the chamber. I raised it up and told him to walk inside the house. He [?] the door frame and concerned when he caught [?] being younger and stronger, I pushed him inside. I shot him right between the eyes. Just because he pissed me off. He was shot like an executioner would have done it. He fell to the ground lifeless and we even struggle a hair. I proceeded inside found his

pants and removed all money and keys from it,
since I didn't know which keys were to the truck. I then
thought of putting the body in the truck and hauling
it off in the woods, but decided I didn't have any
time to waste, since it was about that early in the
morning and would draw some attention. I went
to the bedroom and grabbed the blanket, went outside
and wrapped up the body. I picked up the body and went
back into the bedroom. There I put him in the closet
and shut the door thinking it would be some time
before he could be found. I proceeded out of the house
not even thinking of fingerprints. I got in the truck
which already had keys in it and left. I headed
just toward 1445, then onto 11. There I went beside
fiddling and turned off on the road where the curve
is right before you get to the bridge SE 35A. At the
curve that goes to the creek I went down the trail in
the truck and unloaded anything that wasn't paper-
work for the truck. I then left going out the other way
ending up on SE 35 then onto 1441B. I then turned
up on the crossroads to my neighbors house which is
on the blacktop by my house. There I parked and got
my girlfriend and we walked over to my house and got
what few things which were already packed and in the
→

back of my pickup Comet then I [?] unloaded off my [?] [?] in to [?] and then to my [?], expend upmit the 47 dollars I found in the wallet which I kept. Then I stopped at the store right by the interstate and got a coke. When I finally reached the wallet and found [?] 135 bill and then threw it in the dumpster. We then proceeded to an [?] along the way of [?] for the [?] things just the way it happened and [?] because I didn't have to go. y [?] [?] [?] it out because I didn't [?] caught. I, Billy Wardlow do solemnly swear that the above statement is true and complete to the best of my knowledge.

name                NC.  #                SS. #
Billy Wardlow       9276 8160           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

Above in the verification of who I am is [?] that there is no question of who wrote this statement.

I Billy Wardlow freely have written this statement to Charles Richard Blackburn, without any punishmen or promise from the relation to be used in the case pending against me. Case No. 6936, State of Texas vs. Billy Joe Wardlow.

MOTION TO EXCLUDE/SUPPRESS
WITNESS

NO. 12,764

FILED FOR RECORD
5% OCT 13 PM 1:36
BOBSY LAPRADE
DIST. CLERK. TITUS CO. TX
by _____DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | |
| | § | OF |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS |

### MOTION TO SUPPRESS AND/OR EXCLUDE
### TONYA FULFER AS A WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BILLY JOE WARDLOW, Defendant, by and through his attorneys of record, and would show the Court as follows in support of said motion:

#### I.

His Honor conducted qualification and general voir dire of the jury panel in the above-styled and numbered cause October 6, 1994. On May 5, 1994, by motion filed February 7, 1994 on Defendant's behalf requesting a list of State witnesses, the presiding judge of this Court ordered that the State supply Defendant with a list of the State's witnesses prior to voir dire. On October 7, 1994, the State informed Defendant through his attorneys that the State had made a plea agreement with Co-Defendant, Tonya Fulfer, reducing the charge against her to murder as apposed to capital murder in exchange for a plea of guilty and would allow the jury to assess punishment; this agreement having been made in exchange for testimony.

On October 6, 1994, the day designated by the Court for individual voir dire of the first juror at 10:30 A.M. immediately prior thereto for the first time the State named Tonya Fulfer as a witness. Upon objection of Defendant his Honor delayed the starting of individual voir dire.

#### II.

Tonya Fulfer is the common-law wife of Defendant Billy Joe Wardlow and is incompetent as a witness herein pursuant to Rule 504, Section 1, "Confidential Communication Privilege"; and additionally, Rule 504, Section 2, "Privilege Not to be Called as a Witness Against Spouse." The Common-Law marriage of Fulfer and Wardlow existed months prior to the 14th day of June, 1993.

c:\wp51\doc\cria\motsuptf.bjw

The testimony of Tonya Fulfer should be suppressed due to the unexplained delay of the State in naming her as a witness and pursuant to Rule 504, Texas Rules of Criminal Evidence.

Due to the lack of diligence in disclosing Tonya Fulfer as a witness and in disclosing the deal made with her by the State, Defendant Billy Joe Wardlow's rights pursuant to the Constitution of the United States and the State of Texas that the laws of the State of Texas have been violated.

WHEREFORE premises considered, Defendant Billy Joe Wardlow prays that his motion to suppress be granted; and for all other relief he may be entitled to at law.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100
ATTORNEY FOR DEFENDANT

BY: _____
Lance W. Hinson
P. O. Box 399
Mt. Pleasant, Texas 75456-0399
Phone (903) 572-6675
FAX (903) 572-7348
State Bar Card No. 09709400
ATTORNEY FOR DEFENDANT

MOTION TO SUPPRESS
EVIDENCE

CAUSE NO. 12,764

FILED FOR RECO:

94 OCT 13 PM 1::
BOBBY LAPRADE
DIST CLERK TITUS CO.
by _Debra Bowen_ DEP

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 76/276TH JUDICIAL DISTRICT |
| | § | |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS |

### MOTION TO SUPPRESS EVIDENCE

TO THE HONORABLE JUDGE OF THIS COURT:

Billy Joe Wardlow, defendant, moves the court to suppress all evidence seized on or about July 3, 1993, in a search of Billy Joe Wardlow's jail cell in Morris County, Texas, and in support of this motion shows:

#### I.

On or about July 3, 1993 defendant was moved to a different jail cell in the Morris County, Texas jail. A jail trustee, reportedly named Craig Bias, inspected and seized items in defendant's jail cell on behalf of the Morris County Sheriff's department. The items are believed to include only two Dr. Pepper bottles and the handwritten notes that the sealed bottles contained. The trustee's statement is attached hereto as Exhibit "A".

#### II.

Inspection of the sealed bottles revealed handwritten notes addressed to Tonya Fulfer, defendant's common-law wife (attached as Exhibit "B"), and Lynda Wardlow, defendant's mother (attached as Exhibit "C"). The appearance of the notes in the sealed bottles did not create probable cause to believe that the items were evidence of a crime.

#### III.

The hand-written notes have been authenticated by a State witness to have been written by Billy Joe Wardlow, to which finding the defendant duly excepts.

#### IV.

Defendant, as a jail inmate, had no procedure in his jail cell to destroy the notes. Defendant retained his privacy interest in, and never abandoned, the notes.

#### V.

The search in this case was conducted without a warrant in violation of the Fourth Amendment of the United States Constitution, Article I, Section 9 of the Texas Constitution, and the provisions of the Code of Criminal Procedure.

## VI.

The search in the instant case does not fall within any exception to the warrant requirement.

WHEREFORE, the defendant prays that the court grant this motion and suppress the evidence seized as a result of the warrantless search on or about July 3, 1993.

Respectfully submitted,

Old, Rolston & Old, L.L.P.

_____
Bird Old, III
P.O. Box 448
Mt. Pleasant, TX 75456-0448
(903) 572-4331
(903) 572-8831  (FAX #)
State Bar No. 15244100
Attorney for Defendant

_____
Lance W. Hinson
P. O. Box 399
Mt. Pleasant, Texas 75456-0399
(903) 572-6675
(903) 572-7348 (FAX #)
State Bar No. 09709400
Attorney for Defendant

MOTION TO RESTRICT STATES'
CROSS EXAM OF DEFENDANT WITH
SIGNED ORDER

FILED FOR RECORD
94 OCT 17 PM 12:33

BOBBY LAPRADE
DIST. CLERK, TITUS CO. TX

NO. 12,764

THE STATE OF TEXAS          §     IN THE DISTRICT COURT
                            §                        DEPUTY
        VS.                 §
                            §     OF Vol 31 Page 294 -2
BILLY JOE WARDLOW           §     TITUS COUNTY, TEXAS

### MOTION TO RESTRICT STATE'S
### CROSS-EXAMINATION OF THE DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLY JOE WARDLOW, by and through his attorneys of
record and in support of his motion to restrict cross-examination
would show the Court as follows:

I.

This motion is in regard to a Jackson-Denno hearing scheduled
for 1:00 P.M. on October 17, 1994.

II.

In the event Defendant chooses to testify, he has the right to
do so regarding the voluntariness of the alleged statement without
waiving the Fifth Amendment privilege not to testify at the trial
in chief. Additionally, any cross-examination of Defendant must be
restricted to the facts surrounding of voluntariness of the
confession, Lopeze vs. State, 384 S.W.2d 345.

WHEREFORE PREMISES CONSIDERED, Defendant prays the State be
ordered to restrict cross-examination to the issue of voluntariness

c:\wp51\doc\crim\restrict.bjw

Page -1-

of the confession and instructed not to go into the truth of the
matters set forth in the alleged statement or confession.

Respectfully Submitted,

OLD, ROLSTON & OLD, L.L.P.

BY: _____
Bird Old, III
P. O. Box 448
Mt. Pleasant, Texas 75455
Phone (903) 572-4331
FAX (903) 572-8831
State Bar Card No. 15244100
ATTORNEY FOR DEFENDANT

BY: _____
Lance W. Hinson
P. O. Box 399
Mt. Pleasant, Texas 75456-0399
Phone (903) 572-6675
FAX (903) 572-7348
State Bar Card No. 09709400
ATTORNEY FOR DEFENDANT

c:\wp51\doc\crim\restrict.bjw

NO. 12,764

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS |

### ORDER GRANTING MOTION

On this the __17__ day of October, 1994, came on to be heard the foregoing Defendant's Motion to Restrict State's Cross-Examination of Defendant and the same is hereby granted.

PRESIDING JUDGE

c:\wp51\doc\cris\restrict.bjw

DEFENDANTS BRIEF ON MOTION
TO SUPPRESS CONFESSION(S)

FILED FOR RECORD
94 OCT 19 PM 4:42
BOBBY LAPRADE
DIST. CLERK. TITUS CO. TX
BY~~~~~DEPUTY

NO. 12,764

STATE OF TEXAS

VS.

BILLY JOE WARDLOW

In the District Court of Titus County, Texas

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
\* **DEFENDANT'S BRIEF ON MOTION TO SUPPRESS CONFESSION(S)** \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

OLD, ROLSTON & OLD, L.L.P.

BY: _____
BIRD OLD, III
P. O. Box 448
Mt. Pleasant, Texas 75456-0448
State Bar #15244100
Phone (903) 572-4331
Fax No. (903) 572-8831
ATTORNEY FOR DEFENDANT

BY: _____
LANCE W. HANSON
P. O. Box 399
Mt. Pleasant, Texas 75456-0399
State Bar #09709400
Phone (903) 572-6675
Fax No. (903) 572-7348
ATTORNEY FOR DEFENDANT

NO. 12,764

STATE OF TEXAS

.VS.

BILLY JOE WARDLOW

In the District Court of Titus County, Texas

* * * * * * * * * * * * * * * * * * * * * * * * * *
*                                                    *
* DEFENDANT'S BRIEF ON MOTION TO SUPPRESS CONFESSION(S) *
*                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *

TO THE HONORABLE JUDGE OF SAID COURT:

On Monday, October 17, 1994, Defendant's first Motion to Suppress Confession(s) came on to be heard.  The State having the burden of proof called Ricky Blackburn, Sheriff of Morris County, Texas.   This witness' testimony exhausted the remainder of the 17th and carried over to the 18th and concluded at approximately 10:45 A.M. at which time the State rested.  The Defendant called Billy Joe Wardlow as it's only witness, who testified for approximately 45 minutes.  At the conclusion of Defendant Wardlow's testimony, the Defense rested and the State offered no rebuttal.   Whereupon, the Court invited the State and the Defendant to submit argument

of facts and law by Brief.  Defendant by way of written
argument and Brief would show the Court as follows:

## I. SUMMARY OF TESTIMONY

Ricky  Blackburn,  Sheriff  of  Morris  County,  Texas,
(hereinafter  referred  to  as  Sheriff),  testified  that  he  had
been Sheriff of Morris County since August of 1992.  That on
or about June 21, 1993 he came into possession of the prisoner
Billy  Joe  Wardlow  at  Madison,  South  Dakota.    He  then
transported him to the Morris County jail, arriving there
on/or about June 23, 1993.  The Sheriff stated that at the
time he came into the possession of Wardlow, he informed him
of his Miranda (Fifth Amendment) Rights, and Wardlow invoked
his right to counsel and to have an attorney appointed.  Billy
Joe Wardlow had remained in his care in the Morris County jail
until October, 1994 when he was transferred to Titus County,
Texas.

The State offered it's Exhibit "1", a letter from Wardlow
to the chief jailer requesting to talk to the Sheriff about
his case.   Sometime after that and after the Sheriff had
consulted with both the District Attorney of Morris County,
Texas and with the District Judge of the 276th District Court,
the Honorable William Porter, as to whether or not he should
respond or generally what he should do about the request and
after Judge Porter had told him what came out of the meeting

could go for or against them, "them" being a reference to the
State of Texas or to the Prosecution.  Thereafter, the Sheriff
had Wardlow brought to the chief jailer's office at the jail.
The Sheriff estimated the length of the meeting from 3/4 of an
hour to an hour and 1/4.  The Sheriff stated that Mr. Wardlow
told him that he was having problems sleeping, that he was
having nightmares, stressed-out, or emotionally disturbed, or
to words to that effect.  Billy Joe Wardlow had orally
previously requested psychological counselling.  The Sheriff
testified that at that point in time Mr. Wardlow had been
indicted and had a lawyer appointed (Solomon) and that Solomon
had specifically instructed him not to talk to his client
about the case.  The Sheriff denied ever having questioned Mr.
Wardlow about the case but tells us that he advised Mr.
Wardlow among other things that he (the Sheriff) when he had
problems or when he was troubled, he reduced those problems to
writing, read them, corrected them, and studied them.  He
suggested that if Mr. Wardlow would start at a point in time
(prior to the alleged date of the offence charged) when he
left Ft. Worth and write down all the things that was
bothering him from that time until present, he would probably
find a benefit in doing so, or at least get right with God.
In the same conversation, the Sheriff told Mr. Wardlow that he
was a religious man, talked to him about Christ, the
forgiveness of sins, and though the Sheriff could not recall

-3-

his exact words, did not deny that he told Mr. Wardlow that the "truth would set him free," or that in order to be saved, that one must confess his sins and asked forgiveness from God for them.  The Sheriff told him that admitting the truth would help him (Billy Joe Wardlow) deal with the truth and that the answer to personal problems are usually found within ourselves; just find a way to reach within and find the resolution.

The Sheriff further admitted that without logging or noting the removal of a prisoner from the jail, that he transported Mr. Wardlow to a Pentecostal Church to be baptized.  In a letter to Billy Wardlow from Sheriff Blackburn dated August 17, 1994, the Sheriff reminds Mr. Wardlow that he was the one that took him to be baptized, to remember what he said to the preacher and remember what they talked about on the way back to jail, and for him (Wardlow) to remember when he needed to go to the single cell to clear his head that the Sheriff allowed it, and also asked Mr. Wardlow to recall that when he needed someone to talk to that the Sheriff would always take the time to talk to him.  In concluding that letter, the Sheriff quoted starting with the book of Saint Luke, Chapter 6, Verse 7, as set forth in the letter.  That, per an Exhibit offered on February 21st and 22nd, Mr. Wardlow was in cell #145 which was described as the suicide cell; and that from February 25th through March 17th, Mr. Wardlow was

also confined in the suicide cell, having only been out of that cell on February 23rd and 24th and housed in cell #160, which was a multiple occupant cell.  Wardlow, based on the undisputed facts of this case, wrote the alleged statements from the suicide cell under observation of the Sheriff's office.  The Sheriff described the suicide cell as designed for one person with a commode and bed and with a door with a window in it that was situated to where the jailer or dispatcher on duty could always view inside the cell.  The Sheriff also admitted to the search of Wardlow's cell on February 20, 1994.

## II. SUMMARY OF TESTIMONY OF BILLY JOE WARDLOW

Mr. Wardlow took the stand for the purpose of testifying as to the facts supporting his Motion to Suppress.  Mr. Wardlow's testimony as to the "meeting" was principally the same as the Sheriff's; Billy Joe testifying that the Sheriff gave him a lot of religious advice, that the Sheriff was an example to him and in summarizing perhaps a "light", someone to be looked up to and respected; that he took the Sheriff very seriously on his advice; that the Sheriff told him to write everything down that happened from the time they left from Ft. Worth to present which was bothering him, to read it, rewrite it and correct it and this would be a benefit to Mr. Wardlow.  Wardlow also admitted the Sheriff told him that it

-5-

would be best that when he was through with it to tear it up and to throw it away. Mr. Wardlow stated that the Sheriff's statement made in the meeting was a direct cause of him having written the statements in question. Mr. Wardlow confirmed that he was having severe problems sleeping and resting; at the time of the meeting that he was in effect emotionally disturbed and stressed-out; and that he had requested that the Sheriff get him psychological counselling. Wardlow testified that prior to arrest and after arrest he considered the Sheriff a friend; that there was an acquaintance between them and that he looked up to the Sheriff and considered the Sheriff a Spiritual guide and counselor; a person to rely upon. He testified that he was dissatisfied with his attorney, Mr. Solomon, and to the amount of time that he had been in custody (approximately nine months). He testified that he had asked the Sheriff to get him psychological help and that the Sheriff had responded that he should make that request to his lawyer, who Wardlow had told him would not accept long distance collect calls.

## III. ISSUE NO. 1

The principal issue to be determined as to the issue of suppression is "Were the acts of the Sheriff interrogation or the functional equivalent that elicited the statement in question."

-6-

Art. 38.22 of the C.C.P. Sec. 2. "No written statement made by an accused, as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that (a) the accused, prior to making the statement, either receive from the Magistrate the warning provided in Art. 15.17 of this Code or received from the person to whom the statement is made, a warning that: (1 - 5 as quoted in the statute)."

What is custodial interrogation? Rhode Island v. McInnis, 446 U. S. 291, 64 L. Ed. (2nd), 297, 100 S. Ct. 1682 in defining custodial interrogation said, "There must be expressed questioning or its functional equivalent, which means words or actions on the part of the police that the police should know or are reasonably likely to elicit an incriminating response. This later portion of the definition focuses primarily on the perception of the suspect rather than intent of police." The focus should be on the perception of the suspect. The intent of the police is relevant only to the extent that it bears on whether their actions were reasonably likely to invoke an incriminating response. United States v. Web, 755 F. 2d 382 (5th Cir.[Tex] 1985). Arizona v. Mauro, 418 U. S. 250, 95 L. Ed. (2nd), 458, 107 S. Ct. 60 (1987). A psychological ploy may constitute a functional equivalent of interrogation.

The facts of <u>Innis</u> as cited above, did not constitute the functional equivalent of interrogation.   The facts of that case, simply stated, are two police officers while transporting a prisoner had a conversation between themselves. The officers, between themselves, commented that there was a school for handicapped children in the surrounding area and expressed concern if a handicapped child found the weapon and injured himself.  Without words being spoken to the suspect, or defendant, the suspect then volunteered to show them where the gun was hidden.  The Court stated that "It cannot be said in short that the patrolmen should have known that their conversation was reasonably likely to elicit an incriminating response...and there was nothing in the record to suggest that the officers were aware that the respondent was peculiarly susceptible to an appeal to his conscience concerning the safety of handicapped children or that there was anything to suggest that the police knew the respondent was unusually disoriented and upset at the time."  In comparing those facts to the facts of Wardlow, words were spoken directly to Mr. Wardlow.  The Sheriff intentionally appealed to his belief in Christianity and the benefit of the forgiveness of sin, instructed him on how to write, and the time frame that he should direct his writing, and the Sheriff knew that Mr. Wardlow was having nightmares, problems sleeping and was depressed.  And further, by his actions or delay in talking to

-8-

Mr. Wardlow, placing him in the suicide cell, out of the suicide cell and back into the suicide cell, as reflected by Exhibits and testimony, and by soliciting the advice of the District Attorney and the District Judge of the Court having jurisdiction over this case and by admitting that he had been instructed by the Defendant's attorney to not discuss the case with the Defendant, and totally ignoring that request created a set of circumstances which mandate the finding of the functional equivalent of interrogation and as additional support the Rule on Mauro's psychological ploys, being a functional equivalent, show that the Sheriff's use of his Bible and his Christian discipline entrapped the Defendant into creating a written statement. Berry v. State 582 S.W.2d, 463, sets out the general rule to determine whether or not a confession was voluntary by the simple statement "The totality of the circumstances must be examined to determine whether a confession is voluntary". The above statement of facts as to the Sheriff's acts certainly show that in totality there was the functional equivalent of interrogation.

## IV. ISSUE NO. 2

Was the Defendant deprived of his rights of counsel by the actions of the Sheriff.

Both the Fifth Amendment and the Sixth Amendment give a suspect or Defendant the right to counsel.   The Sixth

-9-

Amendment right to counsel comes into play after a formal charging proceeding.  This Sixth Amendment right focuses on the accused rights to counsel after initiation of adversary proceedings rather than the Fifth Amendment requirement of counsel to insure voluntariness.  United States v. Shaw, 701 F. 2d 367, 380 (5th Cir.[Miss.] 1983).  An accused may waive his Fifth Amendment right without affectively waiving his Sixth Amendment right.  The Sixth Amendment creates a right to counsel at all post-arraignment interrogations.  Mr. Wardlow had had appointment of counsel prior to the alleged interrogation.  As stated before, the Sheriff was on notice from Defendant's attorney not to discuss the case with Defendant.  Maine v. Molton, 474 U. S. 159, 106 S. Ct. 477, 88 L. Ed. (2nd), 481.  "Sixth Amendment violation when such statements are obtained by knowingly circumventing the Defendant's right to have counsel present during a confrontation between the Defendant and the State's agent."  Massiah v. United States, 377 U. S. 201, 84 S. Ct., 1199, 12 L. Ed. (2nd), 246 (1964); stated that this applies to all confrontations even those that are indirect and surreptitious.  The facts of Wardlow are undisputed.  The Sheriff knew of the attorney's existence and his instruction not to communicate with his client.  After receiving a request by the client to talk to the Sheriff about his case he consulted the District Attorney and the District Judge prior to the confronting the

-10-

Defendant.  The fact that Sheriff did not contact Defendant's attorney Mr. Solomon prior to the "meeting" can lead to no other conclusion than the State deliberately circumvented the Defendant's right to have counsel present during a confrontation between the Defendant and the State, especially when the Sheriff disclosed the Defendant's request to both the District Attorney and District Judge several days prior to the actual meeting.

In Stone v. State, 612 S.W.2d 542 at 545 Court of Appeals discusses the difference between the Fifth and Sixth Amendment rights to attorney citing Innis and Massiah as cited above. The Stone Court states that per the Sixth and Fourteenth Amendment right to counsel, quoting Massiah prohibits law enforcement officers from deliberately eliciting incriminating information from a Defendant in the absence of counsel after a formal charge against the Defendant has been filed.  The Stone Court found that the facts of its case were on the Fifth Amendment and not the Sixth. If I am understanding the cases on the Fifth and Sixth Amendments correctly, by requesting appointed counsel a Defendant has invoked his right to counsel; that the meaning of interrogation is the same whether you have a Fifth or Sixth Amendment right, but the Fifth Amendment requires merely a voluntary waiver, but once the Sixth Amendment is invoked and a Defendant has an attorney, law enforcement is mandated by the Sixth Amendment not to

-11-

place itself in a position to or to deliberately elicit incriminating information from a Defendant in the absence of counsel. In Wardlow, by responding, the Sheriff deliberately placed himself in the position. The Sheriff took a course of conduct to deliberately place the Defendant in the position by not contacting his counsel, by talking to the State's attorney and by soliciting the advice of a District Judge having jurisdiction over the case; in effect, an officer of the State of Texas soliciting an opinion of a Court after indictment without notice to the Defendant or his attorney. The facts dictate that the Sheriff deliberately elicited incriminating information. It is well settled that the elected office of Sheriff, District Attorney and District Judge are independent offices. While the Sheriff's duty is to investigate and hold prisoners, he is not charged with the duty of prosecuting. The District Attorney is charged by law with prosecuting criminals. While factually it may be a fair statement that the Sheriff and District Attorney are each part of the prosecuting team, the District Judge of a county is not. When the Sheriff sought the advice of the District Court and it responded, to at least the extent of it could go for or against the State, Defendant was entitled to notice of that hearing and of the advice or ruling of the Court. Due process dictates that a judge be detached and neutral thus evening the playing field created by due process of law. When a Judge of

the Court responded to the Sheriff's question the level
playing field of due process was tilted to the State's
advantage.

### V. ISSUE NO. 3

If there was custodial interrogation, if the acts of the
Sheriff acting alone or in concert with advice from the
District Judge and District Attorney were custodian
interrogation, is the statement admissible.

It obviously is not in that there were no warnings given
per Art. 15.17 or <u>Miranda</u>. They do not appear as required by
the amended Art. 38.22 on the face of the statement nor is
there anything to indicate an effective waiver of counsel.
Per the Sixth Amendment under the undisputed facts as set out
above, there is no evidence to indicate an effective waiver of
counsel.

### VI. ISSUE NO. 4

If the statements in question are the result of custodial
interrogation or its functional equivalent, does the issue of
how the State came into possession of the document have an
affect on admissibility.

Art. 38.22 of the C.C.P. Sec. 1. "In this article a
written statement of an accused means a statement signed by
the accused or a statement made by the accused in his own
handwriting...". Sec. 2 of Art. 38.22 C.C.P. as cited above

-13-

sets the requirements for a written statement to be admissible. It provides that the statement must be voluntary as to warnings and as to waiver the Defendant must have knowingly, intelligently and voluntarily waived the rights set out in the warnings.

If the statement was a result of interrogation or its functional equivalent, it is totally irrelevant how the State came into possession thereof in that the requirements of knowingly, intelligently and voluntarily waiving the rights must be made prior to and during the making of the statement as set out in Sec. B.

### VII. PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant requests the Court to suppress the confessions the subject of this motion and in the event the Court does not suppress the same and finds the statement was voluntary and that it is admissible that the Court enter an order stating its conclusion as to whether the statement was voluntary along with the specific findings of fact upon which the conclusion is based, and for general relief.

Respectfully Submitted,

Bird Old, III
Lance W. Hinson
ATTORNEYS FOR DEFENDANT

-14-

ORDER TRANSFERRING ALL
CAUSE NUMBERS INTO #12,764

FILED

AT ___10___ O'CLOCK ___A___ M

JAN 3 1 1995

BOBBY LA PRADE - CLERK, DISTRICT COURT
TITUS COUNTY, TX
DEPUTY

CAUSE NO. 12,764                    *Vol 33 Page 108*

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN THE 76TH JUDICIAL |
| VS. | X | DISTRICT COURT OF |
| BILLY JOE WARDLOW | X | TITUS COUNTY, TEXAS |

ORDER

IT IS ORDERED that the Clerk of this Court transfer all motions, orders, indictments and other instruments and/or documents filed in Cause No. 6986, Cause No. 7126, Cause No. 7130 or any Cause No., whether in the District Court of Morris County or Titus County, to Cause No. 12,764, if the previously filed documents, motions and orders relate to the Capital Murder trial of Billy Joe Wardlow.

Signed this the __31__ day of __Jan.__, 1995.

_____
JUDGE PRESIDING

MOTION IN LIMINE

NO.   12,764

STATE OF TEXAS                    *          IN THE DISTRICT COURT
                                             FILED FOR RECORD
VS.                               *          76-276TH JUDICIAL DISTRICT
                                             DIST. CLERK. TITUS CO. TX
BILLY JOE WARDLOW                 *          TITUS COUNTY, TEXAS
                                             BY_____DEPUTY

<u>MOTION IN LIMINE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes BILLY JOE WARDLOW, defendant in the above styled and
numbered cause, and moves this Court before trial in limine for an
order instructing the District Attorney, his representatives and
witnesses to refrain from making any direct or indirect reference
whatsoever, at trial before the jury to any of the following
matters:

I.

Defendant moves to exclude all extraneous crime or misconduct
evidence which is not alleged in the indictment, unless it can be
shown to the Court, outside the presence of the jury by sufficient
proof that defendant perpetrated such conduct, that this evidence
is relevant to a material issue in the case, other than character
conformity, and that its probative value outweighs its potential
for prejudice.

II.

If the prosecutor is allowed to allude to, comment upon,
inquire about, or introduce evidence concerning, any of the above
matters, ordinary objections during the course of trial, even
sustained with proper instructions to the jury, will not remove the
harmful effect of same in view of its highly prejudicial content.

WHEREFORE, PREMISES CONSIDERED, defendant, BILLY JOE WARDLOW, prays that this Court order and instruct the District Attorney, his representatives and witnesses, not to elicit or give testimony respecting, allude to, cross-examine respecting, mention, or refer to any of the above matters until a hearing has been held outside the presence of the jury at which time this Court can determine the admissibility of these matters.

Respectfully submitted,

BIRD OLD III
ATTORNEY AT LAW


BY: _____
BIRD OLD III
15244100

Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion in Limine was delivered to the District Attorney's Office, at 500 BROADNAX

DAINGERFIELD TX

75638, on JANUARY 21, 1995.

BIRD OLD III
ATTORNEY AT LAW


BY: _____
BIRD OLD III
15244100

Attorney for Defendant

## O R D E R

On this the _____ day of _____, 1995, came on
to be considered defendant's Motion in Limine, and said motion is
hereby

(GRANTED)     (DENIED).

_____
JUDGE PRESIDING

MOTION TO SUPPLEMENT
WITNESS

FILED
AT _____ O'CLOCK ___ M

JAN 3 1 1995

BOBBY LA PRADE CLERK DISTRICT COURT
TITUS COUNTY, TX

DEPUTY

No. 12,764

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 76/... |
| VS. | * | DISTRICT COURT OF |
| BILLY JOE WARDLOW | * | TITUS COUNTY, TEXAS |

MOTION TO SUPPLEMENT WITNESS LIST

NOW COMES the State of Texas by and through its District Attorney, Richard Townsend, in the above entitled and numbered cause and formally moves to have added to the witness list the following parties:

| Witness | Date of Notification |
|---|---|
| Claudine Stanley | 08-29-94 |
| Jim Johnson | 08-31-94 |
| Chris Sanders | 10-21-94 |
| Bill Dunlap | 10-27-94 |
| Royce Smithey | 08-29-94 |
| Jimmy Stewart | 10-11-94 |
| Joe McKinney | 10-11-94 |
| ~~Bill Harrison~~ | 01-17-94 |
| ~~Rex Mars~~ | 01-13-94 |

Wherefore, premises considered, the State moves the Court to add to the witness list the foregoing parties.

Respectfully submitted,

Richard Townsend
District Attorney
Morris County, Texas

ORDER

The foregoing motion having been presented to me on this the ___31___ day of ___Jan___, 1995, and the same having been considered it is, therefore, ORDERED, ADJUDGED and DECREED that the foregoing parties be added to the witness list in the above entitled and numbered cause.

Ruling on Record

Judge Presiding
76th District

Court

Titus_____ County, Texas

DEFENDANTS REQUESTS
& OBJECTIONS TO CHARGE

Cause No. 12764

FILED FOR RE

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT -8 PM | |
| | § | | |
| VS. | § | OF | BOBBY LAPR.<br>DIST. CLERK. TITU: |
| | § | | |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS | BY |

Now comes the Defendant in the above and titled numbered cause, after the State and the Defendant have rested and closed and before the charge of the Court is read to the jury and the presence of the Court and State's counsel and in writing, presents these, requests and objections to the charge of the Court herein.

Request Number
I.

You are instructed that under our law a confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely and voluntarily made without compulsion or persuasion, provided; however, that it be made in writing and signed by the accused, and show that the accused has been warned prior to making such statement or confession, by the person to whom the same is made that:

(1) he has the right to remain silent and not make any statement at all and any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court; and

(3) he has the right to have a lawyer present to advise him prior to and during any questioning; and

(4) he may have his own lawyer, or, if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the time the defendant gave the alleged statement or confession to Ricky Blackburn, if he did give it, the said Ricky Blackburn did not warn the defendant in the respects just outlined, or as to any one of such requirements just outlined, then you will wholly disregard the alleged statement or confession and not consider it for any purpose nor any evidence obtained as a result thereof. If, however, you find beyond a reasonable doubt that the aforementioned warning was given, before you may consider such statement as evidence in this case, you must find from the evidence beyond a reasonable doubt

that prior to and during such statement, if any, the defendant knowingly, intelligently and voluntarily waived the rights hereinabove set out in the said warning, and unless you so find, or if you have a reasonable doubt thereof, you will not consider the statement or confession for any purpose whatsoever or any evidence obtained as a result of same.

Now if you find from the evidence, or you have a reasonable doubt thereof that at the time of the statement of the defendant, is such statement there was, to officer Ricky Blackburn, the defendant was ill, depressed, or otherwise reduced to the condition of physical and or mental impairment such as to render such statement, if any, not wholly voluntary then you will completely disregard such statement as evidence for any purpose nor will you consider, for any purpose any evidence to obtain by the police as a result thereof.

You are further instructed under our law a statement or confession of the defendant made while he is in jail or other place of confinement or in the custody of an officer which is the subject of custodial interrogation by the officer shall be admitted in evidence if it appears that the same was freely and voluntary made without compulsion or persuasion.  Now if you find from the evidence or you have a reasonable doubt thereof, that at the time of the statement of the defendant in this case, if the defendant was subjected to custodial interrogation or its functional equivalent you will completely disregard such admission as evidence for any purpose unless it is shown that at the beginning of the custodial interrogation or its functional equivalent the above warnings were not given to the defendant such to render such statement, if any, not wholly voluntary then you will completely disregard such statement as evidence for any purpose nor will you consider, for any purpose, any evidence obtained by the police as a result thereof; you are instructed that the functional equivalent of custodial interrogation is defined by law to mean "expressed questioning or its functional equivalent, which means words or actions on the part of the police that the police should know or are reasonably likely to elicit an incriminating response."  The latter portion of the definition focuses primarily on the perception of the defendant rather than intent of the police.

## II.

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. Such an assault is aggravated assault if it causes serious bodily injury to another or if the person committing the assault uses a deadly weapon. In this connection, the court gives you certain additional definitions and instructions.

The terms "intentionally" and "knowingly" have been defined in this charge and they have the same meaning here.

c:\wp51\doc\bv\confess.law

A person acts "recklessly" or is "reckless" with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur.   The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from the standpoint of the person charged.

"Bodily injury", "Serious bodily injury" and "deadly weapon" have been defined heretofore in this charge, and they have the same meaning here as before.

Now, if you find from the evidence beyond a reasonable doubt that on the 14th day of June, 1993, in Morris County, Texas, the Defendant intentionally, knowingly, or recklessly caused bodily injury to Carl Cole by shooting him with a gun but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the Defendant did not intend to kill Carl Cole nor intended to cause him serious bodily injury then you will find the Defendant guilty of aggravated assault.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt as to whether Defendant is guilty of aggravated assault, under the instructions given you, then you will acquit him and say by your verdict not guilty.

III.

Defendant by and through his attorney of record object to the charge in its application paragraph as to capitol murder where it charges "and the Defendant was then and there in the course of committing or attempting to commit the offense of robbery of Carl Cole".   Said charge is in variance with the indictment in that the indictment charges committing and attempting to commit the offense of robbery.   Defendant objects to this portion of the charge in that it requires the state to prove less than is alleged against the Defendant in the indictment.

Wherefore premises considered, Defendant prays for instructions set out in Roman numeral paragraph I and II and that the court conform the charge with the indictment.

_____
Bird Old, III

ORDER

WHEREAS the above and foregoing requests and objections to the charge were presented to this court prior to the charge of the Court being read to the jury, Defendant's request of additional instructions and changes in the charge are denied.

_____
JUDGE PRESIDING

c:\wp51\doc\bv\confess.law

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the above and foregoing has been hand delivered to Richard Townsend, District Attorney of Morris County, Texas on this the 8th day of February, 1995.

Bird Old, III

c:\wp51\doc\bv\confess.law

NOTE FROM JURY
( 1 of 4 )

Judge, we do not need To see
The 4 tape

Presiding Jury Lou Hopadan
V. H. H

NOTE FROM JURY
(2 of 4)

We need
Item 73

Jury Foreperson
Jarvis Reynolds

NOTE FROM JURY
(3 of 4)



Need pictures of carport showing backdoor & etc.

Jury Rep.

NOTE FROM JURY
(1 of 1)



NOTE FROM JURY
( 4 of 4 )

We - jury reach a verdict

*[handwritten, illegible]*

FILED
_____ O'CLOCK _____ M
AT

FEB - 8 1995

BOBBY LAPRADE CLERK, DISTRICT COURT
TITUS COUNTY, TX

CHARGE TO THE JURY

FILED
AT ____ O'CLO ___ M

FEB - 8 1995

BOBBY LA PRADE - CLERK, DISTRICT COURT
THE STATE TITUS COUNTY, TEX ___ DEPUTY

CAUSE NO. 12,764

VS.

BILLY JOE WARDLOW

*
*
*
*

IN THE 76TH

DISTRICT COURT OF

TITUS COUNTY, TEXAS

FILED FOR RECORD

95 FEB -8 PM 12: 3

BOBBY LA PRADE
U.S. CLERK. TITUS CO. T

BY _____ DEPUT

Vol 33 Page 129

MEMBERS OF THE JURY:

The defendant, BILLY JOE WARDLOW, stands charged by indictment with the offense of capital murder, alleged to have been committed on or about the 14th day of June, 1993, in Morris County, Texas. The defendant has pleaded not guilty.

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

A person commits the offense of capital murder if he commits murder, as hereinbefore defined, and the person intentionally commits the murder in the course of committing or attempting to commit the offense of robbery. Robbery is a felony.

A person commits the offense of robbery if, in the course of committing theft, and with intent to obtain or maintain control of property of another he:

(1) intentionally or knowingly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

"Theft" is the unlawful appropriation of property with intent to deprive the owner of said property.

"Appropriate" and "appropriation" means to acquire or otherwise exercise control over property other than real property.  Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" means tangible or intangible personal property, or a document, including money, that represents or embodies anything of value.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner.  Consent is not effective if induced by force, threats, deception or coercion.

"Owner" means a person who has a greater right to possession of the property than the defendant.

"Possession" means actual care, custody, control, or management of the property.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

The following definition of "intentionally" applies to the portion of the application paragraph for capital murder that requires you to determine whether the defendant did "intentionally cause the death of" the deceased:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

The following definition of "intentionally or knowingly" applies to the portion of the application paragraph that requires you to determine whether the defendant was acting in the course of committing or attempting to commit the offense of robbery when he

committed the murder of the complainant, if he did, and also applies to the elements of Robbery as defined:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The following definition of "intentionally or knowingly" applies to the portion of the application paragraph for murder that requires you to determine whether "the defendant did intentionally or knowingly cause the death of" the deceased.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Before you would be warranted in finding the defendant guilty of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant was in the course of committing or attempting to commit the offense of robbery of Carl Cole, as that offense is defined in this charge, but also that the defendant intentionally caused the death of Carl Cole by shooting Carl Cole with a firearm, and such act by the defendant did cause the death of Carl Cole.

Unless you find from the evidence beyond a reasonable doubt that on said occasion:

1. the defendant committed or attempted to commit the

offense of robbery of Carl Cole, as alleged in the indictment, if he did, and,

2. the defendant specifically intended to cause the death of Carl Cole when he shot Carl Cole with a firearm, if he did, and,

3. that Carl Cole died as a result thereof, if he did,

then you cannot convict the defendant of the offense of capital murder.

You are instructed that you may consider all relevant facts and circumstances surrounding the killing, if any, and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense, if any.

APPLICATION PARAGRAPH FOR CAPITAL MURDER

Now, if you find from the evidence beyond a reasonable doubt that in Morris County, Texas, BILLY JOE WARDLOW, on or about the 14th day of June, 1993, did then and there intentionally cause the death of an individual, namely Carl Cole, by intentionally shooting the said Carl Cole with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Carl Cole, then you will find the defendant guilty of capital murder as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder and next consider whether the defendant is guilty of murder.

APPLICATION PARAGRAPH FOR MURDER

Therefore, if you find from the evidence beyond a reasonable doubt that in Morris County, Texas, BILLY JOE WARDLOW, on or about the 14th day of June, 1993, did then and there intentionally or knowingly cause the death of an individual, namely Carl Cole by shooting the said Carl Cole

with a firearm, then you will find the defendant guilty of
murder.

Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant of murder.

If you believe from the evidence beyond a reasonable
doubt that the defendant is guilty of either capital murder
or murder, but you have a reasonable doubt as to which of
said offenses he is guilty, then you must resolve that
doubt in the defendant's favor and find him guilty of the
lesser offense of murder.

APPLICATION PARAGRAPH FOR AGGRAVATED ROBBERY

If you have found that the defendant is not guilty of
capital murder or murder, as defined above, then you will
next ~~decide~~ Consider whether the defendant is guilty of aggravated
robbery.

A person commits aggravated robbery if the person
commits robbery as defined above and he uses or exhibits a
deadly weapon during the robbery.

Therefore, if you find from the evidence beyond a
reasonable doubt that on or about the 14th day of June,
1993, in Morris County, Texas, the defendant, BILLY JOE
WARDLOW, while in the course of committing theft of
property, and with the intent to obtain and maintain
control of said property, did intentionally or knowingly
threaten to place Carl Cole in fear of imminent bodily
injury or death, and that the defendant did then and there
exhibit a deadly weapon, namely, a firearm, then you will
find the defendant guilty of aggravated robbery.

Unless you so find beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will acquit the
defendant of aggravated robbery.

If you have a reasonable doubt as to whether the
defendant is guilty of any offense defined in this charge,
you will acquit the defendant and say by your verdict "Not
Guilty."

Page 5

A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

After you retire to the jury room, you should select one of your members as your Presiding Juror.  It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you.  You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

No one has any authority to communicate with you except the officer who has you in charge.  After you have retired, you may communicate with this Court in writing through this officer.  Any communication relative to the cause must be written and prepared by the Presiding Juror and shall be submitted to the court through this officer.  Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any questions you may have.

Your sole duty at this time is to determine the guilt or innocence of the defendant under the indictment in this cause and restrict your deliberations solely to the issue of guilt or innocence of the defendant.

Following the arguments of counsel, you will retire to consider your verdict.  When you reach your verdict, notify the officer who has you in charge and he will bring you

into court for your verdict to be received by the court.

Gary R. Stephens, Judge Presiding

<u>VERDICT FORM</u>

"We, the Jury, find the defendant, BILLY JOE WARDLOW, not guilty."

_____

Presiding Juror

_____

(Please Print) Presiding Juror

"We, the Jury, find the defendant, BILLY JOE WARDLOW, guilty of capital murder, as charged in the indictment."

*Georgia Ragsdale Jr.*
Presiding Juror

*Jessie Ragsdale Jr*
(Please Print) Presiding Juror

"We, the Jury, find the defendant, BILLY JOE WARDLOW, guilty of murder."

_____

Presiding Juror

_____

(Please Print) Presiding Juror

"We, the Jury, find the defendant, BILLY JOE WARDLOW, guilty of aggravated robbery.

_____

Presiding Juror

_____

(Please Print) Presiding Juror

NOTE FROM JURY
(1 of 1)



SPECIAL ISSUES TO JURY

CAUSE NO. 12,764

THE STATE OF TEXAS                    *        IN THE 76TH DISTRICT

VS.                                   *        COURT OF

BILLY JOE WARDLOW                     *        TITUS COUNTY, TEXAS

MEMBERS OF THE JURY:                           *Vol 33 Page 138-146*

        By your verdict returned in this case you have found
the defendant, BILLY JOE WARDLOW, guilty of the offense of
capital murder, which was alleged to have been committed on
or about the 14th day of June, 1993, in Morris County,
Texas. In order for the Court to assess the proper
punishment, it is necessary now for you to determine, from
all the evidence in the case, the answers to certain
questions, called "Special Issues," in this charge. The
Court instructs you in answering these "Special Issues" as
follows:

        The mandatory punishment for the offense of capital
murder of which you have found the defendant guilty is
death or confinement in the Texas Department of Criminal
Justice, Institutional Division, for life.

        The State must prove Special Issue No. 1 submitted to
you beyond a reasonable doubt, and you shall return a
Special Verdict of "YES" or "NO" on Special Issue No. 1.

        The burden of proof on punishment question one
requires the State to prove beyond a reasonable doubt that
the defendant will more likely than not, commit criminal
acts of violence in the future so as to constitute a
continuing threat to society.

        In deliberating on Special Issue No. 1, you shall
consider all the evidence admitted at the guilt or
innocence stage and the punishment stage of trial,
including evidence of the defendant's background or
character or the circumstances of the offense that
militates for or mitigates against the imposition of the
death penalty.

        You may not answer Special Issue No. 1 "YES" unless

you agree unanimously.

You may not answer Special Issue No. 1 "NO" unless ten (10) or more jurors agree.

Members of the jury need not agree on what particular evidence supports a negative answer to Special Issue No. 1.

You are further instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling in considering all of the evidence before you and in answering the Special Issue No. 1.

It is not required that the State prove Special Issue No. 1 beyond all possible doubt; it is required that the State's proof excludes all "reasonable doubt" concerning the defendant.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case.  It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must the proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You are instructed that if you return an affirmative finding, that is a "YES" answer, to Special Issue No. 1, and only then, are you to answer Special Issue No. 2.

You are instructed that in answering Special Issue No. 2, you shall answer the issue "YES" or "NO."

You may not answer Special Issue No. 2 "NO" unless you agree unanimously, and you may not answer Special Issue No. 2 "YES" unless ten (10) or more of you agree to do so.

You need not agree on what particular evidence supports an affirmative finding on Special Issue No. 2.

In answering Special Issue No. 2, you shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness.

If the jury returns an affirmative finding on issue number one and a negative answer on issue number two, the Court shall sentence the Defendant to death.  If the jury returns a negative answer to issue one or an affirmative answer to issue number two, the Court shall sentence the Defendant to confinement in the institutional division of the Texas Department of Criminal Justice for life.

You are again instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling in considering all of the evidence before you in answering Special Issue No. 2.

During your deliberations, you are not to consider or discuss any possible action of the Board of Pardons and Paroles Division of the Texas Department of Criminal Justice or of the Governor, or how long the defendant would be required to serve to satisfy a sentence of life imprisonment.

During your deliberations upon the "Special Issues," you must not consider, discuss, nor relate any matters not in evidence before you.  You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

In arriving at the answers to the "Special Issues" submitted, it will not be proper for you to fix the same by lot, chance, or any other method than by a full, fair and free exchange of the opinion of each individual juror.

You are further instructed that if there is any evidence before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment, you cannot consider this evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the answers to the "Special Issues."

You are instructed that the defendant may testify in his own behalf if he chooses to do so, but if he elects not to do so, that fact cannot be taken by you as a circumstance against him nor prejudice him in any way.  The defendant has elected not to testify in this punishment phase of trial, and you are instructed that you cannot and

must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever.

After the reading of this charge, you shall not be permitted to separate from each other, nor shall you talk with anyone not of your jury.  After argument of counsel, you will retire and consider your answers to the "Special Issues" submitted to you.  It is the duty of your presiding juror to preside in the jury room and vote with you on the answers to the "Special Issues" submitted.

You are the exclusive judges of the facts proved and the credibility of the witnesses and the weight to be given to their testimony, but you are bound to receive the law from the Court which has been given you and you are bound thereby.

_____
Gary R. Stephens, Judge Presiding

### SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, BILLY JOE WARDLOW, would commit criminal acts of violence that would constitute a continuing threat to society?

### ANSWER

We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

_Jessie Bradley Jr_
Presiding Juror

### OR

We, the jury, because at least ten (10) jurors have a reasonable doubt as to the probability that the defendant, BILLY JOE WARDLOW, would commit criminal acts of violence that would constitute a continuing threat to society, determine that the answer to this Special Issue is "NO."

_____
Presiding Juror

In the event that the jury has answered Special Issue No. 1 in the affirmative, and only then, shall the jury answer Special Issue No. 2 to be found on the following page.

## SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, BILLY JOE WARDLOW, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

### ANSWER

We, the jury, unanimously find that the answer to this Special Issue is "NO."

_____
Presiding Juror

### OR

We, the jury, because of at least ten (10) jurors find that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed, find that the answer to this Special Issue is "YES."

_____
Presiding Juror

After the jury has answered each of the Special Issues under the conditions and instructions outlined above, the Presiding Juror should sign the verdict form to be found on the last page of this charge.

Page 6

163

## VERDICT

We, the Jury, return in open court the above answers to the "Special Issues" submitted to us, and the same is our verdict in this case.

_____
Presiding Juror

164

JUDGMENT ON JURY
VERDICT

FILED
1 12.1 O'CLOCK P M

FEB 1 1 1995

BOBBY LA PRADE - CLERK, DISTRICT COURT
IN THE 76TH TITUS COUNTY, TEXAS
DEPUTY

NO. 12,764

THE STATE OF TEXAS                      *

VS.                                      *

BILLY JOE WARDLOW                        *

DISTRICT COURT OF
Vol 33 Page 125 - 128
TITUS COUNTY, TEXAS

JUDGMENT ON JURY VERDICT OF GUILTY
PUNISHMENT FIXED BY JURY

Judge Presiding:  Gary R. Stephens          Date of Judgment:  02-08-1995
Attorney                                     Attorney       Bird Old, III
for State:  Richard Townsend                 for Defendant: Lance Hinson
Offense
Convicted of:  Capital Murder
               Section 19.03          Date of Offense
Degree:  A Capital Felony              Committed:  06-14-1993
Charging
Instrument:  Indictment

Plea:  Not Guilty
Jury                                         Presiding
Verdict:  Guilty                             Juror:  Jessie Ragsdale, Jr.
Plea to Enhancement                          Enhancement
Paragraph:  n/a                              Paragraph:  n/a
Findings on Use
of Deadly Weapon:  n/a
Punishment
Assessed by:  Jury
Date
Sentence Imposed:  02-11-1995
Punishment And        Death                  Date to
Place of Confinement:  Confined in T.D.C.J.  Commence:  02-11-1995
Time                                         Total Amount of
Credited:  06-16-1993 to present             Restitution/Reparation:  n/a
Concurrent Unless Otherwise                  Restitution to be Paid to:
Specified.                                   Name:
                                             Address:

     The defendant having been indicted in the above entitled and numbered cause
for the offense of Capital Murder, a Capital Felony, as charged in the indictment,
and this day this the 31st day of January, 1995 this cause being called for trial,
the State appeared by her Criminal District Attorney, Richard Townsend, and the
Defendant appeared in person and his Counsel, Bird Old, III and Lance Hinson, also
being present and both parties announced ready for trial, and the said Defendant in
open court was duly arraigned and pleaded Not Guilty to the charge contained in the
indictment herein; thereupon a jury, to-wit:  Jessie Ragsdale, Jr., and eleven
others, was duly selected, impaneled and sworn, who, having heard the indictment
read, and the Defendant's plea of not guilty thereto, and having heard the evidence
submitted, retired in charge of the proper officer to consider of their verdict and
afterward were brought into open Court, by the proper officer, the defendant and
his counsel being present, and in due form of law returned into open Court the
following verdict, which was received by the Court, and is here now entered upon
the Minutes of the Court, to-wit:

165

"We, the Jury, find the defendant, BILLY JOE WARDLOW, guilty of capital murder, as charged in the indictment."

/s/ Jessie Ragsdale, Jr.
Presiding Juror

Thereupon further evidence being heard by the Jury on the Special Issues pertaining to punishment, the Court again charged the Jury as provided by law, and the Jury after hearing the arguments of counsel, retired in charge of the proper officer to consider their verdict and afterward was brought into open Court by the proper officer, the Defendant and his counsel being present and in due form of law returned into open Court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to-wit:

SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, BILLY JOE WARDLOW, would commit criminal acts of violence that would constitute a continuing threat to society:

ANSWER

We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

/s/ Jessie Ragsdale, Jr.
Presiding Juror

SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, BILLY JOE WARDLOW, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather that a death sentence be imposed?

ANSWER

We, the jury, unanimously find that the answer to this Special Issue is "NO."

/s/ Jessie Ragsdale, Jr.
Presiding Juror

It is therefore considered and adjudged by the Court, that the said Defendant is guilty of the Felony, as charged in the indictment, and the said Defendant committed said offense on the 14th day of June, 1993, as found by the Jury, and that he be punished, as has been determined by the Jury, by Death, according to the law.

Fingerprint from
the left/right index
finger of
BILLY JOE WARDLOW,
Defendant

Judge Gary R. Stephens, Presiding
76th Judicial District Court
Titus County, Texas

Date Signed: 2-11-95

Taken by: _Billy Joe Wardlow_
Signature of Defendant: _Billy Wardlow_
Date Taken: 2-11-95

166

SENTENCE

SENTENCE

FILED
AT _____ O'CLOCK _P_ M

FEB 1 1 1995

BOBBY LA PRADE - CLERK, DISTRICT COURT
TITUS COUNTY, TX

NO.  12,764

THE STATE OF TEXAS                    *        IN THE 76~~TH JUDICIAL DISTRICT~~

VS.                                   *        COURT OF _Vol 33-Page 127-12_

BILLY JOE WARDLOW                     *        TITUS COUNTY, TEXAS

SENTENCE

This the ~~9th~~ _11th_ day of February, 1995, this cause being again called, the State appeared by her Criminal District Attorney, and the Defendant, BILLY JOE WARDLOW, was brought into open Court in person and his Counsel also being present, in charge of the Sheriff, for the purpose of having the sentence of the law pronounced against him and thereupon the Defendant, BILLY JOE WARDLOW, was asked by the Court whether he had anything to say why said sentence should not be pronounced against him and he answered nothing in bar thereof, whereupon the Court proceeded, in the presence of the said Defendant, BILLY JOE WARDLOW, to pronounce sentence against him as follows:

IT IS THE ORDER OF THIS COURT, that the said Defendant, BILLY JOE WARDLOW, who has been adjudged to be guilty of Capital Murder, a Capital Felony, as charged in the indictment, and whose punishment has been assessed by the verdict of the jury and the Judgment of the court as Death, shall be taken by the Sheriff of Morris County, Texas, and shall be delivered by the Sheriff of Morris County, Texas, immediately thereafter, to the Director of the Texas Department of Criminal Justice Institutional Division, or other persons legally authorized to receive such convicts and said Defendant shall be confined in said Texas Department of Criminal Justice Institutional Division, in accordance with the provisions of the laws governing the Texas Department of Criminal Justice Institutional Division of said State, and the Director of the Texas Department of Criminal Justice Institutional Division is hereby commanded and directed to keep the said Defendant, BILLY JOE WARDLOW, until a date to be determined and ordered by this Court should the appeal in this cause be affirmed and the Mandate of same is returned to the Clerk of this court by the court of Criminal Appeals of Texas at Austin, Texas, and, after the Mandate is returned to this Court, the Clerk of this Court shall issue and deliver to said Sheriff a Death Warrant, in accordance with this Sentence, directed to the Director of the Texas Department of Criminal Justice Institutional Division of the State of Texas, commanding him, the said Director, to put into execution the Judgment of Death against the said BILLY JOE WARDLOW, and the said Sheriff shall deliver the Death Warrant to the said Director, and upon a date to be determined and ordered by this Court after the Mandate is returned to the Clerk of this Court by the Court of Criminal appeals of Texas at Austin, Texas, at some hour before sunrise, in a room arranged for the purpose of execution the said Director is hereby directed and commanded, acting by and through the executioner designated by said Director as provided by law, commanded, ordered and directed to carry out this sentence of Death by intravenous injection of a substance or substances in a lethal quantity

167

sufficiant to cause the death of the said BILLY JOE WARDLOW, until the said
BILLY JOE WARDLOW, is dead and said Defendant is remanded to Jail until said
Sheriff can obey the directions of the sentence.

Judge Gary R. Stephens, Presiding
76th Judicial District Court
Titus County, Texas

Date Signed:  2-11-95

Fingerprint from
~~left~~/right index
finger of
BILLY JOE WARDLOW,
Defendant



Taken by:  Bobby Ze Prude

Signature of Defendant:  Billy Wardlow

Date Taken:  2-11-95

168

MOTION FOR
NEW TRIAL

CAUSE NO. 12,764

11  O'CLOCK  A  M

MAR 2 - 1995

CLERK DISTRICT COURT
TITUS COUNTY, TX

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 76TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BILLY JOE WARDLOW | § | TITUS COUNTY, TEXAS |

MOTION FOR NEW TRIAL   *Volume 33 Page 236?*

TO THE HONORABLE JUDGE OF SAID COURT:

BILLY JOE WARDLOW, Defendant, files this his Motion for New Trial, and in support of this motion shows:

I.

The trial court has committed an error material to the defense and injurious to the rights of the Defendant in that the trial court refused a jury instruction advising the jury that one convicted of capitol murder cannot be eligible for parole until a minimum of thirty five (35) calendar years have passed, in violation of the due course of law provisions of Article I, Section 10 of the Texas Constitution and the Due Process Clause of the 14th Amendment to the United States Constitution, as set out in Simmons vs. South Carolina, 114 S.Ct 2187 (1994).

II.

The trial court has committed an error material to the defense and injurious to Defendant in that the court admitted Defendant's "confession" in the form of letters written to Sheriff Ricky Blackburn, which were obtained in violation of Defendant's right to due process guaranteed by the Fifth Amendment to the United States Constitution, his right against self incrimination, guaranteed by the Fifth Amendment to the United States Constitution, the right to

MOTION FOR NEW TRIAL - Page 1

169

counsel, guaranteed by the Sixth Amendment to the United States Constitution and the right to due process of law and equal protection of laws, guaranteed by the Fourteenth Amendment to the United States Constitution.   Additionally, the letters were admitted into evidence in violation of the protection afforded Defendant by Article I, Section 10 of the Texas Constitution.

### III.

The court has comitted an error material to the defense and injurious to the rights of the Defendant by failing to submit an issue to allow the jury to decide if Defendant's "confession" was voluntary in accordance with Article 38.22, Section 6 of the Texas Code of Criminal Procedure.

### IV.

The verdict is contrary to the law and evidence in the case.

WHEREFORE, the Defendant prays the court grant this motion in order that a new trial be conducted in the above entitled and numbered cause.

Respectfully submitted,
LAW OFFICES OF DOUGLAS H. PARKS

DOUGLAS H. PARKS
State Bar No. 15520000
5016 McKinney Avenue
Dallas, Texas 75205
(214) 521-2670
Fax (214) 520-7064

ATTORNEY FOR DEFENDANT

MOTION FOR NEW TRIAL - Page 2

108

## ORDER SETTING HEARING DATE

It is ordered that the hearing on the Motion for New Trial is hereby set for _10_ o'clock _A_. m. on the _17_ day of _April_ , 1995, in the courtroom of the 76th Judicial District Court in Mount Pleasant, Texas.

_____

JUDGE PRESIDING

**MOTION FOR NEW TRIAL** - Page 3

_170_

AMENDED MOTION
FOR NEW TRIAL

CAUSE NO. 12,764

| THE STATE OF TEXAS | § | IN THE 76TH JUDICIAL |
| VS. | § | |
| | § | DISTRICT COURT OF |
| BILLY JOE WARDLOW | § | |
| | § | TITUS COUNTY, TEXAS |

AMENDED MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

BILLY JOE WARDLOW, Defendant, files this his Motion for New Trial, and in support of this motion shows:

I.

The trial court has committed an error material to the defense and injurious to the rights of the Defendant in that the trial court refused a jury instruction advising the jury that one convicted of capitol murder cannot be eligible for parole until a minimum of thirty five (35) calendar years have passed, in violation of the due course of law provisions of Article I, Section 10 of the Texas Constitution and the Due Process Clause of the 14th Amendment to the United States Constitution, as set out in Simmons vs. South Carolina, 114 S.Ct 2187 (1994).

II.

The trial court has committed an error material to the defense and injurious to Defendant in that the court admitted Defendant's "confession" in the form of letters written to Sheriff Ricky Blackburn, which were obtained in violation of Defendant's right to due process guaranteed by the Fifth Amendment to the United States Constitution, his right against self incrimination, guaranteed by the Fifth Amendment to the United States Constitution, the right to

AMENDED MOTION FOR NEW TRIAL - Page 1

counsel, guaranteed by the Sixth Amendment to the United States Constitution and the right to due process of law and equal protection of laws, guaranteed by the Fourteenth Amendment to the United States Constitution.   Additionally, the letters were admitted into evidence in violation of the protection afforded Defendant by Article I, Section 10 of the Texas Constitution.

### III.

The court has committed an error material to the defense and injurious to the rights of the Defendant by failing to submit an issue to allow the jury to decide if Defendant's "confession" was voluntary in accordance with Article 38.22, Section 6 of the Texas Code of Criminal Procedure.

### IV.

The jury has engaged in such misconduct that the accused has not received a fair and impartial trial.

### V.

The verdict is contrary to the law and evidence in the case.

WHEREFORE, the Defendant prays the court grant this motion in order that a new trial be conducted in the above entitled and numbered cause.

Respectfully submitted,
LAW OFFICES OF DOUGLAS H. PARKS

DOUGLAS H. PARKS
State Bar No. 15520000
5016 McKinney Avenue
Dallas, Texas 75205
(214) 521-2670
Fax (214) 520-7064

ATTORNEY FOR DEFENDANT

AMENDED MOTION FOR NEW TRIAL - Page 2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was deposited in the United States Mail, first class, in an envelope properly addressed to Richard Townsend, Morris County District Attorney, 500 Broadnax, Dangerfield, Texas 75638, and stamped, on this the 10th day of March, 1995.

DOUGLAS H. PARKS

**AMENDED MOTION FOR NEW TRIAL** - Page 3

124

DESIGNATION OF RECORD
OF APPEAL

*LAW OFFICES OF*

**DOUGLAS H. PARKS**
5016 McKINNEY AVENUE
DALLAS, TEXAS 75205

FAX 520-7064
AREA CODE 214

TELEPHONE: 521-2670
AREA CODE 214

March 17, 1995

AT _1:30_ O'CLOCK _P_ M

MAR 20 1995

BOBBY LA PRADE
CLERK, DISTRICT COURT
TITUS COUNTY, TX

_____ DEP.

Bobby LaPrade
District Clerk
105 W. 1st
Mt. Pleasant, Texas 75455

    Re:  Cause No. 12,764
         State of Texas vs. Billy Joe Wardlow

Dear Mr. LaPrade:

    Please accept this letter as a supplemental Designation of
Record in the above-referenced matter.

    In addition to those items I have previously requested by
letter, and marked in my visit to your office, please include the
following in the appellate record:

    1.   A transcription of all hearings in conjunction with this
         case, in addition to the actual trial on the merits;

    2.   Defendant's original Motion for New Trial and all amended
         Motions for New Trial;

    3.   Transcription of all testimony and all evidence
         introduced at the hearing on Defendant's Motion for New
         Trial and Amended Motion for New Trial, and the Order of
         the court thereon;

    4.   The originals of all exhibits introduced into evidence
         before the jury; and

    5.   The originals of all exhibits introduced into evidence
         before the court.

                              Very truly yours,

                              Douglas H. Parks

DHP/dg

cc:  Richard Townsend
     Billy Joe Wardlow

175

Indictments
Mo. Change of Venue
Order Changing Venue
Docket Sheets
Order transfering   # 6986 to # 7127
Mo. Dismiss # 7127
Letter from Wardlaw filed  12-20-93
All Motions filed by Vernard Solomon w/ orders
Letters from Judge Moye dated 2-8-94
Mo. for Handwriting Exemplars w/ order
All other Motions filed by Richard Townsend w/orders
Letter from Townsend to Solomon dated 6-3-94
Mo. for Appointment of new Attorney filed by Wardlaw w/order
Letter Mo. Dismiss # 6986
Clerks Certificate filed  8-19-94
La Prade letter dated   8-19-94
Writ filed  9-22-94
All motions filed by Bird Old
Defendant's Brief on Motion to Suppress filed 10-19-94
All letters from Wardlaw to Ricky Blackburn

From Folder #1

176

All motions filed by Bird Old w/ orders
Mo. Supplement Witness List filed 1-31-95
Requested
Charge of Court filed 2-8-95
All notes from jury (filed 2-8-95) (2-11-95)
Judgment
Sentence
Court's Charge - Guilt - Innocence
Court's Charge - Punishment

From Folder #2

177

# CRIMINAL DOCKET

No. ____12,764____

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 12,764 | THE STATE OF TEXAS | Richard Townsend     State | Murder | 8 | 19 | 94 |
| | vs. | | | Information, Index or Indictment | | |
| | BILLY WARDLOW | Bird Old, 111 | | | | |
| | | | | Fee Book | | |
| | | | Defendant | Vol. | | Page |

| Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| Aug | 19 | 1994 | | Case received from Morris County on Change of Venue--Judge Banner | | | |
| 10 | 6 | 1994 | | (Judge Gary R. Stephens) Genl. Voir Dire Jury Questionnaire Shuffled by Def. | | | |
| 10 | 11 | 94 | | Voir Dire Cont. to 10/12/94. P/T motion heard | | | |
| 10 | 12 | 94 | | P/T motions heard. Recess for Motion Suppress - Mon. 10/17/94 10:30 A.M. | | | |
| 10 | 17 | 94 | | MTS hearing Evid. presented. Cont. to 10/18/94 | | | |
| 10 | 18 | 94 | | Hearing Cont. Recess for Briefs & law review | | | |
| 10 | 24 | 94 | | MTS "Denied" Add'l P/T motions heard. | | | |
| 10 | 24 | 94 | | Ind. Voir Dire Began : No Strikes No Jurors - (Qualified 2) | | | |
| 10 | 25 | 94 | | "    "    "    " Cont.: Qualified 2 Jurors | | | |
| 10 | 26 | 94 | | "    "    "    "    "    "    1    " | | | |
| 10 | 27 | 94 | | "    "    "    "    "    "    2    " | | | |
| 10 | 31 | 94 | | "    "    "    "    "    "    2    " | | | |
| 11 | 1 | 94 | | "    "    "    "    "    "    1    " | | | |
| 11 | 2 | 94 | | "    "    "    "    "    "    1    " | | | |

COURT DOCKET SHEET
(2 of 4)

STATE OF TEXAS

VS. NO. _____

| Date of Orders | | | ORDERS OF COURT | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol | Page |
| 11 | 3 | 94 | And. Voir Dire Cont. Qualified 1 Jurors | | |
| 11 | 17 | 94 | Annoc on strikes & selections. St. used 3 strike. | | |
| 11 | 16 | 94 | And. Voir Dire Cont. Qualified 2 | | |
| 11 | 15 | 94 | And. Voir Dire Cont. Qualified 0 | | |
| 14 | - | 94 | And. Voir Dire Cont. Qualified 1 Jurors | | |
| | | | Def. used 4 strikes & selection 5 Jurors selected (01,02,11,22,25) | | |
| 11 | 28 | 94 | Annoc on strikes & selections. St. used strike 4 | | |
| | | | Def. used strike #5 Jurors selected: 2 (41,48) | | |
| 11 | 28 | 94 | And. Voir Dire Cont. Qualified 2 Jurors | | |
| 11 | 29 | 94 | " | | |
| 11 | 30 | 94 | " | | |
| 12 | 1 | 94 | " | | |
| 12 | 2 | 94 | " | | |
| | | | Annoc on strikes & selection St. used strike #-0-1 | | |
| | | | Def. used strike #6,7,8; Jurors selected: 1 (01) | | |
| 12 | 28 | 94 | And. Voir Dire Cont. Qualified 3-jurors (71,79,78) | | |
| | | | State used strike #5 (78) Record until 114 | | |
| 1 | 04 | 95 | And. Voir Dire Cont. Qualified 1 juror (84) | | |
| 1 | 05 | 95 | And. Voir Dire Cont. Qualified 3 jurors (88,89,90) Record until 119/95 | | |

179

# CRIMINAL DOCKET

No. 12,764

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 12,764 | THE STATE OF TEXAS vs. | Richard Townsend          State | Capital Murder | 8 | 19 | 94 |
| | Billy Wardlow | | | | Information, Index or Indictment | |
| | | Bird Old, III | | | Fee Book | |
| | | | Defendant | Vol. | | Page |

| Date of Orders | | | Was Stenographer Used | ORDERS OF COURT   (Judge Gary Stephens) | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | | Page | |
| 01 | 09 | 95 | | Ind. Voir Dire Cont. Annoc. on Strikes to Selections. St. used Strike #6 & 7. No Strikes by Def. Juror 9, 10, 11, 12 Selected (79, 88, 89, 90) Def. has 7 remaining Strikes- unused. | | | |
| 01 | 10 | 95 | | Alternate Jurors Selected. (92, 95) Recess until 1/31/95 for trial. | | | |
| 1 | 31 | 95 | | Rule invoked. Witness for State sworn. Hearing on Motion to Suppress Arrest. Testimony presented. Motion "Granted" Def. arraigned, pled N.G. Jury Sworn to trial. Indictment presented, Opening Statements made. Testimony presented by State | | | |
| 2 | 1 | 95 | | Testimony Cont. | | | |
| 2 | 2 | 95 | | "          " | State Rested. | | |
| 2 | 3 | 95 | | Hearing on Bill exception. Recess until 10 AM Tue 2/7/95 | | | |

COURT DOCKET SHEET (3 of 4)

COURT DOCKET SHEET
(4 of 4)

STATE OF TEXAS

VS. NO. _____

| Date of Orders | | | ORDERS OF COURT | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| 2 | 07 | 95 | Testimony Presented by Def. Def. rests. State and Def. close. | | |
| 2 | 08 | 95 | Charge Prepared & read to jury. Arguments Presented | | |
| 2 | 09 | 95 | Jury Retired. Verdict: "Guilty" of Capital Murder as charged. | | |
| 2 | 10 | 95 | Punishment hearing. Testimony presented by State. | | |
| | | | Testimony cont. State rests. Testimony Presented by Def. | | |
| | | | Def. rests. Both sides close. Chg. Prepared and read to | | |
| | | | Jury. Arguments Presented. Jury retired. | | |
| | | | Jury returned "Yes" and "No" ans. to Q #1 and "No" ans. to Q #2 | | |
| 2 | 11 | 95 | Def. Sentenced to Death, in open Ct. Atty. Ord to Clerk - Atten. | 33 | |
| | | | memo'd as City of record. Atty for appeal to be appt. | | 125/128 |
| | | | Judgment | | |

181

APPELLANTS MOTION FOR
EXTENSION OF TIME TO
PREPARE TRANSCRIPT

NO. _12,764_

**FILED**
AT ___1___ O'CLOCK __P__ M

JUN 8 1995

BOBBY LA PRADE - CLERK, DISTRICT COURT
TITUS COUNTY, TX
_____ DEPUTY

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

AUSTIN, TEXAS

BILLY JOE WARDLOW, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

**APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE
TRANSCRIPT**

TO THE HONORABLE JUDGES OF THE COURT:

Appellant in the above styled and numbered cause, by and through his attorney, makes this Motion for Extension of Time to File Transcript, pursuant to Rule 54, Texas Rules of Appellate Procedure, and as grounds therefore would show the Court:

I.

This cause was heard in the 276th Judicial District Court of Titus County, Texas.

II.

The Trial Court cause number is No. 6986.  The Case is styled The State of Texas v. Billy Joe Wardlow.

III.

Appellant was convicted of the offense of capital murder.

IV.

Appellant was assessed punishment of death.

APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE TRANSCRIPT - Page 1

182

V.

The Transcript was due to be filed on June 12, 1995.   The Court has not granted any previous extensions to file the Transcript.

VI.

The length of time requested for the extension is for 60 days or until August 11, 1995.

VII.

Good cause for the requested extension for filing the Transcript exists because of the volume of material necessary to be included in the transcript.

IX.

Appellant would show that if this Motion is denied he will be deprived of effective assistance of Counsel.

<u>Prayer</u>

WHEREFORE, Appellant, by and through his attorney of record, prays that the Court will grant this motion and extend the time for filing the Transcript until August 11, 1995.

Respectfully submitted,
LAW OFFICES OF DOUGLAS H. PARKS

Original Signed By
DOUGLAS H. PARKS

DOUGLAS H. PARKS
State Bar No. 15520000
5016 McKinney Avenue
Dallas, Texas 75205
214/521-2670
214-520-7064

ATTORNEY FOR APPELLANT

183

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy
of the foregoing Motion was served on the District Attorney for
Morris County, Texas, on this the _7th_ day of June, 1995, by first
class mail.

Original Signed By
DOUGLAS H. PARKS

DOUGLAS H. PARKS

184

CERTIFICATION

STATE   OF   TEXAS   ()

COUNTY  OF   TITUS   ()


I,Bobby LaPrade, Clerk of the District Court of Titus County Texas do hereby
certify to the above and foregoing type written matters that constitute a true
and correct copy of the proceedings requested by the Appellants Attorney in
Cause No. 12,764 styled THE STATE OF TEXAS VS BILLY JOE WARDLOW, the originals
of which are on file in my office.

WITNESS my hand and seal of office at Mt. Pleasant, Titus County Texas this the
21st day of July ,1995.


_Bobby LaPrade_
Bobby LaPrade, District Clerk Titus County


Ila Faye Crescimanno
Deputy