

72102

CAUSE NOS. 6,986 & 7,127

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | MORRIS COUNTY, TEXAS |
| | § | |
| | § | 76TH JUDICIAL DISTRICT |
| | § | |
| BILLY JOE WARDLOW | § | JUNE TERM, A.D. 1994 |

MOTION TO ALLOW ATTORNEY TO WITHDRAW

June 23, 1994

**VOLUME 4 of 43 volumes**

FILED IN
COURT OF CRIMINAL APPEALS

OCT 1 1 1995

Troy C. Bennett, Jr., Clerk

ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

FILED IN
COURT OF CRIMINAL APPEALS

OCT 1 1 1995

Troy C. Bennett, Jr., Clerk

LLOYD E. BILLUPS, CSR, #149
OFFICIAL COURT REPORTER
76TH JUDICIAL DISTRICT
MT. PLEASANT, TEXAS

```
 1                        VOLUME 4 INDEX

 2   JUNE 23, 1994                              PAGE/VOLUME

 3   APPEARANCES . . . . . . . . . . . . . . .     1/4

 4   MORNING SESSION . . . . . . . . . . . . .     2/4

 5   COURT REPORTER'S CERTIFICATE PAGE . . . . .   12/4

 6   JUDGE'S CERTIFICATE PAGE  . . . . . . . . .   14/4

 7   ATTORNEYS' CERTIFICATE PAGE . . . . . . . .   15/4
```

* * * * *

CAUSE NOS. 6,986 & 7,127

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | MORRIS COUNTY, TEXAS |
| VS. | § | |
| | § | 76TH JUDICIAL DISTRICT |
| | § | |
| BILLY JOE WARDLOW | § | JUNE TERM, A.D. 1994 |

MOTION TO ALLOW ATTORNEY TO WITHDRAW

June 23, 1994

**VOLUME 4 of 43 volumes**

Before Honorable Thomas B. Thorpe

Judge by Judicial Assignment

APPEARANCES

ATTORNEYS FOR THE STATE OF TEXAS:

    MR. RICHARD TOWNSEND
    District Attorney
    Morris County Courthouse
    Daingerfield, Texas 75638

ATTORNEYS FOR THE DEFENDANT:

    MR. VERNARD SOLOMON
    306 West Houston Street
    Marshall, Texas 75670

1      On the 23rd day of June, A.D. 1994, at
2  the June Term, A.D. 1994, the above-entitled and numbered
3  causes came on for hearing before said Honorable Court,
4  Judge Thomas B. Thorpe, Judge by Judicial Assignment
5  presiding, and the following proceedings were had:
6
7              (Court called to order.)
8
9              THE COURT: Good morning and
10 be seated, be seated.
11             All right. The Court is here on
12 assignment in the case of "The State of Texas Vs. Billy
13 Joe Wardlow," the original case number being 6,986, it's
14 my understanding that a new indictment has been filed
15 which is designated "Cause No. 7,127, State of Texas Vs.
16 Billy Joe Wardlow" which is a re-indictment of the same
17 case.
18             Do both attorneys move the Court to
19 transfer all motions and orders from 6,986 to 7,127 with
20 the motions and orders to apply the same as if they had
21 been filed in the case originally?
22             MR. TOWNSEND: Yes.
23             MR. SOLOMON: Yes, Your Honor.
24             THE COURT: Very well. The
25 motions are thereby transferred from the original case

1  to the new case as if they had been filed there
2  originally.
3          The first order of business today was
4  to be the hearing and Motion for Change of Venue filed
5  in the original case now transferred to the new case.
6          The District Attorney has filed a
7  verified pleading in opposition to the Motion for Change
8  of Venue but a new motion has been filed this morning by
9  counsel seeking to be discharged as attorney of record
10 and this is also joined in writing by the Defendant.
11         I think probably in due order of things
12 it would be better to take up this motion first before
13 we do anything else.
14         Is that agreeable with both sides?
15         MR. TOWNSEND: Yes.
16         MR. SOLOMON: It is, Your
17 Honor.
18         THE COURT: Very well. All
19 right. Mr. Solomon, I have your motion in writing, I
20 will hear any statement or argument that you have in
21 support of your motion.
22         MR. SOLOMON: Judge, the
23 motion basically sets forth that there has been a
24 conflict between myself and Mr. Wardlow in regard to the
25 direction in which to proceed in the preparation of a

1  defense to the extent that I have really been unable to
2  communicate in regard to preparation of that defense.
3  In addition he has requested that I file
4  this motion in the sense that he wants to get another
5  attorney who can provide in a manner in which he so
6  desires.
7  In addition to that, Judge, and the
8  legal ramifications of that suggestion I personally have
9  some problems that have arisen since the appointment.
10 In the early part of April my mother,
11 73 years of age, has come down with a chronic illness and
12 is currently under 24 hour care, homebound on oxygen and
13 is deteriorating to the extent that it is -- it would not
14 surprise me from medical information given to me that if
15 she would not pass during this trial.
16 Additionally I am the only son within
17 200 miles of Mother and I'm called upon numerous times
18 during the days to take care of matters that arise in
19 regard to her health and in regard to people who care for
20 her and that's a problem so that kind of prompted the
21 motion also on my behalf, Your Honor.
22 THE COURT: Do you feel like
23 that problem in and of itself would interfere -- could
24 interfere with your trial preparation and your ability
25 to proceed?

1    MR. SOLOMON: Undoubtedly.
2    Yes. It would, Judge.
3    THE COURT: All right. Now,
4    that is a new factor that -- that has just come about.
5    The matter of disagreement with your
6    client and your client's disagreement with you, that was
7    something that was taken up the last time I was here even
8    though no motion had been filed either by the Defendant
9    or by the attorney it was indicated to the Court that
10   there was a problem there and as a result of that I
11   talked with the Defendant and got his viewpoint on the
12   record at that time and also sought to encourage both
13   attorney and the Defendant to work out their problems.
14   Has there been any improvement in the
15   relationship since that time?
16   MR. SOLOMON: Judge, I had a
17   long visit with Billy in the jail on Monday of this week
18   and at the end of that conversation there has been no
19   improvement, the same request for him with regard to my
20   withdrawal and not wanting -- the ability to communicate
21   and direction to proceed has not improved to any extent,
22   it's actually worsened.
23   THE COURT: All right. I will
24   ask the Defendant.
25   Mr. Wardlow, you have filed a pleading

1  in Court entitled "Motion to Allow Attorney to Withdraw"
2  and for the appointment of a new attorney and this was
3  prepared by your lawyer at your request apparently and
4  you have signed that and sworn to it.
5              Would you please stand for me as I
6  address you?
7              Did you read over that request that you
8  have made?
9              THE DEFENDANT: Yes, sir.
10             THE COURT: And did you
11 understand it?
12             THE DEFENDANT: Yes, sir.
13             THE COURT: And do you wish
14 to take -- to have the Court consider your request and
15 the motions in the motion?
16             THE DEFENDANT: Yes, sir.
17             THE COURT: The thing that I
18 want to give you an opportunity to understand is that if
19 I do appoint a new attorney that that will cause some
20 delay, hopefully the delay can be kept to a minimum, but
21 it will create some type of delay and that means that you
22 will stay, remain in jail until you do have a trial.
23             Do you understand that?
24             THE DEFENDANT: Yes, sir.
25             THE COURT: And are you

1  agreeable to waive any rights that you might have to a
2  speedy trial under the Texas Constitution and the
3  Constitution of the United States?
4              THE DEFENDANT: Yes, sir.
5              THE COURT: And there has been
6  a Motion for Change of Venue filed and do you request
7  that this be carried over if the Court considers this
8  request that this be carried over until a later time,
9  until such time you have conferred with another attorney?
10             THE DEFENDANT: Yes, sir.
11             THE COURT: All right. Do you
12 have anything that you want to add to this motion?
13             THE DEFENDANT: No, sir.
14             THE COURT: I asked you before
15 about your feelings about this and you told me that you
16 just didn't like your attorney and was basically what I
17 got out of it.
18             Have you been able to improve these
19 relationships at all?
20             THE DEFENDANT: No, sir. He
21 said what I wanted he couldn't do it, just wasn't within
22 him to do that.
23             THE COURT: And do you
24 understand that if I do grant this motion and appoint
25 another attorney that there is no -- that there is no

1  guarantee that this attorney is going to maybe feel any
2  different than Mr. Solomon about your legal position, do
3  you understand that?
4          THE DEFENDANT: Yes, sir.
5          THE COURT: And do you
6  understand that this is your first attorney and you have
7  a very serious case with possible serious consequences
8  and it's much easier for you and the Court and the trial
9  and everybody else if you have somebody that you feel
10 like you are comfortable with, you can cooperate with,
11 but you understand that there is no guarantee of that if
12 I grant this motion that probably there won't be a second
13 motion?
14         THE DEFENDANT: Okay.
15         THE COURT: I won't consider
16 it again, do you understand?
17         THE DEFENDANT: Yes, sir.
18         THE COURT: All right. Do you
19 have anything else you want to say?
20         THE DEFENDANT: No, sir.
21         THE COURT: All right. Thank
22 you.
23         I will hear the District Attorney's
24 position on the motion.
25         MR. TOWNSEND: Your Honor,

1  although I understand the need for the delay that Mr.
2  Solomon has discussed I would just request that the Court
3  proceed as quickly as possible to appointment of a new
4  attorney if a new attorney is to be appointed and that
5  we adhere as closely as possible to the trial schedule
6  to be set.
7  THE COURT: I understand
8  there's a companion to this case and the companion case
9  is being more or less held subject to this case and I'm
10  sure that -- that it may be a request for setting that
11  case to proceed on with that case also.
12  So, the Court will take the Motion to
13  Withdraw under advisement and in that respect Mr. Solomon
14  will continue to be your attorney until the Court decides
15  on this motion.
16  I will just say for the record I have
17  had many cases where there was a personality clash or
18  conflict between the attorney and the defendant and that
19  is not necessarily a reason to just let the Defendant
20  have his way and appoint a new attorney but I do realize
21  that there is a serious conflict in this matter that I
22  tried to resolve the last time I was here and apparently
23  without success and probably more than a conflict I am
24  impressed with the fact that the attorney for the
25  Defendant lives in Marshall which is some distance from

1  here and if he has a family illness problem that it would
2  prevent him from giving his full attention to this case
3  as the case deserves.  I am more impressed by that than
4  I am by the Defendant's inability to get along with his
5  attorney so I am taking that into consideration and also
6  the Defendant's feeling, your feelings, I will take this
7  under advisement.
8              The Motion for Change of Venue, is it
9  the lawyer's agreement that that just be carried at this
10  time and not heard?
11              MR. SOLOMON: Yes, Your Honor.
12              MR. TOWNSEND:  Yes, Your
13  Honor.
14              THE COURT:  There is a motion
15  for -- there is another motion on the docket for hearing
16  on Admissibility of Defendant's Statement in the form of
17  a letter and do both sides agree to carry that at this
18  time pending the Court's decision and the possible
19  appointment of another lawyer?
20              MR. TOWNSEND:   Yes, Your
21  Honor.
22              MR. SOLOMON: Yes, Your Honor.
23              THE COURT:  Very well.  All
24  right.
25              The Court will recess this matter, we

1  will take the Defendant's motion under advisement, we
2  will work today and tomorrow to consider the motion and
3  the availability of other counsel that would not
4  unnecessarily delay the matter.
5  　　　　　　　　We will advise the clerk when to put
6  this matter back on the docket, we'll just hold it in
7  recess at this time.
8  　　　　　　　　All right.  Court will stand in recess.

　　　　　　　　　　　　　*****

| | |
|---|---|
| 1 | STATE OF TEXAS § |
| | § |
| 2 | COUNTY OF TITUS § |

I, Lloyd E. Billups, CSR #149 and Official Court Reporter in and for the 76th Judicial District, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings in the above-styled and numbered causes, all of which occurred in open court or in chambers on June 23, 1994 and were reported by me.

I further certify that this transcription of the record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

WITNESS MY HAND this 29TH day of September, 1995.

_____
LLOYD E. BILLUPS, CSR #149 & OFFICIAL COURT REPORTER
76TH JUDICIAL DISTRICT, STATE OF TEXAS

```
 1    Certification Number of Reporter:   149

 2    Expiration Date of Certification:   12/31/96

 3    Business Address:   Drawer 1868
                          Mt. Pleasant, Texas 75456-1868
 4
      Telephone Number:   903/577-6735
 5
      Transcribed By:     Tandra K. Gibson
 6
```

```
 1          The within and foregoing pages,
 2  including this page, having been examined by the Court
 3  are found to be a true and correct transcription of the
 4  statement of facts and other proceedings, all of which
 5  occurred in open court or in chambers and were reported
 6  by the Official Court Reporter.
 7          SIGNED this_____ day of
 8  _____, A.D., 1995.
 9
10
11
12          _____
            THOMAS B. THORPE
13          Judge by Judicial Assignment
```

```
 1            We, the undersigned attorneys of record
 2   for the respective parties, do hereby agree that the
 3   foregoing pages constitute a true and correct
 4   transcription of the statement of facts, and other
 5   proceedings in the above-styled and numbered cause, all
 6   of which occurred in open court or in chambers and were
 7   reported by the Official Court Reporter.
 8            SIGNED this _____ day of
 9   _____, A.D., 1995.
10
11
12
13                    _____
                      Attorney for the State
14
15
                      _____
16                    Attorney for the Defendant
17
18
19
20
21
22
23
24
25
```