

CAUSE NO. 12,764

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TITUS COUNTY, TEXAS |
| | § | |
| BILLY JOE WARDLOW | § | 76TH JUDICIAL DISTRICT |

STATEMENT OF FACTS

MOTION FOR DISCOVERY, PRODUCTION

AND INSPECTION OF EVIDENCE NO.1

October 11, 1994

**VOLUME 7 of 43 volumes**

FILED IN
COURT OF CRIMINAL APPEALS

OCT 1 1 1995

Troy C. Bennett, Jr., Clerk

ORIGINAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED IN
COURT OF CRIMINAL APPEALS

OCT 1 1 1995

Troy C. Bennett, Jr., Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VOLUME 7

MOTION FOR DISCOVERY, PRODUCTION

AND INSPECTION OF EVIDENCE NO. 1

<u>OCTOBER 11, 1994</u>                                    <u>PAGE/VOLUME</u>

APPEARANCES . . . . . . . . . . . . . .          1/7

MORNING SESSION . . . . . . . . . . . .          3/7

COURT ADJOURNED . . . . . . . . . . . .         24/7

COURT REPORTER'S CERTIFICATE  . . . . . . .      25/7

* * * * *

VOLUME 7

EXHIBIT INDEX

| EXHIBIT NO. | MKD. | IDENT. | OFFRD. | ADM/DEN |
|---|---|---|---|---|
| VOIR DIRE 1<br>Witness List | 16 | 16 | 16 | 17/ADM |
| VOIR DIRE 2<br>Punishment Evidence | 16 | 16 | 16 | 17/ADM |

* * * * *

1          CAUSE NO. 12,764

2   THE STATE OF TEXAS        §   IN THE DISTRICT COURT OF
                              §
3   VS.                       §   TITUS COUNTY, TEXAS
                              §
4   BILLY JOE WARDLOW         §   76TH JUDICIAL DISTRICT

5

6             STATEMENT OF FACTS

7        MOTION FOR DISCOVERY, PRODUCTION

8       AND INSPECTION OF EVIDENCE NO.1

9             October 11, 1994

10            **VOLUME 7 of 43 volumes**

11

12       Before Honorable Gary R. Stephens

13          Judge by Judicial Assignment

14      (Venue changed from Morris County, Texas)

15

16               APPEARANCES

17

18   ATTORNEYS FOR THE STATE OF TEXAS:

19          MR. RICHARD TOWNSEND
            District Attorney
20          Morris County Texas
            Morris County Courthouse
21          Daingerfield, Texas 75638

22               and

23          MR. RANDY LEE
            Assistant District Attorney
24          Cass County Texas
            P.O. Box 940
25          Linden, Texas 75563

1    ATTORNEYS FOR THE DEFENDANT:

2              MR. BIRD OLD, III
               Old, Rolston & Old
3              P.O. Box 448
               Mt. Pleasant, Texas 75456-0448

4
                    and
5
               MR. LANCE HINSON
6              Law Offices of Danny Woodson
               P.O. Box 399
7              Mt. Pleasant, Texas 75456-0399

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    On the 11th day of October, 1994, the

2  above-entitled and numbered cause came on for hearing

3  before said Honorable Court, Judge Gary R. Stephens of

4  Midlothian, Texas, serving by judicial assignment in the

5  District Court of Titus County, Texas, on change of venue

6  from Morris County, Texas, and the following proceedings

7  were had:

8    THE COURT:  Let's get on the

9  record.

10    I do not have the jacket, I believe it's

11  the Cause No. in Titus County, Cause No. 12,764, "State

12  Vs. Billy Joe Wardlow."

13    Let the record reflect that both of the

14  attorneys for the Defendant and the Defendant himself is

15  present in the courtroom and that Mr. Richard Townsend

16  is present for the State of Texas.

17    The first order of business is a Motion

18  for Appointment of Co-Counsel.

19    This Motion was filed by Mr. Townsend

20  requesting the payment of Randall Lee, an Assistant

21  District Attorney of Cass County to be assisting him in

22  the voir dire.

23    Mr. Townsend, do you also wish Mr. Lee

24  to assist you in the trial of the case?

25    MR.  TOWNSEND:   Yes,  Your

1    Honor.

2                           THE COURT:   Does the Defense

3    have any objection?

4                           MR. OLD:   None, Your Honor.

5                           THE COURT:   I will appoint Mr.

6    Lee and I understand that Mr. Lee has agreed to serve

7    without additional compensation for Morris or Titus

8    County.

9                           Mr. Old, you had orally requested

10   permission from the Court to have Co-Counsel?

11                          MR. OLD: That's correct, Your

12   Honor.

13                          THE COURT:   And you were

14   present at our general voir dire, you had Lance Hinson

15   present as Co-Counsel and at this point I will appoint

16   him as Defense Co-Counsel and I will pay him in

17   accordance with the discussion we had last time I was in

18   town.

19                          MR. OLD:   Thank you, Your

20   Honor.

21                          MR. HINSON:   Thank you, Your

22   Honor.

23                          THE COURT:   Do we have any

24   other matters to be taken up before we proceed with voir

25   dire?

1          MR. OLD:  Yes, Your Honor.

2          THE COURT:  Mr. Old?

3          MR. OLD:  Your Honor, at

4  approximately 10:00 o'clock the State supplemented their

5  Witness List that by order signed May 5th, 1994 Judge

6  Thorpe ordered them to file prior to jury voir dire.

7          They added three names, one which is

8  Tonya Fulfer, a Jim Stewart and a Joe McKinney.

9          These three names have been supplemented

10  late in that voir dire of the jury started Thursday of

11  last week, this being the 10th of October and I believe

12  last Thursday being the 7th.  We are surprised by this

13  supplementation, it effects our ability to go forward on

14  voir dire in that we only know who one of these persons

15  is, the other two people I have no idea in this world.

16  We don't have addresses for them or locations or numbers

17  for them.

18          I cannot intelligently question a juror

19  about their knowledge of a relationship with or the

20  effect of these three people testifying without further

21  investigation.

22          Additionally, Tonya Fulfer is also

23  indicted with the same offense that Mr. Wardlow is under

24  a separate number and indictment.

25          I received I believe by mail last

1    Thursday afternoon a statement informing me that the

2    State had made a deal with Miss Fulfer and that she would

3    be pleading to the offense of "Murder" as opposed to

4    "Capital Murder" and that if I understood the agreement

5    correctly Mr. Townsend and her attorney had agreed that

6    they would let the jury determine her punishment but it

7    being a non-capital offense.

8              Tonya Fulfer is in fact an accomplice

9    witness.  The fact that she had not been named as a

10   witness prior to today I felt comfortable with I would

11   not be confronted with her as a witness.  I have not

12   prepared myself to voir dire this jury on the effect of

13   accomplice witnesses and the accomplice witness rule as

14   to testimony of an accomplice.

15             We are surprised by the naming of these

16   people and are not prepared to go forward at this time

17   and first would request a mistrial.

18             THE COURT:  Your request for

19   a mistrial is denied.

20             MR. OLD:  We would request a

21   continuance this morning until we can determine who these

22   people are and where they are located and identified them

23   so that we may intelligently question the juror as to

24   their knowledge of them.

25             THE COURT:  Mr. Old, I'm not

1   familiar with the order that you referred to from Judge

2   Thorpe.   I'm going to take you at your word, I don't

3   distrust you at all, so I'm going to assume that -- well,

4   again tell me when was the State supposed to give you the

5   information?

6                    MR. OLD:   Your Honor, there

7   is an order in the file, I have a copy of what has been

8   furnished me as an order.

9                    It is granted and then Judge Thorpe next

10  to his signature made a qualification as to when.

11

12                    (Handed to the Court.)

13

14                    THE COURT:   You have handed

15  me the last page of the order dated May 5th, 1994 signed

16  by Judge Thorpe ordering that the Defendant's Motion for

17  list of State witnesses is granted so I guess we need to

18  see the motion to see what the actual motion itself

19  requests.

20                    Now, this was a motion filed prior to

21  you being appointed as Counsel?

22                    MR. OLD:   Yes.

23                    THE COURT:   But you did, I

24  assume rely on this motion?

25                    MR. OLD:   Yes.

1          THE COURT:   Mr. Townsend,

2   while we are looking up the order and motion would you

3   like to respond?

4          The first thing I would like to know is

5   who Mr. Stewart and Mr. McKinney are?

6          MR. TOWNSEND:  Those are two

7   people that were in jail during the period of time when

8   Mr. Wardlow was in jail.

9          There is an Offense Report that has been

10  provided to Mr. Old that details an occurrence that

11  happened in the jail that they were witnesses to.  He's

12  aware of it.  He read the report and he has a copy of

13  that.

14          THE COURT:   Are these

15  witnesses you intend to use for punishment?

16          MR. TOWNSEND:  If they are

17  used -- I don't anticipate using them at all but if they

18  are used at all it would be the punishment stage.

19          THE COURT:  I understand that

20  Tonya Fulfer, what I will refer to as the "Co-Defendant",

21  and I heard from Mr. Old that you had made a deal with

22  Tonya Fulfer and her lawyer, is that correct?

23          MR. TOWNSEND:  I believe from

24  what Mr. Old said he was aware of it last Thursday.

25          MR. OLD:     Last Thursday

1    afternoon after voir dire in this case was concluded it

2    was in my mail when I returned.

3                          THE COURT:   So you don't

4    dispute what Mr. Old told me about the agreement?

5                          MR. TOWNSEND:   So far as the

6    Thursday he himself --

7                          THE COURT:   No.   I'm talking

8    about the agreement itself to plead guilty to murder and

9    have a jury assess punishment?

10                         MR. TOWNSEND:   No.   I have no

11   dispute.

12                         THE COURT:   Let me read that

13   motion, I'll get back on the record.

14                         Let's go off the record.

15

16                         (Off the record discussion.)

17

18                         THE COURT:   Let's get back on

19   the record.

20                         Mr. Townsend, we were off the record for

21   a moment and you began to tell Mr. Old who the witnesses

22   were.

23                         Would you please start again, sir?

24                         And let the record reflect Mr. Townsend

25   is talking in the courtroom in the presence of Mr.

1    Wardlow to Mr. Wardlow's attorney.

2                    Mr. Townsend.

3                         MR. TOWNSEND:   Joe McKinney

4    is one of the witnesses, potential witnesses listed.

5    He's a lifelong Morris County citizen, he's currently

6    residing in TDC.

7                         We revoked his probation for a felony

8    theft charge I believe.  It was either that or possession

9    of drugs, that I can find out for sure for you but I

10   believe it was a theft.

11                        In any case he's a convicted felon.

12                        Jimmy Stewart I don't recall as much

13   about other than he is a Morris County resident.   I

14   cannot give you his whereabouts at this time because I

15   don't know them.  In order for us to use him as a witness

16   we are going to have to be able to locate him ourself.

17                             MR. OLD:  Is he on probation?

18                             MR. TOWNSEND:  I believe he's

19   a convicted felon, that is information that I can get to

20   you, you know, by tomorrow at the latest.

21                        I don't believe he's on -- currently on

22   probation.   I think he's either currently on  -- or

23   currently, you know, out.  I don't believe he's in jail

24   anywhere at this time.  I don't know where he is.  I

25   don't have an address on him.

1            MR. OLD:   As to the witness

2    Tonya Fulfer, would it be permissible, Your Honor, for

3    me to inquire when this deal was made?

4            THE COURT:   You may.

5            MR. TOWNSEND:   I think the

6    deal was made, you know, her attorney and I have talked

7    about it back and forth for some time.

8            I think to say when the final deal was

9    made, I guess it would have been two or three weeks ago.

10           MR. OLD:   Your Honor, I don't

11   have this letter with me, it's still on my desk but it

12   was dated last week.

13           MR. TOWNSEND:   Yes.  We mailed

14   the letter one day last week I am sure.

15           MR. OLD:   That is pretty slow

16   compliance to a letter of discovery right down to the

17   point of being surprised and her being -- not being a

18   witness in this case or listed as one is one that I have

19   made decisions on as voir diring the jury, the extent

20   that I would voir dire them on certain things.

21           I am entitled to rely on their witnesses

22   that they designate them.

23           Our original discovery motions which

24   were filed months ago requested whether or not there had

25   been a deal made.  That puts a different light on how we

1    are going to go forward, not only in selecting a jury,

2    voir diring the jury on the law that applies to such

3    witnesses commonly known as the "Accomplice Witness Rule"

4    and we had not anticipated doing that.

5                    It also puts our anticipated trial plan

6    into a different light and it appears to me that the

7    State, having made a deal several weeks ago and not

8    informing us until last week has surprised us with that

9    information and that we are not playing on level playing

10   field and this is an unfair tactic and we would request

11   that if this trial is going to go forward without recess

12   then the name of Tonya Fulfer be struck from the Witness

13   List and they be ordered not to call her as a witness.

14                    THE COURT:  Mr. Townsend, has

15   Miss Fulfer pled guilty yet?

16                    MR. TOWNSEND:  No.

17                    THE COURT:  Do you have any

18   agreement in writing between you, her attorney and her?

19                    MR. TOWNSEND:  I believe we

20   did -- yes.  We do.

21                    THE COURT:  When was that

22   agreement reduced to writing and signed by all parties?

23   When did you get the last signature on the agreement?

24                    MR. TOWNSEND:  I think I wrote

25   a letter to Mac Cobb, it has been maybe a couple of

months ago and then subsequent to that the letter was just a letter saying this is what we agreed to do. It's not a matter of having signatures on it or anything.

Subsequent to that Mac and I have had verbal conversations where he and I agreed that that would be our agreement. We do not have signatures, it is not reduced to writing, it's just Mac and I have known each other for a long time, I trust his word, he trusts mine. That's the sort of agreement we have. We do not have an agreement in writing where she has signed it or he has signed it or I have signed.

THE COURT: Does the agreement contemplate that Miss Fulfer will enter her plea before or after this trial begins?

MR. TOWNSEND: It will be after -- after this trial is over.

Actually, Your Honor, I don't anticipate using her as a witness but there is some small possibility of that.

THE COURT: With her on the Witness List I certainly think that Mr. Old has a right to request for a continuance.

I'm not going to grant the request to strike her from the Witness List. I have already denied the Motion for a Mistrial.

1            I do believe that since the State has

2    in essence has an ongoing discussion concerning this

3    agreement that the supplementing of the Witness List at

4    this time is not such a great surprise that it works such

5    a hardship on the Defense that we can't go forward but

6    I do believe the Defense has a right to reasonable time

7    to either interview Miss Fulfer or reevaluate their

8    approach on voir dire and for trial.

9            Now, as far as Mr. Stewart is concerned;

10   since the State does not even know where he is I'm not

11   concerned with any recess necessary to find or talk to

12   Mr. Stewart.

13           If Mr. McKinney is -- is in TDC I

14   certainly think that he could be contacted even though

15   you are going to have to go to Huntsville to do it and

16   obviously you will need some time to do that.

17           So what I'm going to do right now is to

18   recess until 1:00 o'clock, at 1:00 o'clock I want both

19   parties, meaning lawyers, back here.

20           In the meantime I want Mr. Townsend to

21   try to find out the whereabouts of Mr. Stewart and Mr.

22   McKinney and find out what they are charged with, what

23   kind of records they have and provide that information

24   to the Defense.

25           I'm not going to order the State right

1   now to divulge the contents of the testimony that -- the

2   testimony that the State intends to elicit, I would

3   request that Mr. Townsend reveal that information if he

4   thinks he can do so without jeopardizing his case.  If

5   Mr. Townsend will not reveal the incident that Mr.

6   Stewart and Mr. McKinney will testify about then I will

7   order Mr. Townsend to so inform the Court in an in-camera

8   hearing out of the Defense's presence.

9            Mr. Townsend?

10           MR. TOWNSEND:  Your Honor, Mr.

11  Old has an Offense Report that would indicate what their

12  testimony would be, if he does not have that I would be

13  glad to provide that.

14           Do you recall the situation I'm talking

15  about?

16           MR. OLD:  Well, I have got

17  about three spiral notebooks full of discovery material

18  and I will be honest with the Court, I think I know what

19  he's talking about but I'm not sure.

20           THE COURT:  Let's get a copy

21  of the Offense Report and tender it to Mr. Old either in

22  the afternoon or in the morning so he can be fully

23  apprised of the incident that these two witnesses will

24  reveal in Court.

25           Now, back to the length of the delay,

1    at 1:00 o'clock today, Mr. Old, I want you to tell me

2    whether you are ready to proceed or whether you are going

3    to need some more time and if so how much time do you

4    think you will need.

5                    MR. OLD:   Your Honor, may I

6    indulge the Court?

7                    There was another thing submitted to me,

8    I want to make an objection on it, I think it would

9    probably be best to take it up at this time.

10                   THE COURT:   You may proceed.

11                   MR. OLD:   This morning at

12   around 10:00 o'clock prior to our 10:30 setting I

13   received from Mr. Townsend a piece of paper entitled

14   "Punishment Evidence."

15                   I would like to have a copy of it marked

16   as "Exhibit 2" and for purposes of the record, Your

17   Honor, can I have a copy of the Witness List or note they

18   tendered me, can I have it marked as "Exhibit 1?"

19                   THE COURT:   You may.

20

21                   (Voir Dire Exhibit Numbers 1 and 2 were

22   marked for identification.)

23

24                   MR. OLD:   Your Honor, we would

25   offer Exhibits 1 and 2 at this time and ask they be

1    received.

2                       THE COURT:  Mr. Townsend?

3              MR. TOWNSEND:  No objection.

4                       THE   COURT:     Both   of   the

5    exhibits are admitted as Voir Dire Exhibits 1 and 2.

6

7              (Voir Dire Exhibit Numbers 1 and 2 were

8    received in evidence.)

9

10                      MR. OLD:  Your Honor, what I

11   was   told   about   this   document,   it   purports   to   be

12   extraneous offenses which the State intends to offer at

13   the punishment phase of this trial.

14                      By our discovery motion filed February

15   7th of this year a written specification of all prior

16   misconduct and evidence of extraneous offenses which the

17   State   intends   to   use   against   the   Defendant   which

18   specification should include the date, time, place and

19   nature of such misconduct and/or extraneous offenses in

20   order to fully apprise and notify the Defendant of all

21   such evidence and thus present opportunity to challenge

22   if   a   challenge   is   relevant   as   to   materiality   and

23   probative value to trial and to prepare a defense as to

24   such State's evidence.

25                      That order was granted by Judge Thorpe

1    5/18/94, his order is handwritten at the bottom of the

2    motion if I am reading it correctly and if Mr. Townsend

3    wants to read over my shoulder and correct me that's

4    fine, Judge.

5              "Granted by agreement."

6              Richard, I do not understand the

7    abbreviation.

8              THE COURT: Let me locate that

9    order.  I am familiar with Judge Thorpe's handwriting,

10   maybe I can decipher it, maybe we can find it in this

11   file.

12             MR. OLD: I think it's "If the

13   State seeks to object to any probative item, must bring

14   it to attention of Court within two weeks of this order.

15   If State's response to request is that no such evidence

16   exists or is not in their possession such notation should

17   be made."

18             THE COURT: Go off the record.

19

20             (Off the record discussion.)

21

22             THE COURT: Let's get back on

23   the record.

24             The Court  is in the process of

25   reviewing the Motion for Discovery, I want the record to

1  reflect -- I'm sure the record will reflect that Judge

2  Thorpe was originally assigned to hear this case and

3  because of a personal tragedy that occurred in Judge

4  Thorpe's family he asked to be removed from this case

5  shortly after the time I think that most of these orders

6  were entered.

7  After that occurred I was assigned to

8  this case and the first appearance I made was last

9  Thursday which would have been October the 6th.

10  I have reviewed the file but I'm not

11  familiar with each and every order, the way I view the

12  order of May 18th the State has two weeks from May 18th

13  to object to Judge Thorpe's ordering the State to reveal

14  the information requested in the Motion for Discovery and

15  Inspection of Evidence.

16  I do not see anything in writing from

17  the State so I assume the State does not have an

18  objection to revealing whatever is ordered to be revealed

19  by that motion.

20  So we get down to the question of

21  whether or not there has been an adequate or sufficient

22  time and notice given to the Defense.

23  Now, Mr. Townsend, do you have any

24  statement you wish to make concerning where you are in

25  revealing to Mr. Old all of the evidence that you have

1    been ordered to reveal?

2              In other words, do we have more

3    surprises?  Do we have anymore evidence that has not been

4    tendered that you anticipate tendering or delivering?

5              MR. TOWNSEND:  Nothing more

6    than that I anticipate that letter there I think would

7    be the punishment evidence so far as extraneous offenses,

8    bad acts, and I would say that I believe when I -- I may

9    have only supplied Mr. Old with that list this morning,

10   I have supplied him with Offense Reports and Officer's

11   Reports and that sort of thing that relate to those

12   incidents and those were supplied to him a good while

13   ago other than maybe a couple of items that have been

14   maybe occurred in the last few weeks and they were

15   supplied to him as quickly as I got them.

16             That's the formalized list of things,

17   I handwrote that out yesterday, gave it to him this

18   morning and I will get a formal list, letter on this

19   later but the actual instances themselves he has had

20   knowledge of for quite some time.

21             THE COURT:  Mr. Old, do you

22   have any other motions or objections to any of the

23   proceedings or failure to comply with orders?

24             MR. OLD:  Not to my knowledge

25   at this time, Your Honor.

1      THE COURT:  We are going to
2  recess until 9:00 a.m. tomorrow morning.
3      This afternoon first I want the District
4  Clerk to release our jurors for today, I want them
5  rescheduled for tomorrow morning which means you are
6  going to have to reschedule tomorrow morning.
7      Tomorrow morning we will meet, whether
8  we proceed or not will depend on what happens this
9  afternoon.
10      Mr. Townsend, this afternoon I want you
11  to prepare a formal written letter to Mr. Old complying
12  with the Motion for Discovery and telling him what
13  evidence you do or do not anticipate to use in the guilt
14  or punishment phase of the trial.  This is in the order,
15  it was Judge Thorpe's order, I just want compliance to
16  it.
17      You have waived any objection by not
18  objecting so comply with that order by tomorrow morning
19  by 9:00 a.m.
20      Mr. Old, you have the information
21  concerning the three witnesses that have been added to
22  the Witness List, I'm not going to order the State to
23  delete those witnesses from the Witness List.
24      Tomorrow morning I will hear from you
25  as to what time, if any you need to prepare your voir

1    dire to cover those three witnesses.

2            If you have in good faith a need for

3    more time I will grant you more time, if you don't then

4    I intend to proceed tomorrow morning.

5            Does either side have an objection to

6    the Court's order and ruling?

7                        MR.  TOWNSEND:    I  have  no

8    objection, Your Honor.

9            Just for clarification, though; what

10   -- the punishment evidence, I -- I think I'm clear on

11   what you want me to do so far as -- and I think Bird

12   knows, he has been straight forward about it, I think he

13   knows what the punishment evidence is.  I have no problem

14   preparing that.

15           What is the Court requiring me to

16   prepare in the way of detailing to Mr. Old what the guilt

17   or innocence phase of the trial is going to be like?

18                        THE COURT:  Let me go back to

19   that order.

20

21                     (Off the record discussion.)

22

23                        THE  COURT:    Back  on  the

24   record.

25           I have pieced together what I believe

1    is the Motion for Discovery, Production and Inspection

2    of Evidence No. 1 filed on February 7th, 1994.  I have

3    provided a copy of that motion and order to both the

4    State and Defense.

5          Mr. Townsend, I want you to be prepared

6    at 9:00 in the morning to either comply with this motion

7    in writing with a letter handed to Mr. Old together with

8    all of any relevant documents requested or I want you to

9    be prepared to state into the record the fact that you

10   do or do not have such evidence requested and to detail

11   the evidence on the record.

12         I will leave it up to you as to which

13   way you wish to proceed.

14         If you have any printed documents that

15   will be made part of this case that are covered by that

16   motion make copies of those written documents for Mr. Old

17   to review.  If you believe that any of the inquiries have

18   to do with work product then we will take up tomorrow

19   morning.  I think if such an objection happens to arise,

20   and I realize, Mr. Old, that Judge Thorpe stated he must

21   object within two weeks but I will entertain an objection

22   concerning work product if there is a possible work

23   product problem.

24         And Mr. Townsend is shaking his head so

25   I anticipate that will not come up.

1          Now then, Mr. Townsend, are you clear

2   on what I want tomorrow?

3                        MR. TOWNSEND:  I believe I am.

4                        THE COURT:   Mr. Old, do you

5   have anymore requests for today?

6                        MR. OLD:   No.

7                        THE COURT:  Mr. Hinson, do you

8   have any requests?

9                        MR. HINSON:   No.

10                       THE COURT:   Then we are in

11  recess.

12

13                  (Record closed for October 11th, 1994.)

14

15                  (Whereupon Court was recessed until 9:00

16  a.m., October 12th, 1994.)

17

18

19                            *****

20

21

22

23

24

25

STATE OF TEXAS          §
                        §
COUNTY OF TITUS         §

        I, Lloyd E. Billups, CSR #149 and Official Court Reporter in and for the 76th Judicial District, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings in the above-styled and numbered cause, all of which occurred in open court or in chambers on October 11, 1994 and were reported by me.

        I further certify that this transcription of the record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

        WITNESS MY HAND this 31ST day of January, 1995.

_____
LLOYD E. BILLUPS, CSR #149 & OFFICIAL COURT REPORTER
76TH JUDICIAL DISTRICT, STATE OF TEXAS

Certification Number of Reporter:   149

Expiration Date of Certification:   12/31/96

Business Address:   Drawer 1868
                    Mt. Pleasant, Texas 75456-1868

Telephone Number:   903/577-6735

Transcribed By:   Tandra K. Gibson