| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| BILLY JOE WARDLOW, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:04-CV-408 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

## **ORDER OF TRANSFER**

Petitioner Billy Joe Wardlow ("Wardlow"), a Texas death row inmate, is set for execution on July 8, 2020. Wardlow has filed a document purporting to be a motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure (#49). In connection with this, Wardlow also seeks a stay of his execution (#50). The Director has filed a response in opposition to both motions (#51). Wardlow has filed a reply to the Director's response (#52). Because Wardlow's Rule 60(b)(6) motion appears actually to be a successive petition—that this court lacks jurisdiction to consider—it is transferred to the United States Court of Appeals for the Fifth Circuit along with the motion to stay.

### Background

On February 11, 1995, Wardlow was convicted and sentenced to death for the murder of 82-year-old Carl Cole during the course of a robbery or attempted murder. The Texas Court of Criminal Appeals ("CCA") affirmed the conviction and sentence on direct appeal. *Wardlow v. State*, No. 72,102 (Tex. Crim. App. Apr. 2, 1997) (not designated for publication). Wardlow did not file a petition for a writ of certiorari in the Supreme Court of the United States.

On July 21, 1997, the state trial court conducted a hearing to determine whether Wardlow desired the appointment of counsel to assist him in filing an application for a writ of habeas corpus. Prior to the hearing, however, Wardlow contacted the CCA "asking [the court] to refrain from appointing him counsel for habeas and to immediately set an execution date for him." *Ex parte Wardlow*, No. 58,548-01, slip. op. at 2 (Tex. Crim. App. Sept, 15, 2004).[1] Wardlow appeared at the hearing in person and through his attorney, James Clark, and indicated that he did not want appointed counsel and did not desire to pursue further appeals. Director's Supplemental Brief (#32), Exhibit 1. Wardlow—whom the trial judge explicitly found to be competent—voluntarily and intelligently waived his right to appointed counsel and his right to proceed *pro se* in open court. *Id.* at 18. The presiding judge, Judge Gary Stephens, memorialized his findings in writing on September 2, 1997, and thereafter forwarded them to the CCA.

More than two months after appearing in open court and waiving his right to counsel and to pursue further appeals, Wardlow "entered into a legal representation agreement with attorney Mandy Welch on September 25, 1997, in which she agreed to notify the appropriate courts that [Wardlow] did, in fact, wish to pursue his post-conviction remedies." *Ex parte Wardlow*, slip. op. at 2. The trial court confirmed that Wardlow wanted to pursue his post-conviction remedies, and the CCA appointed Welch to represent him. *Id.* The CCA imposed a deadline of July 20, 1998, to file a post-conviction application for a writ of habeas corpus. *Id.* Nonetheless, on July 2, 1998, Wardlow once again advised the CCA that he desired "to waive and forego all further appeals." *Id.* The CCA granted Wardlow's request on July 14, 1998. *Id.*

---

[1] The opinion is attached to the original petition (#1) as Exhibit 4.

Despite Wardlow's request and the CCA's decision, counsel filed an application for a writ of habeas corpus on July 20, 1998. The application included a statement from Wardlow, dated July 20, 1998, indicating that he had changed his mind again and was authorizing counsel to file an application for a writ of habeas corpus.[2] Notwithstanding Wardlow's newly asserted statement that he wished to pursue collateral relief, in an order dated September 15, 2004, the CCA addressed his habeas corpus application as follows:

> On July 2, 1998, this Court again received correspondence from [Wardlow] that he wanted to discontinue his appeal. In light of that request, we issued an order granting [Wardlow's] request "to waive and forego all further appeals." *Ex parte Wardlow*, No. 72,102 (Tex. Crim. App. July 14, 1998) (not designated for publication). Despite this order, counsel filed [Wardlow's] habeas application on July 20, 1998, 180 days after the date of her appointment. For reasons stated in the order of July 14, 1998, we dismiss [Wardlow's] post-conviction application for writ of habeas corpus.

*Id.* A motion for rehearing was denied on October 20, 2004.

Wardlow then filed a petition for a writ of habeas corpus with this court on November 23, 2004. The Director filed an answer (#9), and Wardlow sought an evidentiary hearing, which was denied. (##16, 18). The case went dormant until 2016, when the parties agreed that, because of changes to the law, supplemental briefing was necessary. (#22). Both parties then filed supplemental briefing, and this court ultimately denied federal habeas relief on August 21, 2017, finding that the claims were procedurally defaulted and, alternatively, without merit. (##25, 32, 37). *Wardlow v. Director, TDCJ-CID*, No. 4:04cv408-MAC, 2017 WL 3614315 (E.D. Tex. Aug. 21, 2017). Wardlow filed a motion to vacate, alter, or amend the judgment under Rule 59(e)

---

[2] Wardlow's statement is attached to the original petition (#1) as Exhibit 3.

of the Federal Rules of Civil Procedure (#39) reurging his claims. On October 26, 2017, the court issued an order denying his motion (#41).

The Fifth Circuit denied Wardlow's application for a certificate of appealability ("COA"). *Wardlow v. Davis*, 750 F. App'x 374 (5th Cir. 2018). The Supreme Court denied his petition for writ of certiorari. *Wardlow v. Davis*, 140 S. Ct. 390 (Oct. 15, 2019).

Eight days after the Supreme Court denied Wardlow's petition, Wardlow filed a subsequent state habeas application, raising two new claims for relief. Two days after that, the state trial court entered an order setting Wardlow's execution for April 29, 2020. Execution Order, *State v. Wardlow*, No. CR12764 (76th Dist. Ct., Titus County, Tex. Oct. 24, 2019). More than a month later, Wardlow filed in the CCA a suggestion that the Court, on its own motion, reconsider its dismissal of Wardlow's initial habeas application. Wardlow also filed a motion for an order allowing him to withdraw his previous waiver of state habeas proceedings.

On March 12, 2020, Wardlow filed a motion for a stay of his execution in the CCA, pending the disposition of the subsequent application and suggestion to reconsider. Soon thereafter, Wardlow filed a supplemental motion for stay of execution, citing primarily the then-recent COVID-19 pandemic. On April 3, 2020, the State moved to modify Wardlow's April 29 execution date, citing recent decisions by the CCA staying executions due to the pandemic. That same day, the state trial court granted the State's motion and reset Wardlow's execution date for July 8, 2020. Execution Order, *State v. Wardlow*, No. CR12764 (76th Dist. Ct., Titus County, Tex. Apr. 3, 2020).

On April 29, 2020, the CCA issued an order disposing of all Wardlow's pending proceedings. *Ex parte Wardlow*, Nos. WR-58,548-01, WR-58,548-02, 2020 WL 2059742 (Tex.

Crim. App. Apr. 29, 2020) (unpublished). First, it reconsidered its dismissal of Wardlow's initial state habeas application. *Id*. at *1. It then held that, after reviewing the claims presented therein and the record of the case, the claims should be denied. *Id*. Second, it dismissed Wardlow's subsequent habeas application as an abuse of the writ without reviewing the merits of the claims raised. *Id*. at *2. Third, it denied Wardlow's motion and supplemental motion for stay of execution. *Id*.

Wardlow's present motion and accompanying stay of execution was filed on June 18, 2020. (##49, 50). Nearly two months later, Wardlow is arguing that the CCA's reconsideration and denial-on-the-merits of his initial habeas application warrants reopening this court's judgment denying federal habeas relief and staying his execution.

## Pleadings Before the Court

Wardlow's Rule 60(b) motion seeks to reopen the original federal habeas proceedings because the CCA has since reconsidered its dismissal of Wardlow's initial state habeas application and denied it on the merits. (#49). He asserts that this denial-on-the-merits undermines the court's previous determination that his claims were procedurally defaulted, and he should receive a new merits review. He argues that the court erred in conducting an in-the-alternative merits review of his substantive claims after the court determined that his claims were procedurally barred. He further asserts that the following claims are extraordinary circumstances to justify reopening the judgment:

1. Claim V(4): Defendant's counsel provided ineffective assistance in failing to object to the inexpert opinion testimony of the medical examiner concerning the distance from which the murder weapon was fired due to the absence of gunpowder residue.

2. Claim III: The prosecution violated Mr. Wardlow's right to due process by substantially interfering with the choice of Tonya Fulfer to testify for the defense.

    3.    Claim V(A) and (B): Defense counsel provided ineffective assistance by failing to conduct a reasonable investigation of mitigating evidence and investigate the red flags identified by the defense mental health expert that would have led to substantial mitigating evidence and evidence of mental illness.

Based on the above, Wardlow moves to stay his execution.

In her response (#51), the Director asserts that Wardlow's Rule 60(b) motion constitutes a second or successive petition that this court does not have jurisdiction to consider because it has not been authorized by the United States Court of Appeals for the Fifth Circuit in accordance 28 U.S.C. § 2244(b)(3). The Director points out that the court reviewed Wardlow's substantive claim on the merits in the alternative to the finding of procedural default. She notes that the Fifth Circuit held that Wardlow would not have been entitled to an appeal on the merits of his substantive claims and denied an entitlement to a certificate of appealability for the three substantive claims that Wardlow sought to appeal. The Director argues in the alternative that Rule 60(b) relief is not available to Wardlow because the grounds presented would not constitute the extraordinary circumstances required for Rule 60(b) relief. The Director also asserts that the motion is untimely. Finally, the Director argues that a stay of execution is not warranted.

In his reply (#52), Wardlow argues that his motion is not successive, not untimely, and that he has expressed extraordinary circumstances to justify reopening the judgment.

Discussion and Analysis

Wardlow seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which is a "a catchall provision" that allows a court to grant relief from a final judgment for any reason that justifies relief." *In re Edwards*, 865 F.3d 197, 203 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017). "Because of the comparative leniency of the Rule 60(b),

petitioners sometimes attempt to file what are in fact second or successive habeas petitions under the guise of Rule 60(b) motions." *Id*.

A.  Propriety of a Rule 60(b)(6) Motion

The court must first determine whether Wardlow's motion is properly brought under Rule 60 or if it is a successive petition for habeas relief under 28 U.S.C. § 2244. If a petition is a "second or successive petition," a district court cannot consider it without authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(2). *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014). A Rule 60(b) motion is considered "successive" if it raises a new claim or attacks the merits of the disposition of the case. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.), *cert. denied*, 566 U.S. 971 (2012). A Rule 60(b) motion is not successive if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

In *Gonzalez*, the Supreme Court provided guidance on whether a motion filed under Rule 60(b) should be construed as a successive petition under section 2244.

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," FED. R. CIV. P. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A. 2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," FED. R. CIV. P. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A. 1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," FED. R. CIV. P. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A. 7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g.*, *Rodwell*, *supra*, at 71-72; *Dunlap*, *supra*, at 876.

> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11.

545 U.S. at 530-31.

In the present case, Wardlow is attacking the substance of the court's resolution of the claim on the merits. A claim has been resolved on the merits when a federal court has determined that there are no "grounds entitling a petitioner to habeas corpus relief under [] §§ 2254(a) and (d)." *In re Edwards*, 865 F.3d at 204. This contrasts with an allegation "that a previous ruling which *precluded* a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 204 (quoting *Gonzalez*, 545 U.S. at 532 n.4) (emphasis added). That is, a district court only has jurisdiction to consider a Rule 60(b) motion when it ". . . attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Crutsinger*, 929 F.3d at 265 (quoting *Gonzalez*, 545 U.S. at 532)).

Here, Wardlow argues that he has filed a proper Rule 60(b) motion because he is challenging this Court's procedural determination that his claims—under the CCA's initial order of dismissal—were procedurally barred. (#49 at 8-13). Wardlow asserts that the CCA's subsequent decision to reconsider its dismissal and deny the claims on the merits "pulled the ground from under [this] court's earlier judgment[,]" (#49 at 5), and that this constitutes a defect in the integrity of the proceedings sufficient to vest this court with jurisdiction over his motion.

Wardlow, however, proceeded to challenge the court's merits-based findings in his motion. He is correct that this court did find that his habeas claims were procedurally barred but the court's analysis did not stop there. The court found, in the alternative, that Wardlow's habeas claims were without merit. Over half of Wardlow's Rule 60(b) motion is nothing more than a recitation of the merits of his previously-barred claims and his disagreement with this court's resolution of them as an alternative matter. (*See* #49 at 14-29). His only argument for extraordinary circumstances is the assertion that this court's alternative merits analysis was essentially fraudulent, preordained as it was by the court's then-proper imposition of a procedural bar. (*See* #49 at 14) (arguing that "there is reason to doubt 'the quality, extensiveness or fairness' of the court's consideration of the merits of the claims presented by Mr. Wardlow"). And even his argument that this court erroneously denied him an evidentiary hearing is a merits-based attack. *See United States v. Vialva*, 904 F.3d 356, 362 (5th Cir. 2018) (holding that an allegation that the district judge improperly denied requests for an evidentiary hearing was "clearly [a] merits-based attack[]").

This court ruled on the merits of Wardlow's claims as an alternative to the finding that his claims were procedurally defaulted. The court found that his claims were without merit and denied a COA. On review, the Fifth Circuit stated in its per curiam opinion:

> Even if Wardlow could show that the procedural bar is debatable, he would not be entitled to appeal for the additional reason that the merits of his claims are not debatable. The district court also denied the petition on this alternative ground. When assessing the substantive claims, it deferred to the state trial court's factual findings.

*Wardlow v. Davis*, 750 F. App'x at 377. The Fifth Circuit later stated in the same opinion:

9

> That deference to the state court factfinding that our caselaw and AEDPA requires is a big part of why Wardlow cannot meet the COA threshold on his substantive claims. Essentially for the reasons the district court provided when analyzing the merits of Wardlow's claims under that deferential lens, we do not find debatable its resolution of the three substantive claims Wardlow seeks to appeal.

*Id*. at 378. Both this court and the Fifth Circuit have determined that Wardlow received a proper substantive review of his merits-based claims and that a COA did not issue.

Wardlow's Rule 60(b) motion constitutes a second or successive habeas petition. Because the Fifth Circuit has not issued an order authorizing this court to consider a second or successive petition, this court is without jurisdiction to consider it. *In re Sepulvado*, 707 F.3d 550, 556 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013).

The AEDPA vests exclusive authority in the Fifth Circuit to permit the filing of a successive habeas action. Federal procedure allows a district court to transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). A district court may either dismiss the case for lack of jurisdiction or transfer it to the Fifth Circuit. *See In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation omitted).

These concerns are heightened when considering whether to stay an execution. *See, e.g.*, *Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution). The Fifth Circuit has accordingly found that successive death penalty petitions were appropriately transferred for consideration

under section 2244(b)(2). *In re Cathey*, 857 F.3d 221, 223 (5th Cir. 2017) (affirming transfer of successive petition based on *Atkins* in light of *Moore*); *Sepulvado*, 707 F.3d at 557; *Adams*, 679 F.3d at 322. The court finds that it is in the interest of justice to transfer the motion to the Fifth Circuit rather than to dismiss. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (stating that a COA requirement, necessitated by dismissal, presents a judicially inefficient procedural mechanism that would have little practical benefit as compared to transfer).

3.  Motion to Stay

In connection with his motion to obtain Rule 60(b) relief, Wardlow filed a motion to stay his execution (#50). This court's jurisdiction to grant a stay relies upon whether the court has jurisdiction to consider the Rule 60(b) motion. Because the court lacks jurisdiction to consider the Rule 60(b) motion, it also lacks jurisdiction to rule on his motion for a stay. *Sepulvado*, 707 F.3d at 552; *Cooey v. Bradshaw*, 338 F.3d 615, 622 n.3 (5th Cir. 2003); *Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002). It is in the interest of justice to transfer the motion to stay as well. It is therefore

**ORDERED** that Wardlow's Motion for Relief from Judgment pursuant to Federal Rule Civil procedure 60(b) (#49) is a second or successive petition for a writ of habeas corpus and the motion is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit, along with his motion to stay his execution (#50). The Clerk of Court shall transfer the case forthwith and without delay.

SIGNED at Beaumont, Texas, this 30th day of June, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE